# IN THE FEDERAL DISTRICT COURT FOR THE
# DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **James E. Bachman, Adella A. Bachman,** ) | | |
| **Eric J. Bachman, Rachel A. Bachman and** ) | | |
| **Matthew R. Bachman** ) | | |
| **Plaintiffs** ) | 8:19CV-00276 | |
| ) | | |
| **Leaf Supreme Products, LLC. and John Q.** ) | **COMPLAINT** | |
| **Bachman** ) | | |
| **Defendants** ) | | |

1) Plaintiffs. James E. Bachman, Adella A. Bachman, C. Andrew Bachman, Rachel A. Bachman and Matthew R. Bachman are citizens of Douglas County, the State of Nebraska. Eric J. Bachman is a citizen of Denton County, Texas. The Plaintiffs bring this action pursuant to Sections 15(a)(1) through 15(a)(5) of the Fair Labor Standards Act of 1938 (hereinafter FSLA) as amended for back wages, liquidated damages, punitive damages and equitable relief for violations of this Act. Eric J. Bachman also brings this action pursuant to 28 U.S.C. Sections 1332 (a) and (a)(1), 28 U.S.C. Sections 1332(a) and (a)(1). Eric J. Bachman states that the amount in controversy between himself and the named Defendants exceeds $75,000. Jurisdiction of this action is conferred on the court by Section 16(b) of the FSLA (29 U.S.C. Section 216(b), 28 U.S.C. Section 1332(a) and (a)(1) and pendant jurisdiction.

2) Leaf Supreme Products, LLC is a Nebraska limited liability company. It was formed in June of 2016. For all times relevant hereto, John Q. Bachman has owned 66 and 2/3% of the company and at all times relevant hereto had complete access to all books and records of Leaf Supreme Products, LLC. The remaining ownership is owned equally by three minority

1

shareholders who are not a party to this action. For all times relevant hereto, Leaf Supreme Products, LLC, has been engaged in interstate commerce within the meaning of the FSLA.

3) For all times relevant herein, the Plaintiffs have been the only employees of Leaf Supreme Products, LLC. Plaintiffs began working at Leaf Supreme Products, LLC, July 1, 2016. From this date, Leaf Supreme Products, LLC, has failed to make keep and preserve records of its employees' wages and hours as prescribed by Section 11(c) of the FSLA. (29 U.S.C. Sections 211(c), set forth at Code of Federal Regulations (29 C.F.R Part 516).

4) From October 1, 2016 to present, the Plaintiffs were not paid any wages at the specific direction of John Q. Bachman. On August 30, 2016, John Q. Bachman sent an e-mail to James E. Bachman, informing him that no further wages would be paid until there was sufficient cash flow. During this time period, each of the Plaintiffs, with the exception of Matthew R. Bachman, worked a minimum of 50 hours per week. Between August 15, 2016, until September 30, 2016, the Plaintiffs received three paychecks for that approximately 6- week period. This included James E. Bachman, Adella A. Bachman, Eric J. Bachman, C. Andrew Bachman and Rachel A. Bachman. Apart from the payment of wages described herein until the date of this Complaint, Leaf Supreme Products, LLC, has failed to pay any wages. This was done with the full knowledge and consent and at the direction of John Q. Bachman.

5) In addition to the time described in Paragraph 5, from October 15th, 2016 to the date of this Complaint, the Plaintiffs worked a minimum of 50 hours per week.

6) From March of 2017, until the summer of 2017, Eric J. Bachman, C. Andrew Bachman, Rachel A. Bachman and Matthew R. Bachman sold their stock in Disney they had inherited from their grandmother, Marjorie Q. Bachman and gave the proceeds of this sale to their mother, Adella A. Bachman. Adella A. Bachman contributed this money to Leaf Supreme Products, LLC, at various times during 2017. John Q. Bachman had complete access to the books and records at all times relevant herein. He knew of and/or should have known of these advances. On January 2 and 5, 2018, John Q. Bachman told the Plaintiffs that they needed to borrow money from a friend to keep the business in operation. Pursuant to this request, in January, 2018, Adella A. Bachman began borrowing from a third party and contributed this money to Leaf Supreme Products, LLC. The amount she contributed from her children from the

sale of their stock and from the third party to Leaf Supreme Products, LLC totals approximately $325,000.

      7) On August 21, 2018, John Q. Bachman cancelled the insurance of Leaf Supreme Products, LLC, which included the Workers' Compensation Insurance. This insurance was not replaced. In the fall, of 2018, James E. Bachman was contacted by Amanda Phillips of the Nebraska Attorney General's office informing him that the company was being investigated for failing to provide Worker's Compensation insurance. At the time, James E. Bachman was in the process of obtaining new investors to purchase the interests of the owners of Leaf Supreme Products, LLC. In this conversation, James E. Bachman informed Amanda Phillips of these plans and she agreed to delay any enforcement action of the State of Nebraska until the purchase had occurred if the new company obtained the required policy.

      8) On January 17, 2019, John Q. Bachman and the minority shareholders of Leaf Supreme Products, LLC entered into a Memorandum of Understanding (hereinafter MOU) pursuant to the sale of Leaf Supreme Products, LLC, to Contractor Metals, LLC, a Nebraska Limited Liability Company. The MOU stated that Contractor Metals, LLC, would assume all of Leaf Supreme Products' outstanding liabilities as well as that Contractor Metals, LLC, and/or their owners would immediately contribute funds to be used to pay Leaf Supreme Products, LLC's operating expenses from the date of the MOU being signed by all parties. Pursuant to this clause, more than $175,000 was contributed to Leaf Supreme Products, LLC, from January 17, 2019 to date. This money has not been paid back to Contractor Metals, LLC, or its owners. John Q. Bachman was aware that payments would be made under this provision for the benefit and use of Leaf Supreme Products, LLC.

      9) Pursuant to the MOU, John Q. Bachman and/or Tucker Equities, LLC would retain a security interest in the assets of Leaf Supreme Products, LLC. At some point in the past, John Q. Bachman had made a UCC filing on behalf of Tucker Equities, claim full ownership of all the assets of Leaf Supreme Products, LLC. On good faith and belief, the Plaintiffs allege that Tucker Equities, LLC, is a Nebraska Limited Liability Company owned by John Q. Bachman's wife, Kara H. Bachman. On good faith and belief, the Plaintiffs allege that this security interest described herein, was done without the knowledge and consent of the minority shareholders of Leaf Supreme Products, LLC, and therefore is a fraudulent conveyance.

10) Pursuant to the MOU, the closing was scheduled to occur on February 28, 2019. The Nebraska Attorney General's Office had agreed to delay any action regarding the lack of Worker's Compensation Insurance until March 1, 2019. Prior to February 28, 2019, all the interested parties in the sale/purchase of Leaf Supreme Products, LLC, with the exception of John Q. Bachman, had signed the closing documents. On February 27, 2019, John Q. Bachman returned the closing document he had altered. Pursuant to this document, he, via Tucker Equities, was to receive a security interest in all the assets of Contractor Metals, LLC. This security interest in all of the assets of Contractor Metals, LLC, was not part of the original MOU and constituted a material change in the MOU. This change was unacceptable the Contractor Metals, LLC. As a result of this change, the scheduled closing did not occur. John Q. Bachman was the only party to the transaction that failed to sign. Additionally, although the MOU stated it was not legally binding, it also stated that upon the execution of the MOU, Contractor Metals, LLC, would contribute funds to Leaf Supreme Products, LLC, for its benefit. These contributions were made which constitutes consideration. Therefore, the MOU is legally enforceable by Contractor Metals, LLC, and/or Leaf Supreme Products LLC, must make a complete refund of these funds contributed by Contractor Metals, LLC.

11) On March 1, 2019, Amanda Phillips was informed that a closing had not occurred, and she began the process of filing an action in the Worker's Compensation Court for the State of Nebraska. Plaintiffs have been informed that this lawsuit has been filed against Leaf Supreme Products, LLC. At this time, the Plaintiffs cannot yet know the outcome of this case and whether there will be liability imposed against Leaf Supreme Products, LLC. Until this matter has been resolved, Contractor Metals, LLC, cannot close pursuant to the MOU because of the unknown liability.

12) In March 2019, John Q. Bachman informed the Plaintiffs that he intended to close the business. As a result, the Plaintiffs filed a Wage and Hour complaint with the United States Department of Labor. This Department of Labor investigator has completed his investigation and his findings have been referred to their litigation section. John Q. Bachman is aware of the findings of the Department of Labor investigation and is also aware that the Plaintiffs had filed a wage and hour complaint with the United States Department of Labor. At no time, has John Q. Bachman and/or Leaf Supreme Products, LLC made an attempt to repay: the funds contributed

by Eric J. Bachman, C. Andrew Bachman, Rachel A. Bachman or Matthew R. Bachman, funds borrowed by Adella Bachman at his direction or the amounts contributed by Contractor Metals LLC, and/or their owners for the benefit of Leaf Supreme Products, LLC. These funds total approximately $515,000. John Q. Bachman's total contribution is $463,000. For all amounts listed herein, John Q. Bachman, knew or should have known these funds were contributed for the use of Leaf Supreme Products, LLC.

13) From March 1, 2019 to the date of this lawsuit, the Plaintiffs continued to work at Leaf Supreme Products, LLC, without compensation. They continue to work because they do not want the business to close. They have put too much time, effort, and money into this business to walk away from it without full compensation from their efforts, repayment of their loans obtained for the use of Leaf Supreme Products, LLC, and the money advanced by Contractor Metals, LLC, and/or their owners. Contractor Metals, LLC, is willing to close pursuant to the MOU depending upon the outcome of the actions by the State of Nebraska and the Department of Labor. If the Plaintiffs ceased working, the business will close. The only person who stands to derive any benefit from this closing is John Q. Bachman.

14) On June 4, 2019, Leaf Supreme Products, LLC, filed a civil action against James E. and Adella A. Bachman seeking to terminate their employment in Leaf Supreme Products, LLC. That if this lawsuit is successful, Leaf Supreme Products will close and the Plaintiffs will not have any opportunity for recovery of their back wages and funds advanced to Leaf Supreme Products, LLC.

## First Cause of Action

### Failure to Pay Wages

15) The Plaintiffs hereby incorporate Paragraphs 1-14 infra.

16) By willfully and knowingly failing to pay wages, the Counter Defendants are in violation of Sections 6 and 15(a)(2) of the FSLA (29 U.S.C. Sections 206 and 215(a)(2).

17) Wherefore Plaintiffs pray for and order of this Court awarding them their back wages, liquidated damages in the amount of the back wages, interest, reasonable attorney fees, costs of this action and for further relieve as deemed just and equitable by this Court.

## Second Cause of Action

### Retaliation

18) The Plaintiffs hereby incorporate Paragraphs 1-17 infra.

19) By filing the lawsuit in Douglas County District Court seeking to terminate James E. and Adella A. Bachman, the Counter Defendants have filed a retaliatory action in violation of Sections 15(a)(3) of the FSLA (29 U.S.C. 215(a)(3). This lawsuit was filed with the full knowledge and consent and at the direction of John Q. Bachman.

20) Wherefore, Plaintiffs pray for an order of this Court awarding them their back wages, liquidated damages in the amount of the back wages, an injunction of the Douglas County District Court action during the pendency of this lawsuit pursuant to FSLA Section 16(b) (29 U.S.C. Section 216(b), punitive damages pursuant to **Shea v. Galaxie Lumber,** 152 F. 3d 729 (7th Cir. 1998), interest, reasonable attorney fees, costs of this action and for further relieve as deemed just and equitable by this Court.

### Third Cause of Action

### Unjust Enrichment

21) Plaintiffs hereby incorporate Paragraphs 1-20 infra.

22) This Court has jurisdiction over this matter pursuant to pendant jurisdiction.

23) At all times relevant hereto, John Q. Bachman knew or should have known of the amounts the Plaintiffs and Contractor Metals, LLC, were contributing to Leaf Supreme Products at his direction and for his company's benefit. John Q. Bachman also knew or should have known that the amounts contributed by Contractor Metals would not have been advanced if he

had altered the MOU instead of the final agreement to give him a security interest in all the assets of Contractor Metals, LLC. By insisting that John Q. Bachman receive a security interest in all the assets of Contractor Metals, he was materially changing the terms of the MOU and as a result, the contract could not close.

24) By seeking to terminate James E. Bachman and Adella A. Bachman, the Counter Defendants know or should know that this business will cease operation.

25) Wherefore, Plaintiffs pray for an order of this Court awarding them their amounts they have contributed to Leaf Supreme Products, LLC, interest and for further relief that this Court deems just and equitable.

WHEREFORE, Counter Plaintiffs, on behalf of themselves request:

1) Judgment against Defendants in the amounts respectively due plaintiffs for overtime compensation, minimum wages, and liquidated damages (or interest, as the court may determine), according to proof;

2) Award to plaintiffs of costs of this action under the provisions of the Fair Labor Standards Act of 1938, as amended;

3) Allowance to plaintiffs of reasonable attorney's fees for the prosecution of this action;

4) For punitive damages pursuant to **Shea v. Galaxie Lumber,** 152 F. 3d 729 (7th Cir. 1998),

5) Such other and further relief as the court deems just and proper.

Wherefore Plaintiffs Demand Trial by Jury

Dated this 24th day of June, 2019

/s/ James E. Bachman

James E. Bachman #16194

4526 South 140th Street

Omaha, NE 68114

402-979-4591

jebachman@msn.com

James E. Bachman, Pro Se, Attorney of Record for

Adella A. Bachman

**Certificate of Service**

Comes Now, the undersigned counsel and states that on June 24, 2018, a copy of the Complaint was sent via e-mail to:

Raymond R. Aranza

Walentine O'Toole, LLP

11240 Davenport Street

Omaha, NE 68154

E-Mail: raranza@womglaw.com