# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, and MATTHEW R. BACHMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC,<br><br>    Defendants. | 8:19CV276<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Preliminary Injunction, Amended Motion for Preliminary Injunction, Motion for Preliminary Injunction, and Second Amended Motion for Preliminary Injunction, ECF Nos. 2, 7, 8, and 9, filed by Plaintiffs James, Adella, Eric, Rachel, and Matthew Bachman. Defendant Leaf Supreme Products, LLC (Leaf Supreme) filed a response, captioned a "Motion to Deny Request for Injunctive Relief." ECF No. 5. For the reasons stated below, the motions for preliminary injunctive relief will be denied; Leaf Supreme's motion will be denied as moot, and the parties will be ordered to show cause as to why this case should not be stayed pending the resolution of parallel state court proceedings.

## BACKGROUND

The following facts are based on the pleadings, evidence, and arguments submitted in support of the parties' various Motions.

Leaf Supreme is a Nebraska limited liability company formed in June 2016. Defendant John Q. Bachman[1] is a member and majority owner of Leaf Supreme. The remaining members are three minority shareholders who are not parties to this action. Plaintiffs have been Leaf Supreme's only employees. Plaintiffs assert that from October 1, 2016, to present, they have not been paid any wages. Plaintiffs allege that John Q. Bachman ordered that no wages would be paid until Leaf Supreme had sufficient cash flow. Plaintiffs claim that during the relevant period, each of them worked over 50 hours per week.

On January 17, 2019, the shareholders of Leaf Supreme entered into a Memorandum of Understanding (MOU) to sell Leaf Supreme to Contractor Metals, LLC. Although not specified in the Complaint, Plaintiffs appear to own or be closely associated with Contractor Metals. Contractor Metals agreed to assume Leaf Supreme's liabilities and agreed to immediately contribute funds to pay Leaf Supreme's operating expenses. The sale was set to close on February 28, 2019. Due to disagreements about John Q. Bachman's security interests in Contractor Metals' assets, the sale did not close.

In March 2019, John Q. Bachman informed Plaintiffs that he intended to close Leaf Supreme. Plaintiffs filed a wage and hour complaint with the United States Department of Labor. From March 1, 2019, to July 3, 2019, Plaintiffs continued working at Leaf Supreme to prevent it from closing because they had loaned more than $500,000 to Leaf Supreme.

---

[1] John Q. Bachman has not appeared in this action. It is unclear whether Plaintiffs have served him with any of their Motions.

On June 6, 2019, Leaf Supreme filed an action in the District Court of Douglas County, Nebraska, Case No. CI 19-4497 (the "State Court Action"). In the State Court Action, Leaf Supreme asserted that James and Adella Bachman did not have permission to continue to act as employees or managers in Leaf Supreme's operations. On June 14, 2019, Leaf Supreme obtained a temporary restraining order (the "TRO") in the State Court Action, enjoining James and Adella Bachman from conducting business on Leaf Supreme's behalf and requiring them to turn over their keys and allow Leaf Supreme's owners to enter Leaf Supreme's premises. State Court Order at 1-2, ECF No. 5, PageID.77-78.

On June 17, 2019, James and Adella Bachman removed the State Court Action to this Court, asserting federal question jurisdiction because the State Court Action was "a retaliatory labor action . . . in violation of the Fair Labor Standards Act." *Leaf Supreme Products, LLC v. Bachman et al.*, Case No. 8:19-cv-00261, ECF No. 1 (D. Neb. Jun. 17, 2019). The Court remanded the case because the State Court Action itself asserted no federal question and the parties lacked diversity of citizenship. *See id.*, ECF Nos. 11, 17.

On June 25, 2019, Plaintiffs filed this action. Plaintiffs assert three causes of action. First, they allege Defendants failed to pay wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206 and 215(a)(2). Second, they allege the State Court Action is a retaliatory action in violation of the FLSA, 29 U.S.C. § 215(a)(3). They seek back wages and other damages for both FLSA claims. Third, they allege unjust enrichment based on Defendants' alleged breach of the MOU after Contractor Metals contributed funds for Leaf Supreme's operation.

According to Plaintiffs, the Douglas County District Court re-entered the TRO on July 3, 2019. In their pending Motions, the Plaintiffs seek to enjoin "the Douglas County District Court (CI 19-4497) until this lawsuit has been completely adjudicated." ECF No. 7, PageID.82. Plaintiffs also request that the Court "[r]etain the Plaintiffs to control of Leaf Supreme," place the parties in the position they were in prior to the State Court Action, prohibit further retaliatory action, and impose sanctions for Defendants' alleged failure to release funds held by Security National Bank. Plaintiffs request an emergency hearing.

The Court has reviewed the pleadings, evidence, and the parties' arguments, and concludes that a hearing on this matter is unnecessary at this time and that the motions appearing at ECF Nos. 8 and 9 should be denied.

## DISCUSSION

### I. Preliminary Injunction

Courts in the Eighth Circuit apply the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*), when determining whether to issue a preliminary injunction or temporary restraining order. Those factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* "No single factor is determinative." *WWP, Inc. v. Wounded Warriors, Inc.*, 566 F. Supp. 2d 970, 974 (D. Neb. 2008). "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

As a threshold matter, Plaintiffs' request to enjoin the Douglas County District Court is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). No statute permits an injunction nor has this Court entered a judgment. Accordingly, the Court cannot enjoin the Douglas County District Court.

Further, Plaintiffs have not addressed any of the *Dataphase* factors and have demonstrated no legal basis for an injunction. "The absence of irreparable injury is by itself sufficient to defeat a motion for a preliminary injunction." *Chlorine Inst., Inc. v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015) (quoting *DISH Network Serv. L.L.C. v. Laducer*, 725 F.3d 877, 882 (8th Cir. 2013)). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Grasso Ents., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1040 (8th Cir. 2016) (quoting *Gen Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009)). Thus, "economic loss, on its own, is not an irreparable injury so long as the losses can be recovered." *Chlorine Inst.*, 792 F.3d at 915 (quoting *DISH Network*, 725 F.3d at 882). A mere possibility of irreparable harm is insufficient to justify a preliminary injunction. The movant must "demonstrate that irreparable [harm] is *likely* in the absence of an injunction." *Sierra Club v. U.S. Army Corps of Eng'rs*, 645 F.3d 978, 992 (8th Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original).

Plaintiffs' principal argument at this stage is that Defendants have breached the MOU. Plaintiffs allege that the MOU became binding when Plaintiffs provided funding to support Leaf Supreme's continued operations; and, under the MOU, Plaintiffs were entitled to operate Leaf Supreme. Plaintiffs allege that if Leaf Supreme closes, Plaintiffs will lose their back wages and more than $500,000 in contributions to the company. ECF No. 7, PageID.82. By Plaintiffs' own assertion, these losses are compensable with money damages. Plaintiffs have not sufficiently identified any other basis for granting a preliminary injunction. Accordingly, even if the MOU is enforceable, Plaintiffs failed to demonstrate a threat of irreparable harm and there is no basis for a preliminary injunction.

## II. Abstention

Although not directly addressed by either party, the Court must consider whether it should abstain from deciding some or all claims in this case until the State Court Action has been resolved. In *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the Supreme Court outlined principles that govern federal abstention due to pending state court proceedings. The Court stated that "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction[.]" *Id.* at 817. (citation and quotation marks omitted). This rule "stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* For this reason, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id.* at 818.

With these principles in mind, the Court recognizes the significant similarities between Plaintiffs' unjust enrichment claim and the allegations in the State Court Action. To determine whether *Colorado River* Abstention applies, the Eighth Circuit has explained that, as a threshold matter, courts must determine whether there are pending parallel state and federal proceedings. *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009). Proceedings are parallel when "substantially similar parties are litigating substantially similar issues in *both* state and federal court." *Id.* at 535. (emphasis in original). A substantial similarity exists "when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id.* "This analysis focuses on matters as they currently exist, not as they could be modified." *Id.* In the Eighth Circuit, "jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings." *Id.*

There is no doubt that Plaintiffs' unjust enrichment claim in this case is parallel to the State Court Action. There is a substantial likelihood that the State Court Action will fully dispose of Plaintiffs' unjust enrichment claim, and potentially their FLSA retaliation claim. Plaintiffs' principal argument in their motions for preliminary injunctive relief is that the MOU is enforceable and that under the MOU, Plaintiffs are entitled to assume control of Leaf Supreme. In the State Court Action, Leaf Supreme asserts that Plaintiffs do not have any right to operate Leaf Supreme. In sum, the ownership and control issues in both cases are precisely the same and can be fully disposed of in the State Court Action. Plaintiffs apparently recognize that the cases are parallel because their motions for preliminary injunction essentially ask the Court to undue the actions of the Douglas County District Court.

The Court recognizes, however, that Plaintiffs' FLSA claims may not be addressed by the State Court Action. Plaintiffs assert that they have not been paid wages since October 1, 2016, and that the State Court Action constitutes retaliation under 29 U.S.C. § 215(a)(3). Defendants have not addressed whether the State Court Action would fully dispose of Plaintiffs' FLSA claims or whether abstention is appropriate. However, given the nature of the parties' arguments and evidence to this point, the Court will order that the parties (1) show cause as to why Plaintiffs' unjust enrichment claims should not be dismissed given the pending State Court Action, and (2) address whether Plaintiffs' FLSA claims should be stayed pending resolution of the State Court Action.[2] The Court advises the parties that in determining whether *Colorado River* abstention applies, courts consider six, non-exhaustive factors:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority—not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Fru-Con*, 574 F.3d at 534. Accordingly, the Court will require the parties to address whether this case and the State Court Action are parallel actions and how each of the above factors applies.

IT IS ORDERED:

---

[2] It is also unclear whether Plaintiffs' pending wage and hour complaint to the Department of Labor affects the Court's ability to address their FLSA claims.

1. The Motion for Preliminary Injunction, Amended Motion for Preliminary Injunction, Motion for Preliminary Injunction, and Second Amended Motion for Preliminary Injunction, ECF Nos. 2, 7, 8, and 9, filed by Plaintiffs James, Adella, Eric, Rachel, and Matthew Bachman, are denied;

2. Defendants' Motion to Deny Request for Injunctive Relief, ECF No. 5, is denied as moot; and

3. On or before July 19, 2019, Plaintiffs shall show cause why this action should not be dismissed in whole or part, or why it should not be stayed in whole or part pending disposition of the State Court Action; and within 14 days of Plaintiffs' filing the Defendants may file a response.

Dated this 8th day of July 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge