IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, and MATTHEW R. BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC,<br><br>Defendants. | 8:19CV276<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Preliminary Injunction, ECF No. 14, and Amended Motion for Temporary Restraining Order, ECF No. 16, filed by Plaintiffs James, Adella, Eric, Rachel, and Matthew Bachman. The motions are Plaintiffs' fifth and sixth attempts to obtain preliminary injunctive relief. The motions will be denied because Plaintiffs failed to demonstrate a threat of irreparable harm.

**BACKGROUND**

The Court's Memorandum and Order (the "Previous Order") dated July 8, 2019, contains a full recitation of the factual allegations and procedural history of this case. The facts recited in the Previous Order are incorporated into this Memorandum and Order and the Court provides the following by way of review:

Leaf Supreme is a Nebraska limited liability company. Defendant John Q. Bachman is a member and majority owner of Leaf Supreme. Plaintiffs have been Leaf Supreme's only employees. Plaintiffs assert that from October 1, 2016, to present, they have not been paid any wages. Plaintiffs allege that John Q. Bachman ordered that no

wages would be paid until Leaf Supreme had adequate cash flow. Plaintiffs claim that during the relevant period, each of them worked over 50 hours per week.

On January 17, 2019, the shareholders of Leaf Supreme entered into a Memorandum of Understanding (MOU) to sell Leaf Supreme to Contractor Metals, LLC. Plaintiffs allege they own or are closely associated with Contractor Metals. The sale was set to close on February 28, 2019; however, the sale did not close. In March 2019, John Q. Bachman informed Plaintiffs that he intended to cease operations of Leaf Supreme. Plaintiffs filed a wage and hour complaint with the United States Department of Labor. From March 1, 2019, to July 3, 2019, Plaintiffs continued working at Leaf Supreme to prevent it from closing because they had loaned more than $500,000 to Leaf Supreme.

On June 6, 2019, Leaf Supreme filed an action in the District Court of Douglas County, Nebraska, Case No. CI 19-4497 (the "State Court Action"). In the State Court Action, Leaf Supreme asserted that James and Adella Bachman did not have permission to continue to act as employees or managers in Leaf Supreme's operations.

After unsuccessfully attempting to remove the State Court Action to this Court, Plaintiffs filed this action. Plaintiffs assert wage violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206 and 215(a)(2), and allege the State Court Action is a retaliatory action in violation of the FLSA, 29 U.S.C. § 215(a)(3). They seek back wages and other damages for both FLSA claims.

On July 29, 2019, the Douglas County District Court entered a preliminary injunction in the State Court Litigation against the Plaintiffs. The court enjoined Plaintiffs in this case from conducting business, incurring debts, and using any funds on behalf of

2

Leaf Supreme. In granting Leaf Supreme's motion for preliminary injunction, the court reasoned that enforcement of the MOU posed a threat of irreparable harm to Leaf Supreme, and that Plaintiffs' potential remedies for breach of the MOU, if any, were measurable as money damages. Plaintiffs again seek an order from this Court overturning an order in the State Court Litigation.

## DISCUSSION

### I. Preliminary Injunction

Plaintiffs initially argued that the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*), do not apply to this case. *See* Pl. Br. at 2, ECF No. 11 ("The *Dataphase Sys, Inc.*, case involved an anti-trust violation. This four-factor test applies to an anti-trust actions. It does not apply to a FSLA violation with identifiable retaliation."). Yet, in a later brief, Plaintiffs recite the *Dataphase* factors in support of their motion. *See* Pl. Br. at 5, ECF No. 15. Regardless, when determining whether to issue a preliminary injunction or temporary restraining order, the Court must consider: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc.*, 640 F.2d at 114.

For the same reasons stated in the Court's previous order, Plaintiffs fail to identify a threat of irreparable harm adequate to support a TRO or preliminary injunction. Plaintiffs' only argument in support of their several motions is that their FLSA claims somehow depend on the enforceability of the MOU. Yet Plaintiffs' FLSA claims arise, if at all, out of the employer/employee relationship between Leaf Supreme and the

Plaintiffs, not the enforceability of the MOU. As the state court recognized, their employment relationship is "in no way related to the MOU." State Court Order at 5, ECF No. 16-1. Further, if Plaintiffs have asserted valid FLSA claims, those claims are compensable with money damages. Accordingly, there is no threat of irreparable harm and preliminary injunctive relief is not warranted.

## II. Abstention

The Court ordered Plaintiffs to show cause why this action should not be dismissed in whole or part, or why it should not be stayed in whole or part pending disposition of the State Court Action. To determine whether *Colorado River* Abstention[1] applies, the Eighth Circuit has explained that, as a threshold matter, courts must determine whether there are pending parallel state and federal proceedings. *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009). Proceedings are parallel when "substantially similar parties are litigating substantially similar issues in *both* state and federal court." *Id*. at 535. (emphasis in original). A substantial similarity exists "when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Id*. "This analysis focuses on matters as they currently exist, not as they could be modified." *Id*. In the Eighth Circuit, "jurisdiction must be exercised if there is any doubt as to the parallel nature of the state and federal proceedings." *Id*.

The State Court expressed some doubt as to the parallel nature of the state and federal proceedings, stating that Plaintiffs' "wage claims are separate and distinct from the MOU" and Plaintiffs' FLSA damages "can be addressed in the Federal Court wage

---

[1] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

claims." State Court Order at 5, ECF No. 16-1. The Court agrees that Plaintiffs' FLSA claims are legally distinct from the principal issue in the State Court Litigation, *i.e.*, whether the MOU is enforceable. Accordingly, the Court will not abstain from addressing Plaintiffs' FLSA claims at this stage.

Plaintiffs insist, however, that the MOU is somehow determinative of Plaintiffs' FLSA claims. Plaintiffs have failed to provide any evidence or explanation as to how the MOU affected their employment status or their entitlement to wages previously earned. The issues before the Court in this case go to whether Leaf Supreme violated the FLSA by failing to pay wages and/or by retaliating against Plaintiffs. The Court will not address issues properly before the State Court, such as the enforceability of the MOU, nor will it review the State Court's decisions on separate issues. If it becomes clear that Plaintiffs' FLSA claims cannot be addressed without the State Court's decision on the enforceability of the MOU, the Court will revisit whether abstention is appropriate.

Accordingly,

IT IS ORDERED: The Motion for Preliminary Injunction, ECF No. 14, and Amended Motion for Temporary Restraining Order, ECF No. 16, filed by Plaintiffs James, Adella, Eric, Rachel, and Matthew Bachman, are denied.

Dated this 31st day of July 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge