# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>    Defendants. | 8:19CV276<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiffs' Motion for Summary Judgment, ECF No. 27, and Defendants' Motion for Temporary Restraining Order, ECF No. 51. For the reasons stated below, the Motions will be denied.

## BACKGROUND

The Court's previous Orders, ECF Nos. 10, 23, contain a full recitation of the factual allegations and procedural history of this case. The Court provides the following by way of review:

Leaf Supreme Products, LLC ("Leaf Supreme") is a Nebraska limited liability company. Defendant John Q. Bachman is a member and majority owner of Leaf Supreme. Plaintiffs have been Leaf Supreme's only employees. Plaintiffs assert that from October 1, 2016, to present, they have not been paid any wages. Plaintiffs allege that John Q. Bachman ordered that no wages would be paid until Leaf Supreme had adequate cash flow. Plaintiffs claim that during the relevant period, each of them worked over 50 hours per week.

On January 17, 2019, the shareholders of Leaf Supreme entered into a Memorandum of Understanding (MOU) to sell Leaf Supreme to Contractor Metals, LLC. Plaintiffs allege they own or are closely associated with Contractor Metals. The sale was set to close on February 28, 2019; however, the sale did not close. In March 2019, John Q. Bachman informed Plaintiffs that he intended to cease operations of Leaf Supreme. Plaintiffs filed a wage and hour complaint with the United States Department of Labor. From March 1, 2019, to July 3, 2019, Plaintiffs continued working at Leaf Supreme to prevent it from closing because they had loaned more than $500,000 to Leaf Supreme.

On June 6, 2019, Leaf Supreme filed an action in the District Court of Douglas County, Nebraska, Case No. CI 19-4497 (the "State Court Action"). In the State Court Action, Leaf Supreme asserted that James and Adella Bachman did not have permission to continue to act as employees or managers in Leaf Supreme's operations. After unsuccessfully attempting to remove the State Court Action to this Court, Plaintiffs filed this action. Plaintiffs assert wage violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206 and 215(a)(2) and allege the State Court Action is a retaliatory action in violation of the FLSA, 29 U.S.C. § 215(a)(3). They seek back wages and other damages for both FLSA claims. On August 6, 2019, Plaintiffs filed an Amended Complaint, ECF No. 26, and Motion for Summary Judgment, ECF No. 27, on their FLSA claims.

On July 31, 2019, the Court denied Plaintiffs' sixth attempt to obtain a preliminary injunction in this case. ECF No. 23. In its Memorandum and Order, the Court recognized the substantial similarities between this action and the State Court Action.

The Court stated that it would not address the enforceability of the MOU and that it would proceed in this case only on Plaintiffs' claims that Defendants violated the FLSA.

Also on July 31, 2019, the Department of Labor issued its findings on Plaintiffs' wage and hour claim. The Department of Labor found that Leaf Supreme failed to pay wages for hours worked, resulting in underpayments totaling $256,214.50 due to seven employees. ECF No. 52-1 at 1. The Department also found that Leaf Supreme failed to comply with child labor requirements. *Id.* The Department did not assess any fine but advised Leaf Supreme that the Department had notified individuals of their private right to sue. *Id.*

On October 4, 2019, Plaintiff Adella Bachman sent an email to Defendant John Bachman and several of his law partners. In the email, Adella Bachman stated her intent to send to John Bachman's clients and clients of the firm "a copy of the results of the Department of Labor's investigation" and other "other supporting documents" showing John Bachman's intent to violate labor laws. ECF No. 51 at 5, PageID 469. Adella Bachman's email stated that she would send the information on the morning of October 7, 2019.

Also on October 4, 2019, John Bachman attempted to halt Adella Bachman's communication by filing a motion for temporary restraining order in this Court and in the State Court Action. Defendants describe the two motions as "similar." ECF No. 51. After a hearing on October 4, 2019, the Douglas County District Court denied Defendants' motion.

## DISCUSSION

**I. Motion for Summary Judgment**

3

Plaintiffs' Motion for Summary Judgment will be denied because it is premature. "Although discovery need not be complete before a case is dismissed, summary judgment is proper only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006). "The nonmoving party must make a showing, however, that discovery has been inadequate." *Id.*

Defendants have shown that discovery has been "inadequate." Plaintiffs filed their Motion for Summary Judgment on the same day as their Amended Complaint. Defendants' response to Plaintiffs' Motion was due before the deadline to answer the Amended Complaint. Plaintiffs' filings demonstrate that further discovery is necessary to ensure fair disposition of this matter. Accordingly, the Motion for Summary Judgment is denied as premature.[1]

Plaintiffs also failed to comply with this Court's local rules. Specifically, Plaintiffs failed to submit a statement of individually numbered facts which they contest are material and undisputed. *See* NECivR 56.1(b)(1). Further, Plaintiffs' Motion failed to include pinpoint citations to evidence that supported their factual assertions. These deficiencies alone could be grounds for denial of summary judgment. The Court encourages the parties to familiarize themselves with the Court's local rules and the Federal Rules of Civil Procedure before this case progresses through discovery and future motion practice.

## II. Motion for Temporary Restraining Order

Courts in the Eighth Circuit apply the factors set forth in *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (*en banc*), when determining whether to

---

[1] Embedded within Defendants' opposition to Plaintiffs' Motion for Summary Judgment is a request for sanctions, including attorney fees for preparing its opposition. The Court will not order sanctions at this time.

issue a preliminary injunction or temporary restraining order. Those factors are: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Id.* "A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant." *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)).

Defendants have not made any showing that a temporary restraining order is warranted under the *Dataphase* factors. Neither have they identified any legal basis for the extraordinary remedy of a temporary restraining order under the circumstances presented. Defendants' "similar" motion was already denied in the State Court Action. Accordingly their Motion for Temporary Restraining Order will be denied.

IT IS ORDERED:

1. Plaintiffs' Motion for Summary Judgment, ECF No. 27, is denied without prejudice for reassertion after adequate discovery;
2. Defendants' Motion for Temporary Restraining Order, ECF No. 51, is denied; and
3. The Clerk of Court is directed to terminate Plaintiffs' Objection to Motion for TRO, ECF No. 52.

Dated this 7th day of October, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge