IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,

Plaintiffs,

vs.

JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC A Nebraska Limited Liability Co.;

Defendants.

8:19CV276

ORDER

In their Rule 26(f) Report, (Filing No. 26), and during a conference call on case progression held on October 10, 2019, the defendants questioned whether this court has federal jurisdiction over Plaintiffs' claims. This court has previously concluded it lacks diversity jurisdiction over Plaintiffs' claims. Plaintiffs allege their claims arise under the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq, (FLSA), and this court has federal question jurisdiction.

Plaintiffs' complaint alleges Defendants violated the FLSA by failing to pay wages earned. To assert an FLSA claim, Plaintiffs must prove they were 1) "engaged in commerce or in the production of goods for commerce," or 2) were "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C.A. § 206. Defendants request an opportunity to first perform discovery aimed at these threshold issues before embarking on full discovery for this case.

Under the FLSA, and as applied to the business performed by Leaf

Supreme Products, LLC,

> "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that—
>
>> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>>
>> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated). . . .

29 U.S.C.A. § 203(s)(1). Defendants question whether Leaf Supreme Products had at least $500,000 in gross sales for the time period in question and if so, for what portion of that time period.

Plaintiffs' counsel argues the defendants are "an enterprise engaged in interstate commerce." And even assuming they were not, Plaintiffs argue FLSA coverage exists because Plaintiffs "were involved in numerous phases of interstate commerce from designing the products, producing the products through metal roll forming, shipping the products and designing marketing materials used to market Leaf Supreme Product's through interstate commerce." (Filing No. 57, at CM/ECF p. 4).

The FLSA does not afford a basis for recovery of unpaid wages merely because the employee's "activities affect or indirectly relate to interstate commerce." McLeod v. Threlkeld, 319 U.S. 491, 497 (1943). An employee is engaged in commerce when his or her work was "actually in or so closely related to the movement of the commerce as to be a part of it." Id. Employee activities beyond movement in commerce "are governed by the other phrase, production of goods for commerce." Id. "It is not important whether the employer . . . is engaged in interstate commerce. It is the work of the employee which is

decisive." Id.

A fact-intensive inquiry is necessary when determining the threshold issue of whether the defendants, or either of them, are "an enterprise engaged in interstate commerce" and for what time frames, and/or whether plaintiffs, or any of them, were "engaged in commerce or in the production of goods for commerce." Defendants request an initial discovery period focused solely on these initial questions to determine whether as to each plaintiff, and for all or any portion of the time frame alleged, this court has or lacks federal question jurisdiction. Defense counsel believes these issues can be flushed out in less than four months.

The court finds Defendants' request is reasonable and may serve to streamline discovery thereafter by defining the proper scope of the parties' future discovery as to any claims or time frames for which this court has jurisdiction. Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion for reconsideration, (Filing No. 56), is denied.

2) Until further order of the court, the parties' discovery is limited to the issues of whether either or both defendants are "an enterprise engaged in interstate commerce" and for what time frames, and/or whether the plaintiffs, or any of them, were "engaged in commerce or in the production of goods for commerce" and for what periods of time.

3) The discovery described in paragraph 2 of this order shall be completed by January 31, 2020.

4) Any dispositive motion on the threshold issues outlined in paragraph

2 of this order shall be filed on or before February 21, 2020.

5) The clerk shall set an internal case management deadline of February 28, 2020 to check on case progression.

October 18, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge