# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19CV276<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Objection, ECF No. 60, to the Magistrate Judge's Order that appears at ECF No. 59 (the "Order"). In the Order, the Magistrate Judge ordered that, until January 31, 2020, discovery in this case be limited to the jurisdictional issue of whether either defendant is an enterprise engaged in interstate commerce. ECF No. 59 at 3.

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040 (S.D. Iowa 2010) (internal

quotation marks omitted). The standard of review for an appeal of a Magistrate Judge's order on nondispositive matters is extremely deferential. See 28 U.S.C. § 636(b)(1)(A); Shukh v. Seagate Tech., LLC, 295 F.R.D. 228, 235 (D. Minn. 2013).

In the Order, the Magistrate Judge explained that to assert a claim under the Fair Labor Standards Act, 29 U.S.C. § 206, Plaintiffs must prove they were 1) "engaged in commerce or in the production of goods for commerce," or 2) were "employed in an enterprise engaged in commerce or in the production of goods for commerce." Defendants raised questions about whether either of these threshold questions had been satisfied. The Magistrate Judge ordered that discovery be limited to these threshold issues to properly define the scope of the parties' future discovery.

The Magistrate Judge's Order is not clearly erroneous or contrary to law. The Magistrate Judge reasonably limited discovery to resolve threshold issues that may define the Court's jurisdiction in this case. Further, the Magistrate Judge placed a reasonable deadline on the limited discovery. The Order is particularly reasonable given the jurisdictional issues already raised and the relatively extensive motion practice in this case. Accordingly,

IT IS ORDERED: the Objection, ECF No. 60, to the Magistrate Judge's Order that appears at ECF No. 59, is overruled.

Dated this 9th day of December, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge