IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19CV276<br><br>ORDER |

At the initial planning conference, Defendants raised the issue of whether as to each plaintiff, and for all or any portion of the time frame alleged in Plaintiffs' complaint, this court lacks federal question jurisdiction. Specifically, Defendants question whether there is evidence supporting the FLSA requirements set forth in 29 U.S.C.A. § 206. For the purpose of immediately assessing whether Plaintiffs can assert federal claims for unpaid wages, the court has ordered that initial discovery be limited to the following issues: 1) whether the defendants, or either of them, are "an enterprise engaged in interstate commerce" and for what time frames, and/or 2) whether plaintiffs, or any of them, were "engaged in commerce or in the production of goods for commerce" as employees of the named defendants. The deadline for completing this discovery is a January 31, 2020.

Defendants move to continue the deadline for completing jurisdictional discovery. Defendants explain that they have encountered delays in obtaining

relevant information from the Department of Labor, in part due to Plaintiffs' resistance to this discovery. They further explain Plaintiff Eric Bachman objects to attending a deposition in Nebraska, and they have been unable to subpoena records from Contractor Metals, LLC, a business owned by Plaintiffs James Bachman and Adella Bachman, because the Bachmans will not provide a physical address for that business.

Plaintiffs strenuously objected to initial jurisdictional discovery, arguing it would unnecessarily delay resolution of their case. That objection was overruled. In opposing Defendants' motion to continue, Plaintiffs now seek to relitigate whether discovery should be initially limited to the jurisdictional issue. They request a hearing, arguing their operative complaint raises an FLSA retaliation claim which "automatically confers subject matter jurisdiction to a Federal court." ([Filing No. 74](#)).

To establish a prima facie case of FLSA retaliation, Plaintiffs must show: 1) they participated in statutorily protected activity; 2) their employer took an adverse employment action against them; and 3) there was a causal connection between the statutorily protected activity and the adverse employment action. Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011). The initial jurisdictional discovery ordered in this lawsuit bears directly on the first element of Plaintiffs' retaliation claim: Whether there is evidence supporting the requirements of 29 U.S.C.A. § 206 such that Plaintiffs can assert FLSA claims against Defendants. Whether raised as a purported FLSA claim or as an FLSA retaliation claim, if the requirements of 29 U.S.C.A. § 206 are not met, Plaintiffs cannot invoke federal question jurisdiction over their claims for unpaid wages. As such, the court will not revisit its order requiring initial jurisdictional discovery. A hearing will not be held on that issue.

Moreover, the court finds Defendants have attempted to comply with the January 31, 2020 deadline, but their discovery was delayed by the actions and inactions of others. Defendants' motion to continue will therefore be granted.

Plaintiffs are reminded that they requested an expeditious resolution of this case. To the extent they resist discovery or engage in unnecessary motion practice, their own actions are contributing to delays. And if such conduct continues, additional continuances may be necessary.

Accordingly,

IT IS ORDERED:

1) Plaintiffs' objection, ([Filing No. 73](#)), is overruled and their motion for a hearing, ([Filing No. 74](#)), is denied.

2) Defendants' motion to continue, ([Filing No. 72](#)), is granted.

3) The parties' discovery remains limited to the issues of whether either or both defendants are "an enterprise engaged in interstate commerce" and for what time frames, and/or whether the plaintiffs, or any of them, were "engaged in commerce or in the production of goods for commerce" and for what periods of time.

4) The discovery described in paragraph 3 of this order shall be completed by March 2, 2020.

5) Any dispositive motion on the threshold issue of whether this court lacks subject matter jurisdiction shall be filed on or before March 23, 2020.

6) The clerk shall set an internal case management deadline of March

30, 2020 to check on case progression.

January 13, 2020

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge