IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, and MATTHEW R. BACHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>LEAF SUPREME PRODUCTS, LLC AND JOHN Q. BACHMAN,<br><br>Defendants. | CASE NO. 8:19-CV-00276<br><br>DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT |

## **INTRODUCTION**

Defendants file this Motion for Summary Judgment and supporting brief challenging whether this Court has jurisdiction of the Fair Labor Standards Act ("FLSA") claims made in this matter. The limited facts provided in this matter show that the Plaintiffs, led by the patriarch of the family, James Bachman (who also serves as their attorney) wanted to start a business manufacturing gutter protection goods (SOF 6). Plaintiffs wanted to start another gutter guard business as the previous business owned and operated by Plaintiff James Bachman failed. (SOF 12) James Bachman, his wife Adella, and Eric Bachman convinced Defendant John Q. Bachman (John Bachman Declaration para. 6) (IOE 002) to invest in a new business that would be known as Leaf Supreme Enterprises, LLC, ("Leaf Supreme") the other Defendant in this action (SOF 2, 11 & 13). In this Motion, Defendants request the Court decline jurisdiction over this matter for the following reasons:

1. Leaf Supreme is a family owned and operated business that falls within the exception found in 29 USC §203(s)(2).

1

2. That the operations of Leaf Supreme did not generate more that $500,000 in 2016 and 2017. Thereafter, the Plaintiffs are not entitled to relief pursuant to 20 USC §203(s)(1)(A).

3. As concerns Plaintiffs, Rachel A. Bachman and Adella Bachman, they were not involved in the movement of good across interstate lines (SOF 19 and SOF 20) (29 USC §207(a)(2)).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Ridpath v. Pederson*, 407 F.3d 934, 935 (8th Cir. 2005); Fed. R.Civ.P. 56(c).

When presented with a summary judgment motion, the court must decide whether there is a genuine issue of material fact for trial, and may not weigh the evidence and assess the truth of any factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Nunn v. Noodles & Co.*, 674 F.3d 910, 914 (8th Cir. 2012). The facts are viewed in the light most favorable to the nonmoving party. *Nunn,* at 914. The moving party has the burden of demonstrating that the record does not present any genuine disputes concerning material facts. *Gibson v. American Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012). Once the moving party has established that no material issues are genuinely in dispute, the burden then shifts to the non-moving party to present evidence showing that there are specific and genuine questions of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. at 323-24; *Torgerson,* 643 F.3d at 1042.

When a properly supported motion for summary judgment is made "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth

2

specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. at 323-324, (summary judgment serves "to isolate and dispose of factually unsupported claims..."); *Gibson*, 670 F.3d at 853 ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

In the present case, there are no genuine issues as to any material fact, as discussed below. Based on the record, arguments, and authorities, the Defendants request that it be awarded summary judgment as a matter of law.

### **"Mom and Pop" exception under 29 USC section 203(a)(2).**

Subject matter jurisdiction is always a threshold determination." *Am. Telecom Co. LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th 2007). Therefore, it is critical for the Court to examine whether it has subject matter jurisdiction before moving further in this matter.

The FLSA's requirement for minimum wage and overtime pay apply to individuals employed by "an enterprise engaged in commerce or in the production of goods for commerce. 29 USC Sections 206(a), 207(a). The FLSA exempts from the definition of an enterprise "any establishment that has as its only regular employees the owner thereof or the parent spouse, child or other member of the immediate family of such owner." 29 USC Section 203(s)(2).

There is no question that John Bachman helped provide financing for Leaf Supreme to go into business producing gutter protection products. John Bachman did so at the request of the Plaintiffs. In particular James E. Bachman, Adella Bachman and Eric Bachman (SOF 10 & 13). There is no question that John Bachman provided the financing to allow his brother (James

3

Bachman), James Bachman's wife, Adella and their children, Eric, Rachel, Andrew and Matthew to operate this business. (SOF 14). Eric Bachman testified that John Bachman was his "blood". (SOF 10). Andrew Bachman relied on John Bachman to guarantee, and ultimately pay his student loan at TCU (SOF 16). There is no question that, at the time the business began, there were close family ties. It was only after it became apparent that the business would have to close that the Plaintiffs filed their complaint with the Department of Labor alleging violations of the FLSA. (First Amended Complaint, Doc. No. 26, Pg. 7, para. 14).

There is very little case law on this exemption. Federal regulations provide that the term "other member of the immediate family of the owner" could include relationships such as brother, sister, grandchildren, grandparents... . (29 C.F.R. §779.234). Relying on this interpretation, the Court in <u>Ladd v. Jamie Rose Elements DVM, LLC</u>, 2019 WL 6841548 (D.C. S.D. Ohio 2019), found that a fiancé of the owner of the company qualified as a member of the family under this exemption. The Court focused on the close personal connections between the parties to determine whether the employees were part of a "mom and pop" enterprise. The Plaintiffs are not "distant relatives" of John Bachman. They are "blood". They also had a close relationship with "Uncle John" such that he was helping to put some of Plaintiffs through school. (SOF 10 & 16)

## THE $500,000 THRESHOLD

The FLSA requires that that businesses that do not generate annual sales of $500,000 or more, are exempt from the application of the FLSA. In 2016, total sales income for Leaf Supreme was $54,749.00 (SOF 18.a). For calendar year 2017, total sales was $362.069 (SOF 18.b). In both years gross income was well below the $500,000. Only in 2018 did Leaf Supreme meet the threshold by only $47.00.

4

Using the above test, for calendar years 2016 and 2017, this Court has no jurisdiction to determine the claims of these Plaintiffs. See, Lamont v. Frank Soup Bowl, Inc., 2001 WL 521815(S.D.N.Y. May 16, 2001). (The Court dismissed the claim of a former employee of a small New York eatery by failing to show $500,000 in gross sales.

### **Plaintiffs Rachel Bachman and Adella Bachman were not "engaged in commerce"**

The burden is upon the employee to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce. D.A. Schulte, Inc v. Gangi, 328 US 108, 121 (1946). To engage in commerce the employee must "directly participate in the actual movement of persons or things in interstate commerce. Thorne v. All Restoration Servs., Inc., 448 F3d 1264 (11th Cir. 2006).

The FLSA requires that employees establish coverage by showing their activities relate to interstate commerce or the production of goods for interstate commerce. Gilreath v. Daniel Funeral Home, Inc., 421 F.2d 504, 510 (8th Cir. 1970). Coverage under the FLSA is dependent upon the character of the activities of each individual employee, not upon the nature of the employer's business. Id. An employee to be engaged in commerce under the FLSA must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. Thorne v. All Restoration Services, Inc., 448 F3d 1264, 1266 (11th Cir. 2006). If the employyess do not provide sufficient evidence of interstate transactions, the complaint must be dismissed. See, Id. At 1267.

First, and critical to the analysis of Rachel Bachman's entitlement to FLSA benefits is the fact that she did not keep nor does she have records of the work she did or the hours she worked (SOF 19). Although she has no evidence that she worked on the gutters that were allegedly shipped across state lines, she does admit that her primary job duties were to work on marketing materials for Leaf Supreme. When she went to college in the fall of 2017, her only role as it related to work for Leaf Supreme was on web design (SOF 19 and 20). Plaintiff Rachel Bachman, has not, nor will she be able to establish that she had "regular or recurring" contact with instruments of interstate communication. Curry v. High Springs Family Practice and Diagnostic Center, Inc. 2009 WL 3163221 (2009 D.C. N.D. Florida). Particularly in 2017, her work was performed in the privacy of her dorm room.

Adella Bachman's work was also administrative in nature as she was responsible for and conducted the bookkeeping activities of Leaf Supreme. (SOF 20). Again, Adella Bachman has no record of the time spent on which duties she claims to have performed for Leaf Supreme. (SOF 20). She cannot show she was actively engaged in the process of manufacturing, moving or selling Leaf Supreme product. She cannot establish that she had "regular or recurring" contact with instruments of interstate communication or that she was involved in the manufacture of goods to be transported across state lines. Id.

Fatal to the claims of Rachel Bachman and Adella Bachman is that they cannot present evidence of whether a substantial part of their work related to the manufacture or handling of the materials being shipped over state lines (SOF 19 and 20). Conclusions concerning the work they performed is not sufficient to carry the burden they have to establish that this Court has jurisdiction over their claims

6

## CONCLUSION

For the above stated reasons, Defendants request that this matter be dismissed with prejudice as to all Plaintiffs for lack of subject matter jurisdiction. Further, Plaintiffs Rachel and Adella Bachman should be dismissed for failing to establish that they were "engaged in commerce" as required by the FLSA.

>                LEAF SUPREME PRODUCTS, LLC,
>                and JOHN Q. BACHMAN, Defendants,
>
> BY:  /s/Raymond R. Aranza
>      Raymond R. Aranza #18523
>      Walentine O'Toole, LLP
>      11240 Davenport Street
>      Omaha, Nebraska 68154
>      Phone: 402-330-6300
>      Fax:   402-330-6303
>      E-Mail: raranza@womglaw.com
>      ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of March, 2020, I electronically filed the foregoing Statement of Facts with the Clerk of the United States District Court using the CM/ECF system, which sent notification of such filing to the following:

James E. Bachman
jebachman@msn.com

>                /s/Raymond R. Aranza
>                Raymond R. Aranza, #18523

4845-2769-0423, v. 1

7