IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>          Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.,<br><br>          Defendants. | 8:19CV276<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Summary Judgment, ECF No. 76, filed by Defendant Leaf Supreme Products, LLC (Leaf Supreme) and John Q. Bachman. Also before the Court are Plaintiffs' Objection, ECF No. 80; Motion for Partial Summary Judgment, ECF No. 82; and Motion to Dismiss, ECF No. 84. For the reasons stated, the motions will be denied without prejudice to reassertion.

**BACKGROUND**

**I. Procedural Background**

In their Rule 26(f) Report, ECF No. 26, and during a conference call on case progression held on October 10, 2019, the Defendants questioned whether this Court has federal jurisdiction over Plaintiffs' claims. *See* Mem. & Order, ECF No. 59. Plaintiffs' remaining federal claims arise under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. For the Court to have jurisdiction over Plaintiffs' FLSA claims, Plaintiffs must demonstrate they were 1) "engaged in commerce or in the production of goods for commerce," or 2) were "employed in an enterprise engaged in commerce or in the

production of goods for commerce." 29 U.S.C.A. § 206(a). Defendants argue that Plaintiffs were not engaged in commerce or the production of goods for commerce and that Leaf Supreme is not an "enterprise engaged in commerce" under the FLSA. Defendants requested that initial discovery be focused solely on these threshold questions to determine whether the Court has federal question jurisdiction over the FLSA claims.

The Court granted Defendants' request and ordered that the parties' discovery be limited to the issues of whether either or both Defendants are "an enterprise engaged in interstate commerce" and for what time frames, and/or whether the Plaintiffs, or any of them, were "engaged in commerce or in the production of goods for commerce" and for what periods of time. Mem. & Order at 3, ECF No. 59, Page ID 510; *see also* ECF No. 75 (overruling Plaintiffs' objection to limited discovery). The Court also entered a deadline for dispositive motions on the issue of this Court's subject matter jurisdiction.

In their Motion for Summary Judgment, Defendants argue that Leaf Supreme is not an enterprise under the FLSA because it did not generate more than $500,000 in 2016 and 2017. Defendants also argue that because Leaf Supreme is a family-owned business, it is exempt from FLSA coverage under 29 U.S.C. § 203(s)(2). Finally, Defendants argue that Plaintiffs Rachel and Adella Bachman were not involved in interstate commerce.

Plaintiffs argue that the Court should grant summary judgment in their favor on Defendants' affirmative defenses because Defendants failed to keep a record of hours worked and failed to pay wages. Plaintiffs also move to dismiss Defendants' affirmative defenses for essentially the same reasons. *See* ECF Nos. 83 and 85. Defendants ask the

Court to sanction Plaintiffs for bringing these Motions because Plaintiffs' earlier motions based on similar grounds were addressed and denied. See Order, ECF No. 59.

## II. Failure to Comply with Local Rules

Plaintiffs did not properly respond to Leaf Supreme's numbered paragraphs in its Statement of Facts, ECF No. 77. Plaintiffs said they did not respond to the Statement of Facts because "Defendants utterly failed in the Statement of Facts and their Brief to allege any controlling facts and apply the law to the case at hand." Pl. Reply Br. at 1, ECF No. 99. This is not a valid reason for failing to respond to Defendants' Statement of Facts. "[T]he rules clearly require that [the party opposing summary judgment] respond in kind, and in a specific fashion to the statement of undisputed facts asserted by [the moving party]." *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793, 799 (8th Cir. 2014) (discussing NECivR 56.1). Plaintiffs instead submitted their own separate "Statement," ECF No. 86, that purports to support their own motions and their opposition to Defendants' Motion for Summary Judgment. Because Plaintiffs failed to respond to Defendants' Statement of Facts, the Court accepts Defendants' factual assertions to the extent they are supported by the record. See NECivR 56.1(b)(1) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response.").

Plaintiffs also submitted a statement of undisputed facts in support of their Motion for Partial Summary Judgment. Defendants responded to Plaintiffs' statement but objected to most of Plaintiffs' factual assertions because they fell outside the scope of the limited jurisdictional discovery. The Court has considered Plaintiffs' factual assertions and

3

evidence to the extent they are relevant to whether the Court has jurisdiction over their FLSA claims.

### III. Factual Background

Leaf Supreme is a Nebraska limited liability company. It manufactures guards that keep debris out of rain gutters. Defendant John Q. Bachman is a member and majority owner of Leaf Supreme. Plaintiffs have been Leaf Supreme's only employees. Plaintiffs assert that from October 1, 2016, to the present, they have not been paid any wages.

Plaintiffs allege that James, Adella, Eric, Andrew, Rachel, and Matthew Bachman were all employees of Leaf Supreme from its inception until April 4, 2019. James, Adella, Eric, and Andrew each worked full-time for Leaf Supreme since its inception until April 4, 2019. Plaintiffs claim that, during the relevant period, each of them worked over 50 hours per week. Rachel worked full time from the inception until August of 2017. After August 2017, she moved from Nebraska to attend school. While at school, she worked remotely on marketing materials and she worked on weekends and breaks from school.

Neither Plaintiffs nor Leaf Supreme kept records of Plaintiffs' hours worked. Plaintiffs assert that each of them, at one point or another, worked directly to produce the gutter protection products that Leaf Supreme sold. This labor included metal roll forming and shipping. After leaving Nebraska to attend school, Rachel worked remotely doing website maintenance for Leaf Supreme. Adella directed accounting and helped with marketing materials.

**STANDARD OF REVIEW**

"Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the

moving party is entitled to judgment as a matter of law." *Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 884 (8th Cir. 2016) (citing Fed. R. Civ. P. 56(c)). "Summary judgment is not disfavored and is designed for every action." *Briscoe v. Cty. of St. Louis*, 690 F.3d 1004, 1011 n.2 (8th Cir. 2012) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (en banc)). In reviewing a motion for summary judgment, the Court will view "the record in the light most favorable to the nonmoving party . . . drawing all reasonable inferences in that party's favor." *Whitney v. Guys, Inc.*, 826 F.3d 1074, 1076 (8th Cir. 2016) (citing *Hitt v. Harsco Corp.*, 356 F.3d 920, 923–24 (8th Cir. 2004)). Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Se. Mo. Hosp. v. C.R. Bard, Inc.*, 642 F.3d 608, 618 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). The moving party need not produce evidence showing "the absence of a genuine issue of material fact." *Johnson v. Wheeling Mach. Prods.*, 779 F.3d 514, 517 (8th Cir. 2015) (quoting *Celotex*, 477 U.S. at 325). Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 596 (8th Cir. 2001) (quoting *Celotex*, 477 U.S. at 325).

In response to the moving party's showing, the nonmoving party's burden is to produce "specific facts sufficient to raise a genuine issue for trial." *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016) (quoting *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012)). The nonmoving party "must do more than

5

simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." *Wagner v. Gallup, Inc.*, 788 F.3d 877, 882 (8th Cir. 2015) (quoting *Torgerson*, 643 F.3d at 1042). "[T]here must be more than the mere existence of some alleged factual dispute" between the parties in order to overcome summary judgment. *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (quoting *Vacca v. Viacom Broad. of Mo., Inc.*, 875 F.2d 1337, 1339 (8th Cir. 1989)).

In other words, in deciding "a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Wagner*, 788 F.3d at 882 (quoting *Torgerson*, 643 F.3d at 1042). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," there is no "genuine issue of material fact" for trial and summary judgment is appropriate. *Whitney*, 826 F.3d at 1076 (quoting *Grage v. N. States Power Co.-Minn.*, 813 F.3d 1051, 1052 (8th Cir. 2015)).

## DISCUSSION

### I. Defendants' Motion for Summary Judgment

The FLSA provides for two types of coverage: (1) enterprise coverage under 29 U.S.C. § 203(s)(1)(A), and (2) individual employee coverage under 29 U.S.C. § 206(a)(1). Defendants contend that Leaf Supreme does not meet the statutory thresholds for enterprise coverage. Defendants also contend that two of the Plaintiffs are not entitled to individual coverage under the FLSA.

#### A. Enterprise Coverage

6

To qualify for enterprise coverage, an employer must be an "enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 203(s)(1). To qualify as an enterprise, an employer must have yearly sales in excess of $500,000.00. *See* 29 U.S.C. § 203(s)(1). In 2016, total sales income for Leaf Supreme was $54,749.00. Df. Ex. 1-D, ECF No. 78 at 50, PageID 682. For 2017, total sales income was $362.069. Df. Ex. 1-E, ECF No. 78 at 51, PageID 683. The parties do not dispute that for the years 2016 and 2017, Leaf Supreme did not meet the $500,000 threshold.

In 2018, Leaf Supreme's total sales income was $500,047.00. Df. Ex. 1-F, ECF No. 78, PageID 684. Leaf Supreme argues that for 2018, it is exempt from enterprise coverage under the "mom and pop" exception to enterprise coverage in 29 U.S.C. § 203(s)(2). Section 203(s)(2) states:

> Any establishment that has as its only regular employees the owner thereof or the parent, spouse, child, or *other members of the immediate family of such owner* shall not be considered to be an enterprise engaged in commerce or in the production of goods for commerce or a part of such an enterprise.

(emphasis added). Although Title 29 does not define "immediate family;" 29 C.F.R. § 779.234 states that "[t]he term 'other members of the immediate family of such owner' is considered to include relationships such as brother, sister, grandchildren, grandparents, and in-laws but not distant relatives from separate households."

The Court finds the "mom and pop" exception does not apply here because the parties are family members from separate households. Caselaw interpreting the "mom and pop" exception is sparse, and the question of whether the exception includes uncles, nieces, and nephews has never been directly addressed. However, the Supreme Court stated the FLSA should be construed "liberally to apply to the furthest reaches consistent with congressional direction." *Tony and Susan Alamo Foundation v. Secretary of Labor*,

7

471 U.S. 290, 296 (1985) (quoting *Mitchell v. Lublin, McGaughy & Associates,* 358 U.S. 207, 211 (1959)). Although all the Plaintiffs are related to Defendant John Q. Bachman—Leaf Supreme's majority owner—none is a member of the same household. James is John Q.'s brother; Adella is John Q.'s sister-in-law; Eric, Andrew, and Matthew are John Q.'s nephews; and Rachel is John Q.'s niece. Because "broad coverage is essential" under the FLSA, *Alamo Foundation*, 471 U.S. at 296, Plaintiffs are not John Q.'s immediate family members and Leaf Supreme does not fall under the "mom and pop" exception of 29 U.S.C. § 203(s)(2).

### B. Individual Coverage

The FLSA also provides "coverage for 'employees who [are] themselves engaged in commerce or in the production of goods for commerce.'" *Reich v. Stewart*, 121 F.3d 400, 405 (8th Cir. 1997) (quoting *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512, 517 (1973)). "For individual coverage, '[t]he burden of proof lies on employees to establish that they were engaged in interstate commerce, or in the production of goods, and that such production was for interstate commerce.'" *Miller v. Centerfold Entm't Club, Inc.*, No. 6:14-CV-6074, 2017 WL 3425887, at *3 (W.D. Ark. Aug. 9, 2017) (quoting *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012)). To meet their burden, Plaintiffs must show they were "engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(2)(C). The test "is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943).

Defendants do not argue that Plaintiffs James, Eric, Matthew, and Andrew Bachman were not engaged in interstate commerce. Plaintiffs submitted affidavits showing that each Plaintiff provided warehouse labor for metal roll forming and shipping. *See generally* ECF No. 86-1. Plaintiffs' evidence also shows that most of Leaf Supreme's customers were out of state. *See* James E. Bachman Aff. ¶ 3, ECF No. 86-1, PageID 776. Based on this evidence, a reasonable juror could conclude that Plaintiffs were engaged in the production of goods for commerce.[1] Because Defendants have not moved for summary judgment on individual coverage for Plaintiffs James, Eric, Matthew, and Andrew Bachman, the Court concludes it has jurisdiction over their FLSA claims.

Defendants do challenge individual FLSA coverage as to Adella and Rachel Bachman. Rachel performed graphic design and website maintenance for Leaf Supreme. Adella worked in accounting and marketing for Leaf Supreme. Defendants argue that these tasks did not involve interstate commerce, supporting individual FLSA coverage.

For an employee to be "engaged in commerce" under the FLSA, the employee must directly participate "in the actual movement of persons or things in interstate commerce" by "(i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs., Inc.*,

---

[1] Defendants object to this evidence because Plaintiffs did not present it in compliance with the Court's local rules on summary judgment and it fell outside the limited scope of discovery. The Court acknowledges that Plaintiffs' compliance with discovery requests has been the subject of several motions. Nonetheless, Defendants were able to take depositions and the Plaintiffs' job duties and nature of work fell within the scope of discovery. Although only portions of depositions have been submitted, the evidence shows that counsel for Defendants asked some of the Plaintiffs about their job duties for purposes of determining whether they were engaged in commerce. Accordingly, the Court has considered this evidence to determine whether it has jurisdiction over Plaintiffs' FLSA claims.

448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. § 776.23(d)(2); 29 C.F.R. § 776.24)).

Defendants argue that Rachel did not have regular or recurring contact with instruments of interstate commerce because her work was related to web design and occurred mostly in the privacy of her dorm room. However, "[i[t is well-settled that the internet is an instrumentality of interstate commerce." *Miller*, 2017 WL 3425887, at *3 (citations omitted); see also *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004) ("The internet is an instrumentality of interstate commerce."). At her deposition, Rachel described her regular job duties as "market design work." Rachel Bachman Dep. 7:21-8:4, ECF No. 78, PageID 701-02. She said that her market design work included creating and maintaining "multiple websites." Rachel Bachman Dep. 8:5-9, ECF No. 78, PageID 702. In performing these duties, she regularly communicated with John Q. Bachman via email. Her duties continued remotely after she began college at Augustana University in Sioux Falls, South Dakota. Because Rachel regularly used the internet to complete her work for Leaf Supreme, she has satisfied the requirements for individual coverage under the FLSA.

Defendants argue that Adella does not qualify for individual FLSA coverage because she was responsible for administrative and bookkeeping activities. The Department of Labor's Field Operations Handbook states that clerical employees who send bills, letters, etc., using interstate communication are engaged in interstate commerce. Field Operations Handbook, Chapter 11, 11c00 at 12, (current as of July 27, 2020), *available at* https://www.dol.gov/agencies/whd/field-operations-handbook/Chapter-11#B11c00. Further, employees who perform record-keeping

10

activities related to interstate commerce are "so closely related to the interstate movement that the recordkeeping employees too are regarded as engaged in interstate commerce." *Id.* Adella's deposition shows that, in 2016, she assisted in preparing websites and participated in actual production of the product. Adella Bachman Dep. 13:1-8; ECF No. 78, PageID 707. The evidence shows that her job duties qualify for individual FLSA coverage.

Because the Plaintiffs have demonstrated that they were engaged in commerce, the Court is satisfied that each of the Plaintiffs qualifies for individual FLSA coverage. Accordingly, Defendants' Motion for Summary Judgment will be denied.

## II. Plaintiffs' Motions to Dismiss and for Partial Summary Judgment

For nearly identical reasons,[2] Plaintiffs move to dismiss several of Defendants' affirmative defenses and move for summary judgment as those defenses. Plaintiffs argue that (1) Plaintiffs' failure to keep time records is not a valid defense to their FLSA claim; (2) estoppel and laches are not valid defenses to an FLSA claim; and (3) a set off by an employer cannot reduce an employee's recovery below minimum wage. Plaintiffs' motions will be denied for several reasons. First, Plaintiffs raised most of these arguments in their Motion to Strike, ECF No. 37. In a telephonic hearing, Plaintiffs argued that Defendants failed to produce any evidence to support these affirmative defenses. *See* Audio File, ECF No. 43 at 10:45-11:00. The Court denied the Motion to Strike because discovery had not taken place on these issues. *Id.* at 11:40, 13:00-13:20.

---

[2] Plaintiffs' briefs in support of both the Motions to Dismiss and Motions for Partial Summary Judgment appear to rely on the same facts and the same evidence. Further, the briefs in support of each of these motions are nearly identical in substance. *See* ECF Nos. 83 and 85. Accordingly, the Court addresses these motions together.

11

Despite the Court's previous ruling, Plaintiffs again moved to dismiss Defendants' defenses on essentially the same basis. As noted above, the Court limited discovery to resolve threshold issues that may define the Court's jurisdiction in this case. Since the Court's prior ruling, no further discovery has taken place on the issues supporting Plaintiffs' motion to dismiss or motion for partial summary judgment. Because the Court anticipates that Plaintiffs will raise these issues in future motions, the Court will address why further discovery is necessary before Plaintiffs' Motions can be addressed.

### A. Records of Hours Worked

Plaintiffs argue that their failure to keep time records is not a defense to an FLSA claim. In an FLSA claim, the plaintiff bears the burden of demonstrating "(1) that the plaintiff has performed compensable work and (2) the number of hours for which the plaintiff has not been properly paid." *Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 783 (8th Cir. 2009). The FLSA requires employers to "make, keep and preserve such records of the persons employed by him and of wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator [of the Department of Labor's Wage and Hour Division] as he shall prescribe by regulation or order . . . ." 29 U.S.C. § 211(c). If an employer has not kept adequate records of hours and wages, employees generally are not denied recovery on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990). Rather, employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).

When "an employer fails to maintain accurate time records, *Anderson* relieves the employee of proving the precise extent of uncompensated work and creates a relaxed evidentiary standard." *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (8th Cir. 2013) (citing *Anderson*, 328 U.S. at 687). Under this relaxed standard, "once the employee has shown work performed for which the employee was not compensated, and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference,' the burden then shifts to the employer to produce evidence to dispute the reasonableness of the inference." *Id.* (quoting *Anderson*, 328 U.S. at 687-88). This relaxed standard only applies where the existence of damages is certain, and uncertainty remains as to the amount of damages. *Id.*

Although Plaintiffs produced some evidence of the minimum wage they would be owed under the FLSA, Defendants have not had an opportunity to conduct discovery on the amount and extent of work Plaintiffs performed. Despite the parties' extensive motion practice—and perhaps because of it—this case is at an early stage procedurally. Only limited jurisdictional discovery has taken place and the existence of damages is not certain. The Court cannot determine whether Plaintiffs' evidence of damages will be sufficient to meet the relaxed standard under *Anderson* or even whether *Anderson* applies to the Plaintiffs in this case. Accordingly, Plaintiffs' Motion to dismiss Defendants' affirmative defense on this issue will be denied.

### B. Equitable Defenses

Plaintiffs argue that the FLSA prevents Defendants' equitable defenses of estoppel, laches, and unclean hands. It is true "that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and

13

thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Accordingly, if Defendants argue that Plaintiffs waived rights under the FLSA to which they were otherwise entitled, such a defense would be invalid. However, in certain circumstances, courts have allowed defendants to assert equitable defenses in FLSA actions. *See Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 804 (11th Cir. 2015). Absent discovery on these issues, the Court cannot determine whether such defenses are applicable.

Plaintiffs specifically argue that Leaf Supreme cannot assert the doctrine of unclean hands as a bar to recovery under the FLSA. Defendants do not directly assert a defense of unclean hands, but Plaintiffs apparently raise this issue based on Defendants' state-court allegations that Plaintiffs made unauthorized withdrawals from Leaf Supreme. Defendants respond that once discovery is completed on the merits of this case, they believe the evidence will show that Plaintiffs directed Leaf Supreme to pay Plaintiffs' personal expenses rather than paying Plaintiffs' wages. For the reasons stated above, the Court cannot determine whether this defense is valid under the FLSA and will not be able to do so until the parties have completed discovery.

## CONCLUSION

Evidence before the Court demonstrates that the Court has jurisdiction over Plaintiffs' FLSA claims, and Defendants' Motion for Summary Judgment will be denied. Plaintiffs' Motions will also be denied because they are premature. The Court cannot determine whether Defendants' affirmative defenses apply until after discovery is completed.

Accordingly,

IT IS ORDERED:

1. The Motion for Summary Judgment, ECF No. 76, filed by Defendant Leaf Supreme Products, LLC, and John Q. Bachman is denied;

2. Plaintiffs' Motion for Partial Summary Judgment, ECF No. 82, and Motion to Dismiss, ECF No. 84, are denied without prejudice to reassertion after discovery is completed; and

3. The Clerk of Court is directed to terminate Plaintiffs' Objection, ECF No. 80.

Dated this 7th day of August, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge