**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. Andrew Bachman,<br><br>Plaintiffs,<br><br>v.<br><br>LEAF SUPREME PRODUCTS, LLC AND JOHN Q. BACHMAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CASE NO. 8:19-CV-00276**<br><br><br>**DECLARATION**<br>**OF**<br>**RAYMOND R. ARANZA** |

The undersigned, Raymond Aranza, having full knowledge of the statements below states:

1.      That I am counsel for defendants in the above matter.

2.      That on August 28, 2020, Plaintiffs served their Second Set of Request for Admission in the above matter.

3.      Prior to the ruling on jurisdiction, Plaintiffs served their First Set of Requests for Admission on Plaintiff.

4.      A copy of Defendants' responses to these Requests are attached hereto.  These responses are marked Exhibit A. These responses to the Request for Admission are objected to in total as they are clearly meant to harass defendants and to overburden Defendants.  Prior to the initial scheduling conference conducted on October 10, 2019, Plaintiff served 54 Requests for Admissions.  After the Court's ruling on Jurisdiction (August 7, 2020) Plaintiffs served an additional 245 Requests for Admission.

5.      Attached hereto, marked Exhibit B, are Defendants' responses to Plaintiff's Interrogatories served upon Defendants.  Plaintiffs request that Defendant, in response to Interrogatory 1, provide a factual basis for any Requests for Admission that are denied, and that they identify documents that support the denial.

6.      Further, Plaintiff's counsel did not provide Plaintiffs with a word version of the discovery requests, making it very difficult to answer these discovery requests in a timely manner.  Defense counsel reached out to Attorney James Bachman (also one of the Plaintiffs in this case) for word versions of the discovery requests to help streamline the response.  A copy of

the first email, dated September 9, 2020, is attached hereto and marked Exhibit C.   The second email is dated September 18, 2020, attached hereto and marked Ex. D.  Through use of PDF, we were able to convert the requests to Word, leaving very little time to respond to the Requests even if they were not so burdensome.

7.      Attached hereto, marked Ex. E is a copy of an Order entered in State District Court, Douglas County, Case No. CI 19-4497 in litigation involving Defendant Leaf Supreme and Defendants, John Bachman and Adella Bachman.  This Order was necessary to force the removal of James and Adella Bachman from the Leaf Supreme business.

8.      Attached hereto, marked Exhibit F, and made a part hereof, is s copy of documents attached to Plaintiff's Second Request for Admissions.  The pages are marked IOE 0058 to IOE 141.

Further, affiant sayeth not.

_____
Raymond R. Aranza

4842-5434-5164, v. 1

`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. Andrew Bachman,<br><br>Plaintiffs,<br><br>v.<br><br>LEAF SUPREME PRODUCTS, LLC AND JOHN Q. BACHMAN,<br><br>Defendants. | CASE NO. 8:19-CV-00276<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**<br><br>EXHIBIT<br>A |

**TO:   PLAINTIFFS and Their Attorney James E. Bachman:**

**COMES NOW** Defendants, Leaf Supreme Products, LLC and John Q. Bachman, and for their Responses to Plaintiff's First Set of Request for Admissions states as follows:

**First Set of Admissions, Request 1:** Admit that for all time periods relevant to the Complaint filed in the above referenced case, that Leaf Supreme Products, LLC was an enterprise engaged in commerce or production of goods for commerce within the meaning of the  Fair Labor Standards Act of 1938.

**RESPONSE:** Defendants object to this Request.  The number of Requests served on Defendant is massive, containing over 300 requests.  Such requests are submitted to avoid the interrogatory limits imposed by the federal and local rules of discovery.  Misco v. United States Steel Corporation, 784 F.2d 198, 206 (6th Cir. 1986); Safeco of America v. Rawstron, 181 F.R.D. 441 (CADC, Central District, 1998).   These requests are solely submitted to harass Defendants.

Defendants reserve all other objections they may have as concerns the Admission requests, including, but not limited to:  Objections relating to relevance of the particular request, the fact that a number of these Requests refer to documents that are not attached and, as relates to those documents that are attached the documents attached are incomplete as the

documents have significant deletions and are marked over. As a result, Defendants cannot determine whether to admit or deny the request.

**First Set of Admissions, Request 2)** Admit that for all time periods relevant to the Complaint filed in the above referenced case, that the Plaintiffs were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 3)** Admit that John Q. Bachman fully deducted the losses of Leaf Supreme Products listed on the Federal Tax Return form 1065 on his individual Federal Tax Return form 1040 for each year Leaf Supreme Products, LLC has filed a Form 1065.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 4)** Admit that in order to fully deduct the losses of Leaf Supreme Products, LLC on his individual tax return, John Q. Bachman is required by the Internal Revenue Code to materially participate in the operations of Leaf Supreme Products, LLC.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 5)** Admit that the Defendants knew the Plaintiffs were entitled by law to be paid pursuant to the FLSA or showed reckless disregard that the Plaintiffs were not eligible to be paid pursuant to the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 6)** Admit that for all times relevant hereto, John Q. Bachman was an employer for the purposes of 29 U.S.C. Section 203(d) and the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 7)** Admit that the amount the Plaintiffs have listed as unpaid wages in the First Amended Complaint of $371,888, is a fair and reasonable estimate.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 8)** Admit that on April 4, 2019, when John Q. Bachman informed James E. Bachman that he was terminated, he was aware that James E. Bachman had filed a wage and hour complaint with the Department of Labor.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 9)** Admit that the circumstances involving the termination of James E. Bachman by John Q. Bachman creates an inference that the filing of the wage and hour complaint with the Department of Labor was a contributing factor to the termination of James E. Bachman.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 10)** Admit that the Defendants did not have good faith and reasonable grounds for believing they were not in violation of the FLSA when they failed to pay wages to the Plaintiffs.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 11)** Admit that the Defendants did not comply with the record keeping requirements of the FLSA, Nebraska Wage Payment Collection Act and the Texas Payday Act.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 12)** Admit that it is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 13)** Admit that the Defendants do not have any defenses, protections, and limitations pursuant to the FLSA, Nebraska Wage Payment Collection Act and Texas Payday Act.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 14)** Admit that the hours sought by the Plaintiffs is compensable time under the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 15)** Admit that punitive damages may be awarded for retaliatory conduct pursuant to the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 16)** Admit that damages for emotional distress may be awarded for retaliatory conduct pursuant to the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 17)** Admit that the work performed by the Plaintiffs was not de minimus work time.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 18)** Admit that the employer has the burden of proof to prove that the employees have been fully compensated pursuant to the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 19)** Admit that the Plaintiffs were not fully compensated for all hours of work and for hours in excess of 40 hours in a work week.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 20)** Admit that the Defendants did not comply with all recordkeeping requirements of the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 21)** Admit that if the employer does not have adequate time records of hours worked, the employee in a FLSA lawsuit may offer estimates of their hours worked, which if reasonable, is the measure of damages.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 22)** Admit that the employees are not estopped by the submission of their own time records.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 23)** Admit that the time Plaintiffs' seek for compensation was not irregular as well as practically and administratively to record.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 24)** Admit that pursuant to the FLSA, an employee does not have a duty to mitigate damages.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 25)** Admit that the Plaintiffs did not fail to mitigate their damages.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 26)** Admit that the affirmative defenses of waiver, estoppel, and/or laches are not a valid defense in this case and /or to a wage and hour claim filed pursuant to the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 27)** Admit that the Plaintiffs are not subject to the affirmative defenses of waiver, estoppel, and/or laches.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 28)** Admit that the affirmative defenses of accord, satisfaction, settlement or payment and release, are not a valid defense in this case to a wage and hour claim filed pursuant to the FLSA.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 29)** Admit that the Plaintiffs are not subject to the affirmative defenses of accord, satisfaction, settlement or payment and release.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 30)** Admit that the actions taken by the Defendants with respect to the Plaintiffs were not supported by legitimate business reasons.

**RESPONSE:** See Defendant's Response to Request No. 1 above.

**First Set of Admissions, Request 31)** Admit that the MOU did not give any party to the agreement, a secured interest in all assets of Contractor Metals, LLC acquired after the

closing date of the MOU.

RESPONSE: See Defendant's Response to Request No. 1 above.

First Set of Admissions, Request 32) Admit that after the MOU was signed, John Q. Bachman demanded a secured interest in all assets of Contractor Metals, LLC acquired after the closing date of the MOU.

RESPONSE: See Defendant's Response to Request No. 1 above.

First Set of Admissions, Request 33) Admit that the Nebraska Secretary of State issued Contractor Metals, LLC's Certificate of Organization on February 11, 2019.

RESPONSE: See Defendant's Response to Request No. 1 above.

First Set of Admissions, Request 34) Admit that the Plaintiffs could not have been employees of Contractor Metals, LLC until the Nebraska Secretary of State issued its Certificate of Organization.

RESPONSE: See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 35) Admit that from July 1, 2016 until December 31, 2017, the Plaintiffs were not employees of Contractor Metals, LLC and were employees of Leaf Supreme Products, LLC.

RESPONSE: See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 36) Admit that from January 1, 2018, until September 30, 2018, the Plaintiffs were not employees of Contractor Metals, LLC and were employees of Leaf Supreme Products, LLC.

RESPONSE: See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 37) Admit that from October 1, 2018 until December 31, 2018, the Plaintiffs were not employees of Contractor Metals, LLC and were employees of Leaf Supreme Products, LLC.

RESPONSE: See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 38) Admit that from January 1, 2019 until January 16, 2019, the Plaintiffs were not employees of Contractor Metals, LLC and were employees of Leaf Supreme Products, LLC.

RESPONSE: See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 39) Admit that from January 17, 2019 until April 4, 2019, the Plaintiffs were not employees of Contractor Metals, LLC and were employees of Leaf Supreme Products, LLC.

RESPONSE:  See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 40) Admit that under the FLSA, the Plaintiffs do not have a duty to exhaust administrative remedies.

RESPONSE:  See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 41) Admit that the Plaintiffs exhausted their administrative remedies prior to filing this lawsuit.

RESPONSE:  See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 42) Admit that the Defendants' actions were not in good faith, in conformity with and/or reliance on administrative regulation, order, ruling approval, interpretation or practice of the Department of Labor.

RESPONSE: See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 43) Admit that as General Manager, Eric J. Bachman, had authority to reimburse any employee of Leaf Supreme Products, LLC for business expenses they incurred on behalf of Leaf Supreme Products, LLC.

RESPONSE:  See Defendant's Response to Request No. 1 above.

Request for Admissions, Request 44) Admit that Eric J. Bachman was General Manager of Leaf Supreme Products, LLC from its inception until April 4, 2019.

RESPONSE:  See Defendant's Response to Request No. 1 above. .

Request for Admissions, Request 45) Admit that Eric J. Bachman had authority as General Manager to borrow money on behalf of Leaf Supreme Products, LLC.

RESPONSE:  Admit subject to limits in Operating Agreement.

Request for Admissions, Request 46) Admit that from July 1, 2016 to April 4, 2019, the books and records of Leaf Supreme Products, LLC did not contain any financial irregularities.

RESPONSE:  See Defendant's Response to Request No. 1 above.

Request for Admission, Request 47) If Request for Admission No. 46 is not admitted in its entirety, admit that the Leaf Supreme Federal Tax Return form 1065 for each calendar

year,  was filed based upon acceptance of these financial irregularities.

RESPONSE:  See Defendant's Response to Request No. 1 above.

**Request for Admission, Request 48)** If Request for Admission No. 46 is not admitted to in its entirety, admit that upon learning of the financial irregularities, the Leaf Supreme Federal Tax return form 1065 for each calendar year was not amended.

RESPONSE:  See Defendant's Response to Request No. 1 above.

**Request for Admission, Request 49)** Admit that on August 30, 2016, John Q. Bachman sent an e-mail to James E. and Eric J. Bachman which stated in part: If there is not sufficient  cash flow, salaries will not be paid.

RESPONSE:  See Defendant's Response to Request No. 1 above.

**Request for Admission, Request 50)** Admit that from October 1, 2016 to April 4, 2019,  there was insufficient cash flow to pay salaries to the employees of Leaf Supreme Products,  LLC.

RESPONSE:  See Defendant's Response to Request No. 1 above.

**Request for Admission, Request 51)** Admit that on August 11, 2018, John Q. Bachman sent an e-mail to James E., Eric J. and Adella A. Bachman, which stated: The reimbursements to Andrew must stop. He works at LSP and no salaries are paid. The IRS will look at this as employment compensation and I am ultimately responsible for any unpaid employment taxes.

RESPONSE:  See Defendant's Response to Request No. 1 above.

**Request for Admission, Request 52)** Admit for all times relevant hereto, the Defendants had full access to all books and records of Leaf Supreme Products, LLC.

RESPONSE:  See Defendant's Response to Request No. 1 above.

**Request for Admission, Request 53)** Admit that John Q. Bachman instructed the Plaintiffs to borrow money from a third party and contribute it to Leaf Supreme Products, LLC.

RESPONSE:  See Defendant's Response to Request No. 1 above.

**Request for Admission, Request 54)** Admit that John Q. Bachman was the only person to sign the Leaf Supreme Operating Agreement.

RESPONSE:  See Defendant's Response to Request No. 1 above.

Dated this _____ day of September, 2020

LEAF SUPREME PRODUCTS, LLC,
and JOHN Q. BACHMAN, Defendants,

BY: _____

Raymond R. Aranza #18523
Walentine O'Toole, LLP
11240 Davenport Street
Omaha, Nebraska 68154
Phone: 402-330-6300
Fax:    402-330-6303
E-Mail: raranza@womglaw.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _____ day of September 2020, forwarded the above and foregoing Responses to Plaintiff's Requests for Admissions by Regular First Class Mail, postage prepaid, to the following individuals:

James E. Bachman
P.O. Box 45589
Omaha, NE 68145

_____
Raymond R. Aranza, #18523

4846-2099-7324, v. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. Andrew Bachman,<br><br>Plaintiffs,<br><br>v.<br><br>LEAF SUPREME PRODUCTS, LLC AND JOHN Q. BACHMAN,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 8:19-CV-00276<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS** |

**TO:   PLAINTIFFS and Their Attorney James E. Bachman:**

**COMES NOW** Defendants, Leaf Supreme Products, LLC and John Q. Bachman, and for their Responses to Plaintiff's Second Set of Request for Admissions states as follows:

**Request for Admission, Number 55)** Admit that Leaf Supreme Products, LLC has not filed a Federal Amended Form 941 for any quarterly period from June 30, 2016 to June 30, 2019.

**RESPONSE:** Defendants object to this Request. The number of Requests served on Defendant is massive, containing over 300 requests. Such requests are submitted to avoid the interrogatory limits imposed by the federal and local rules of discovery. Misco v. United States Steel Corporation, 784 F.2d 198, 206 (6th Cir. 1986); Safeco of America v. Rawstron, 181 F.R.D. 441 (CADC, Central District, 1998). These requests are solely submitted to harass Defendants.

Defendants reserve all other objections they may have as concerns the Admission requests, including, but not limited to: Objections relating to relevance of the particular request, the fact that a number of these Requests refer to documents that are not attached and, as relates to those documents that are attached the documents attached are incomplete as the documents have significant deletions and are marked over. As a result, Defendants cannot determine whether to admit or deny the request.

**Request for Admission, Number 56)** Admit that IOE 058 depicts a deposit made by Adella Bachman into Leaf Supreme Products' bank account at Security National bank on April 2, 2019 in the amount of $7,500.00.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 57)** Admit that amount listed on Request Number 56 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 58)** Admit that the loan in Request Number 57 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 59)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 57.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 60)** Admit that IOE 059 depicts a deposit made by Adella Bachman into Leaf Supreme Products' bank account at Security National bank on February 22, 2019 in the amount of $10.00.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 61)** Admit that amount listed on IOE 059 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 62)** Admit that the loan in Request Number 61 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 63)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 61.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 64)** Admit that the Memorandum of Understanding filed by the Plaintiffs located at: 8:19-cv-00276-LSC-CRZ Doc # 11-4 Filed: 07/19/19 Page 1 of  8 - Page ID # 133, is a true and exact copy of the MOU.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 65)** Admit that Paragraph I of the MOU referenced in Request Number 63 states: That John Q. Bachman understands and acknowledges that upon execution of this Memorandum of Understanding, the members of Contractor Metals, LLC and/or its successor will make capital contributions which will be used to pay outstanding liabilities of Leaf Supreme Products, LLC.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 66)** Admit that the purpose of the MOU was to provide a detailed outline to be followed for the purchase of Leaf Supreme Products, LLC by Contractor Metals, LLC, and/or its successors.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 67)** Admit that the amount contributed pursuant Request Number 66 was consideration for the purchase.

**RESPONSE:**   Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 68)** Admit that the amount contributed pursuant to Request for Admission Number 69 was not nominal.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 69)** Admit that IOE 0060 contains five deposit slips showing deposits in the following amounts and dates: 2-1-19 $40,000.00 from Steve Brekunitch, 2-20-2019 $350 from Adella Bachman, 2-21-2019, $40.00 from Adella Bachman 2-22-19, $15,000.00 from Rich Secor, 2-25-19 $26,667.00 from Steve Brekunitch.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 70)** Admit that IOE 0061 is a portion of the bank statement received from Security National Bank pertaining to Leaf Supreme Products' business account which shows the deposits referred to in Request Number 69 were deposited into the bank account of Leaf Supreme Products, LLC.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 71)** Admit that IOE 0062 contains a deposit slip showing deposits in the following amounts and dates: 1-22-19 $67,667.00 from Richard Secor and 1-15-2019 $200.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 72)** Admit that IOE 0063 is a portion of the bank statement received from Security National Bank pertaining to Leaf Supreme Products' business account which shows the deposit referred to in Request Number 71 was deposited into the bank account of Leaf Supreme Products, LLC.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 73)** Admit that the deposits referenced in Requests Numbers 69 and 71 from Rich Secor and Steve Brekunitch were made pursuant to Paragraph I of the MOU referenced in Request Number 68.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 74)** Admit that the deposits referenced in Requests Numbers 73 were never repaid by Leaf Supreme Products, LLC and/or John Q. Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 75)** Admit that IOE 0064 and 0065 are true and exact copies of a deposit slip dated 12/17/18 depicting a deposit of $400.00 made by Adella Bachman into the Security National Bank account of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 76)** Admit that that amount listed on Request Numbers 69 and 71 which pertain to Adella Bachman and Request Number 75 were loans from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 77)** Admit that the loans in Request Number 76 were used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 78)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 76.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 79)** Admit that IOE 0066 and 0067 are true and exact copies of a deposit slip dated 12/13/18 depicting a deposit of $200.00 in cash made by Adella Bachman into the Security National Bank account of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 80)** Admit that that amount listed on Request Number 79 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 81)** Admit that the loan in Request Number 79 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 82)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 79.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 83)** Admit that IOE 0069 and 0070 are true and exact copies of a deposit slip dated 11-8-2018 depicting a deposit of $175.00 in cash made by Adella Bachman into the Security National Bank account of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 84)** Admit that that amount listed on Request Number 83 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 85)** Admit that the loan in Request Number 84 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 86)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 84.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 87)** Admit that IOE 0071 depicts three deposit slips showing deposits in the following amounts and dates: 11-2-2018 for $9,000.00 from Adella Bachman/Brad Dollis, 11-6-2018 for $5,000.00 from Adella Bachman/Brad Dollis and 11-16-2018 for $6,000.00 from Adella Bachman/Brad Dollis.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 88)** Admit that that amounts listed in Request Number 87 were loans from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 89)** Admit that the loan in Request Number 88 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 90)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 88.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 91)** Admit that IOE 0072 and 0073 are true and exact copies of a deposit slip dated 10/31/18 depicting a deposit of $840.89 made by Adella Bachman into the Security National Bank account of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 92)** Admit that that amount listed on Request Number 91 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 93)** Admit that the loan in Request Number 91 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 94)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 91.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 95)** Admit that IOE 0074 depicts two deposit slips showing deposits in the following amounts and dates: 10-10-2018 for $5,000.00 from Adella Bachman/Brad Dollis and 10-25-2018 for $10,000.00 from Adella Bachman/Brad Dollis.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 96)** Admit that that amounts listed in Request Number 95 were a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 97)** Admit that the loan in Request Number 95 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 98)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 95.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 99)** Admit that IOE 0075 depicts two deposit slips showing deposits in the following amounts and dates: 9-7-2018 for $5,000.00 from Adella Bachman/Brad Dollis and 9-11-2018 for $3,700.00 from Adella Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 100)** Admit that that amounts listed in Request Number 99 were a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 101)** Admit that the loan in Request Number 100 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 102)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 100.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 103) – NO REQUEST**

**Request for Admission, Number 104)** Admit that IOE 0076 depicts two deposit slips showing deposits in the following amounts and dates: 9-14-2018 for $10,000.00 from Adella Bachman/Brad Dollis and 9-28-2018 for $10,000.00 from Adella Bachman/Brad Dollis.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 105)** Admit that that amounts listed in Request Number 104 were a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 106)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 104.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 107)** Admit that IOE 0079 and 0080 are true and exact copies of a deposit slip dated 8-28-2018 depicting a deposit of $1,770.00 made by Adella Bachman into the Security National Bank account of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 108)** Admit that that amount listed on Request Number 107 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 109)** Admit that the loan in Request Number 108 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 110)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 108.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 111)** Admit that IOE 0081 depicts two deposit slips showing deposits in the following amounts and dates: 8-20-2018 for $5,000.00 from Adella Bachman/Brad Dollis and 8-30-2018 for $10,000.00 from Adella Bachman/Brad Dollis.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 112)** Admit that that amounts listed in Request Number 111 were a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 113)** Admit that the loan in Request Number 112 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 114)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 112.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 115)** Admit that IOE 0083 depicts two deposit slips showing deposits in the following amounts and dates: 7-12--2018 for $1,727.22 from Adella Bachman/James Bachman and 7-13-2018 for $15,000.00 from Adella Bachman/Brad Dollis.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 116)** Admit that that amounts listed in Request Number 115 were a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 117)** Admit that the loan in Request Number 116 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 118)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 116.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 119)** Admit that IOE 0084 depicts two deposit slips showing deposits in the following amounts and dates: 7-7-2018 for $1,000.00 from Adella Bachman and 7-9-2018 for $1,000.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 120)** Admit that that amounts listed in Request Number 119 were a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 121)** Admit that the loan in Request Number 120 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 122)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 120.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 123)** Admit that IOE 0089, 0090 and 0091 are true and exact copies of a deposit slip dated 6-22-2018 depicting a deposit of $200.00 made by Adella Bachman into the Security National Bank account of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 124)** Admit that that amount listed on Request Number 123 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:**

**Request for Admission, Number 125)** Admit that the loan in Request Number 124 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 126)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 124.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 127)** Admit that IOE 0092 depicts a deposit slip showing deposit in the following amounts and dates: 5-18-2018 for $20,000.00 from Adella Bachman/Brad Dollis.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 128)** Admit that that amount listed in Request Number 127 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 129)** Admit that the loan in Request Number 128 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 130)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 128.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 131)** Admit that IOE 0093 depicts a deposit slip showing deposit in the following amounts and dates: 4-18-2018 for $15,000.00 from Adella Bachman/Brad Dollis.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 132)** Admit that that amount listed in Request Number 131 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 133)** Admit that the loan in Request Number 131 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 134) Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 131.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 135) Admit that IOE 0094 depicts a deposit slip showing deposit in the following amounts and dates: 3-29-2018 for $15,000.00 from Adella Bachman/Brad Dollis.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 136) Admit that that amount listed in Request Number 135 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 137) Admit that the loan in Request Number 136 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 138) Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 136.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 139) Admit that IOE 0095 and 0096 depicts a deposit slip showing deposit in the following amounts and dates: 3-28-2018 for $250.00 from Adella Bachman/ Andrew Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 140) Admit that that amount listed in Request Number 139 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 141) Admit that the loan in Request Number 140 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 142) Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 140.

RESPONSE:  Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 143)** Admit that IOE 0097 and 0098 depicts a deposit slip showing deposit in the following amounts and dates: 3-20-2018 for $200.00 from Eric J. Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 144)** Admit that that amount listed in Request Number 143 was a loan from Eric Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 145)** Admit that the loan in Request Number 144 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 146)** Admit that Leaf Supreme Products was under an obligation to repay Eric Bachman for the amount she loaned in Request Number 144.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 147)** Admit that IOE 0098 and 0099 depicts a deposit slip showing deposit in the following amounts and dates: 3-14-2018 for $2,400.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 148)** Admit that that amount listed in Request Number 147 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 149)** Admit that the loan in Request Number 148 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 150)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 148.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 151)** Admit that IOE 0100 and 0101 depicts a deposit slip showing deposit in the following amounts and dates: 3-13-2018 for $2,400.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 152)** Admit that that amount listed in Request Number 151 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 153)** Admit that the loan in Request Number 152 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 154)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 152.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 155)** Admit that IOE 0102 depicts a deposit slip showing deposit in the following amounts and dates: 3-1-2018 for $535.00 from Adella Bachman/Rachel Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 156)** Admit that that amount listed in Request Number 155 was a loan from Adella Bachman/Rachel Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 157)** Admit that the loan in Request Number 156 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 158)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman/Rachel Bachman for the amount they loaned in Request Number 156.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 159)** Admit that IOE 0103 depicts a deposit slip showing deposit in the following amounts and dates: 2-8-2018 for $27,000.00 from Adella Bachman/Brad Dollis.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 160)** Admit that that amount listed in Request Number 159 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 161)** Admit that the loan in Request Number 160 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 162)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 160.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 163)** Admit that IOE 0103 depicts a deposit slip showing deposit in the following amounts and dates: 2-8-2018 for $2,700.00 from Adella Bachman/Brad Dollis.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 164)** Admit that that amount listed in Request Number 163 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 165)** Admit that the loan in Request Number 164 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 166)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 164.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 167)** Admit that IOE 0104 depicts a deposit slip showing deposit in the following amounts and dates: 2-5-2018 for $3,000.00 from Adella Bachman/Brad Dollis.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 168)** Admit that that amount listed in Request Number 167 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 169)** Admit that the loan in Request Number 168 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 170)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 168.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 171)** Admit that IOE 0105 and 0106 depicts a deposit slip showing deposit in the following amounts and dates: 2-1-2018 for $400.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 172)** Admit that that amount listed in Request Number 171 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 173)** Admit that the loan in Request Number 172 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 174)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 172.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 175)** Admit that IOE 0107 and 0108 depicts a deposit slip showing deposit in the following amounts and dates: 1-12-2018 for $20.00 from Adella Bachman and $1,300.00 from Andrew Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 176)** Admit that that amount listed in Request Number 175 were loans from Adella and Andrew Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 177)** Admit that the loans in Request Number 176 were used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 178)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman and Andrew Bachman for the amount they loaned in Request Number 176.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 179)** Admit that IOE 0109 depicts a deposit slip showing deposit in the following amounts and dates: 1-9-2018 for $10,000.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 180)** Admit that that amount listed in Request Number 179 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 181)** Admit that the loan in Request Number 180 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 182)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 180.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 183)** Admit that IOE 0110 depicts a deposit slip showing deposit in the following amounts and dates: 1-8-2018 for $20,000.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 184)** Admit that that amount listed in Request Number 183 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 185)** Admit that the loan in Request Number 184 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 186)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 184.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 187)** Admit that IOE 0111 depicts a deposit slip showing deposit in the following amounts and dates: 12-15-2017 for $600.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 188)** Admit that that amount listed in Request Number 187 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 189)** Admit that the loan in Request Number 188 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 190)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 188.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 191)** Admit that IOE 0112 depicts a deposit slip showing deposit in the following amounts and dates: 12-11-2017 for $305.00 from Andrew Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 192)** Admit that that amount listed in Request Number 191 was a loan from Andrew Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 193)** Admit that the loan in Request Number 192 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 194)** Admit that Leaf Supreme Products was under an obligation to repay Andrew Bachman for the amount he loaned in Request Number 192.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 195)** Admit that IOE 0113 depicts a deposit slip showing deposit in the following amounts and dates: 12-7-2017 for $1,650.00 from Andrew Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 196)** Admit that that amount listed in Request Number 195 was a loan from Andrew Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 197)** Admit that the loan in Request Number 196 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 198)** Admit that Leaf Supreme Products was under an obligation to repay Andrew Bachman for the amount he loaned in Request Number 196.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 199)** Admit that IOE 0114 depicts a deposit slip showing deposit in the following amounts and dates: 11-22-2017 for $10,000.00 from Andrew Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 200)** Admit that that amount listed in Request Number 199 was a loan from Andrew Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 201)** Admit that the loan in Request Number 200 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 202)** Admit that Leaf Supreme Products was under an obligation to repay Andrew Bachman for the amount he loaned in Request Number 200.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 203)** Admit that IOE 0115 and 0116 depicts a deposit slip showing deposit in the following amounts and dates: 10-10-2017 for $1,527.00 from Adella

Bachman/James Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 204)** Admit that that amount listed in Request Number 203 was a loan from Adella Bachman/James Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 205)** Admit that the loan in Request Number 204 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 206)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman/James Bachman for the amount she/he loaned in Request Number 204.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 207)** Admit that IOE 0117 and 0118 depicts a deposit slip showing deposit in the following amounts and dates: 6-29-2017 for $20.00 from Eric Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 208)** Admit that that amount listed in Request Number 207 was a loan from Eric Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 209)** Admit that the loan in Request Number 208 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 210)** Admit that Leaf Supreme Products was under an obligation to repay Eric Bachman for the amount he loaned in Request Number 208.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 211)** Admit that IOE 0119 depicts a deposit slip showing deposit in the following amounts and dates: 6-28-2017 for $11,171.13 from Andrew Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 212)** Admit that that amount listed in Request Number 211 was a loan from Andrew Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 213)** Admit that the loan in Request Number 212 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 214)** Admit that Leaf Supreme Products was under an obligation to repay Andrew Bachman for the amount he loaned in Request Number 212.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 215)** Admit that IOE 0120 depicts a deposit slip showing deposit in the following amounts and dates: 6-27-2017 for $200.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 216)** Admit that that amount listed in Request Number 215 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 217)** Admit that the loan in Request Number 216 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 218)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 216.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 219)** Admit that IOE 0121 depicts a deposit slip showing deposit in the following amounts and dates: 6-6-2017 for $120.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 220)** Admit that that amount listed in Request Number 213 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 221)** Admit that the loan in Request Number 220 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 222)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 220.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 223)** Admit that IOE 0122 depicts a deposit slip showing deposit in the following amounts and dates: 4-12-2017 for $450.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 224)** Admit that that amount listed in Request Number 222 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 225)** Admit that the loan in Request Number 224 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 226)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 224.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 227)** Admit that IOE 0123 depicts a deposit slip showing deposit in the following amounts and dates: 3-31-2017 for $200.00 from Adella Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 228)** Admit that that amount listed in Request Number 227 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 229)** Admit that the loan in Request Number 228 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 230)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 228.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 231)** Admit that IOE 0124 depicts a deposit slip showing deposit in the following amounts and dates: 3-13-2017 for $2,000.00 from Eric Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 232)** Admit that that amount listed in Request Number 231 was a loan from Eric Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 233)** Admit that the loan in Request Number 232 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 234)** Admit that Leaf Supreme Products was under an obligation to repay Eric Bachman for the amount he loaned in Request Number 232.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 235)** Admit that IOE 0125 depicts a cashier's check from Security National Bank to Hall Enterprise Metals and the funds used for this cashier's check were not from Leaf Supreme Products' bank account.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 236)** Admit that the funds for the cashier's check in Request Number 235 were from Adella Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 237)** Admit that that amount listed in Request Numbers 235 and 236 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 238)** Admit that the loan in Request Number 237 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 239)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 237.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 240)** Admit that IOE 0126 and 0127 depict payments made to Sprint in the amount of $946.00 on 2-21-2017 and EMC Insurance in the amount of $2,261.08 on 2-2-2017 by Matthew Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 241)** Admit that that amount listed in Request Number 240 was a loan from Matthew Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 242)** Admit that the loan in Request Number 241 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 243)** Admit that Leaf Supreme Products was under an obligation to repay Matthew Bachman for the amount he loaned in Request Number 241.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 244)** Admit that IOE 0128 - 0129 depicts a deposit slip showing a cash deposit in the following amounts and dates: 1-17-2017 for $40.00 from Adella Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 245)** Admit that that amount listed in Request Number 244 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 246)** Admit that the loan in Request Number 245 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 247)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 245.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 248)** Admit that IOE 0130 depicts a deposit slip showing a cash deposit in the following amounts and dates: 12-31-2016 for $520.00 from Adella  Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 249)** Admit that that amount listed in Request Number 248 was a loan from Adella Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 250)** Admit that the loan in Request Number 249 was  used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 251)** Admit that Leaf Supreme Products was under an  obligation to repay Adella Bachman for the amount she loaned in Request Number 249.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 252)** Admit that IOE 0131 depicts a deposit slip showing a cash deposit in the following amounts and dates: 12-23-16 for $260.00 from Rachel Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 253)** Admit that that amount listed in Request Number 252 was a loan from Rachel Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 254) Admit that the loan in Request Number 253 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 255) Admit that Leaf Supreme Products was under an obligation to repay Rachel Bachman for the amount she loaned in Request Number 253.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 256) Admit that IOE 0132 depicts a deposit slip showing a cash deposit in the following amounts and dates: 12-13-2016 for $1,000.00 from Adella Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 257) Admit that that amount listed in Request Number 256 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 258) Admit that the loan in Request Number 257 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 259) Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 257.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 260) Admit that IOE 0133 depicts a deposit slip showing a cash deposit in the following amounts and dates: 11-7-2016 for $1,000.00 from Rachel Bachman. Please see Defendant's Response to Request No. 55 above.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 261) Admit that that amount listed in Request Number 260 was a loan from Rachel Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 262)** Admit that the loan in Request Number 261 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 263)** Admit that Leaf Supreme Products was under an obligation to repay Rachel Bachman for the amount she loaned in Request Number 261.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 264)** Admit that IOE 0134 depicts a deposit slip written in Eric Bachman's handwriting showing a cash deposit in the following amounts and dates: 11-2-2016 for $1,000.00 from Eric Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 265)** Admit that that amount listed in Request Number 264 was a loan from Eric Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 266)** Admit that the loan in Request Number 265 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 267)** Admit that Leaf Supreme Products was under an obligation to repay Eric Bachman for the amount he loaned in Request Number 265.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 268)** Admit that IOE 0135 depicts a deposit slip showing a cash deposit in the following amounts and dates: 10-17-2016 for $440.00 from Adella Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 269)** Admit that that amount listed in Request Number 268 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 270)** Admit that the loan in Request Number 269 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 271)** Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 269.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 272)** Admit that IOE 0136 depicts a deposit slip written in Eric Bachman's handwriting showing a cash deposit in the following amounts and dates: 10-5-2016 for $800.00 from Eric Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 273)** Admit that that amount listed in Request Number 272 was a loan from Eric Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 274)** Admit that the loan in Request Number 273 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 275)** Admit that Leaf Supreme Products was under an obligation to repay Eric Bachman for the amount he loaned in Request Number 273.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 276)** Admit that IOE 0137 depicts a deposit slip written in Adella Bachman's handwriting showing a cash deposit in the following amounts and dates: 9-16-2016 for $1,000.00 from Adella Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 277)** Admit that that amount listed in Request Number 276 was a loan from Adella Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 278)** Admit that the loan in Request Number 277 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 279) Admit that Leaf Supreme Products was under an obligation to repay Adella Bachman for the amount she loaned in Request Number 277.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 280) Admit that IOE 0138 depicts a deposit slip written in Rachel Bachman's handwriting showing a cash deposit in the following amounts and dates: 8-19-2016 for $172.40 from Rachel Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 281) Admit that that amount listed in Request Number 280 was a loan from Rachel Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 282) Admit that the loan in Request Number 281 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 283) Admit that Leaf Supreme Products was under an obligation to repay Rachel Bachman for the amount she loaned in Request Number 281.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 284) Admit that IOE 0139 depicts a deposit slip written in Eric Bachman's handwriting showing a cash deposit in the following amounts and dates: 7-5-2016 for $4,000.00 from Eric Bachman.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 285) Admit that that amount listed in Request Number 284 was a loan from Eric Bachman to Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

Request for Admission, Number 286) Admit that the loan in Request Number 285 was used for the benefit of Leaf Supreme Products.

RESPONSE: Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 287)** Admit that Leaf Supreme Products was under an obligation to repay Eric Bachman for the amount she loaned in Request Number 285.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 288)** Admit that IOE 0140 is a true and exact copy of a check of $5,585.17 Eric Bachman wrote to M.D. Properties, LLC for the damage deposit for the business warehouse Leaf Supreme Products had leased.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 289)** If Request Number 288 is not admitted to in its entirety, admit that the funds for the security deposit for the premises Leaf Supreme Products leased from MD Properties did not come from Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 290)** Admit that IOE 0141 depicts a deposit slip written in Eric Bachman's handwriting showing a cash deposit in the following amounts and dates: 6-9-2016 for $100.00 from Eric Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 291)** Admit that that amount listed in Requests Number 288 and 290 were loans from Eric Bachman to Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 292)** Admit that the loans in Request Number 291 was used for the benefit of Leaf Supreme Products.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 293)** Admit that Leaf Supreme Products was under an obligation to repay Eric Bachman for the amount he loaned in Request Number 291.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 294)** That none of the deposits referenced to in Requests for Admission 55 through 290 inclusive, were from funds from John Q. Bachman.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 295)** That none of the deposits referenced to in Requests for Admission 55 through 290 inclusive, were from proceeds of sales to customers of Leaf Supreme Products, LLC.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 296)** That none of the deposits referenced to in Requests for Admission 55 through 290 inclusive, were from members Leaf Supreme Products, LLC.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 297)** Admit that the MOU referenced in Request Number 64 was signed be John Q. Bachman, individually.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Requests for Admission, Number 298)** That the total amount of the funds the Plaintiffs loaned as referenced in Requests for Admission 55-290 inclusive to Leaf Supreme Products, LLC exceeds the amount of any funds reimbursed by Leaf Supreme Products, LLC to the plaintiffs.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

**Request for Admission, Number 299)** That James and Adella Bachman had personally guaranteed the Leaf Supreme Products premises lease from MD Properties.

**RESPONSE:** Please see Defendant's Response to Request No. 55 above.

Dated this ____ day of September, 2020

> LEAF SUPREME PRODUCTS, LLC,
> and JOHN Q. BACHMAN, Defendants,
>
> BY: _____
> Raymond R. Aranza #18523
> Walentine O'Toole, LLP
> 11240 Davenport Street
> Omaha, Nebraska 68154
> Phone: 402-330-6300
> Fax:    402-330-6303
> E-Mail: raranza@womglaw.com
> ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this ___ day of September 2020, forwarded the above and foregoing Responses to Plaintiff's Requests for Admissions by Regular First Class Mail, postage prepaid, to the following individuals:

James E. Bachman
P.O. Box 45589
Omaha, NE 68145

Raymond R. Aranza, #18523

4821-6313-5692, v. 1

`IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. Andrew Bachman, | ) ) ) ) ) | CASE NO. 8:19-CV-00276 DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **EXHIBIT** tabbies *B* |
| LEAF SUPREME PRODUCTS, LLC AND JOHN Q. BACHMAN, | ) ) ) | |
| Defendants. | ) ) | |

**COMES NOW**, Leaf Supreme Products, LLC and John Q. Bachman and for their Answers to Plaintiffs' First Set of Interrogatories to Defendant, states as follows:

GENERAL OBJECTION

Defendants submit the following general objections to all interrogatories served in this matter:

1.  Defendants object to all interrogatories as they are over burdensome and are meant to harass Defendants. For example, Interrogatory 1 requests that Defendant state its factual and legal basis for any request that are denied, that Defendants identify the evidence that they rely upon in denying the request and that Defendants provide legal authority for any legal responses to the request. Based on federal and local discovery rules, and giving Plaintiffs the benefit of the doubt when numbering the interrogatory and subparts, there are three questions in that question. Each and every request for admission referenced in Interrogatory no. 1 is considered a subpart to this Interrogatory. Neb. Local Civ. Rule 33.1.c. Plaintiffs served 299 requests for admission. These are considered subparts of the interrogatory. Clearly, this Interrogatory alone violates the 25 interrogatory limit under Federal Rule of Civil Procedure 33(a)(1). With that in mind, Defendants are answering Interrogatories 2 and 3 served upon Defendants. Giving the Plaintiffs the

1

benefit of the doubt, these interrogatories and their subparts are within the 25 question limit.

**INTERROGATORY NO. 1:**   For any Request for Admission filed by the Plaintiffs which is not completely admitted, please state the factual and legal basis for the denial. If factual, please list the evidence you intend to rely upon to support your denial. If documentation, please reference the Bates number of each document. If legal, please state in detail the statutory/regulation language and/or the specific language in the opinion you intend to rely upon to base your denial.

**ANSWER:**   Defendants objects for the reason that the total number of Interrogatories are far in excess of the limit provided pursuant to Federal Rule of Civil Procedure 33(a)(1). This is particularly true when Plaintiffs request that Defendants identify the factual or legal basis for any requests for admission that Defendants deny. Plaintiffs also request that Defendants specifically identify documentation supporting the denial and/or the statutory regulation that supports the denial. As a result, Plaintiffs subject Defendants to three or four additional interrogatories in addition to the 299 Requests for Admission listed by the Plaintiffs. Use of interrogatories and requests for admission in this way are seen as an abuse of the discovery process and an improper attempt to circumvent the local district rules of discovery limiting the number of interrogatories. Misco v. U.S. Steel Corp,, 734 F.2d 193, 206 (6th Cir. 1986); Safeco of America v. Rawstron, 181 FRD 441, 445-456 (USCCD 1998). Please also see objections to Requests for Admission served upon Defendants.

**INTERROGATORY NO. 2:**   State in detail your factual and legal basis for any affirmative defense you intend to raise. If factual, please list the evidence you intend to rely upon to prove this defense. If documentation, please reference the Bates number of each document. If legal, please state in detail the statutory/regulation language and/or the specific language in the opinion you intend to rely upon to base your denial.

**ANSWER:**

- Failure to state a claim. As argued in the motion for summary judgement filed as relates to jurisdiction, this Court has no jurisdiction over this matter as Leaf Supreme is not subject to the Act. Leaf Supreme did not earn the requisite annual income of $500,000

2

per year to be an employer under the Fair Labor Standards Act.   Further, Plaintiffs are not employees of Leaf Supreme.  James Bachman, who, along with Adella Bachman and Eric Bachman, was in charge of the day to day activities of the Company and stated on multiple occasions to Dennis McMillian, the Company accountant, that he and his family members were independent contractors or 1099 employees and that they were not to be treated as employees.  In their Complaint filed in this matter, the Plaintiffs allege that they invested in the Company showing an intention to be principals of the Company and not employees.

- Statute of Limitations.  To the extent there are any claims for compensation that beyond the two year Statute of Limitations imposed by the FLSA such claims are barred.

- Please see the above answers and all other answers to this interrogatory.

- Plaintiffs were not employees of Defendant and the state law actions alleged as stated above and cannot seek compensation. Further, Plaintiffs were not employees of John Bachman, one of the Defendants.  If Plaintiffs were employed, they were employed by Defendant Leaf Supreme.

- Compensation for hours worked.  If Plaintiffs are employees of Leaf Supreme, they have failed to record or keep track of any time worked for Leaf Supreme.  They conducted themselves as if they had an ownership interest in Leaf Supreme (see above).  Records show that Plaintiffs were compensated for any time they worked.  However, James, Adella and Eric Bachman did not report such payments as wages to the appropriate state or federal authorities.  Such served as wages paid to Plaintiffs.  They stated numerous occasions they were working without compensation because they believed in the future of the company and its products.

- The affirmative defense as relates to punitive damages speaks for itself (paragraphs 38 and 39).

- As concerns Paragraph no. 40 of Defendant's answer, the paragraph speaks for itself.  This will be supplemented with further discovery.

- Paragraph 41 of Defendants' answer speaks for itself.

- As concerns Paragraph 42 of the answer, such speaks for itself.  As stated previously, Plaintiffs have been compensated for their time as shown in responses to Interrogatories submitted in the State Court case, No. CI 19-4497.

- As concerns Paragraph 43 of the answer, Defendants relied upon Plaintiffs, and in particular, James Bachman, Adella Bachman and Eric Bachman to insure appropriate time records were kept.  They claimed in their deposition that no records were requested.  Further, if Plaintiffs were employees, they are exempt employees and not subject to overtime compensation pursuant to the act.

3

- As concerns Paragraph 44, please see the response to Paragraph 44.

- As concerns Paragraph 45, please see the previous responses relating to Plaintiff's failure to keep time records. Further, Plaintiff's were all exempt employees who worked irregular hours if they worked at all. Matthew and Rachel also were full time students during some of, if not all, of the time period in question. Andrew may have been a part-time student. James Bachman claimed that all the plaintiffs were independent contractors as stated by Dennis McMillen, the Leaf Supreme accountant.

- As concerns Paragraph 46, Plaintiffs did not record wages or recognize compensation received from Leaf Supreme as wages.

- As concerns Paragraph 47, Plaintiffs worked as if they had an ownership interest in Leaf Supreme, contributing their own money to keep the Leaf Supreme operating, even though, presumably, they were not and had not been paid wages. Plaintiffs operated as investors in the Company and worked as exempt employees with little or no supervision. Further, as indicated in the declaration of Dennis McMillen filed in support of the Motion for Summary Judgment filed in this matter. James Bachman insisted that all Plaintiffs were not to be treated as employees and were to be considered independent contractors. This will be supplemented as discovery continues.

- As concerns Paragraph 49, please see above. This is still being investigated.

- As concerns Paragraph 50, to the extent that Plaintiffs were required to exhaust administrative remedies, they have failed to do so.

- Paragraph 51 of Defendants' answer speaks for itself.

- Paragraph 52 of Defendant's answer to speaks for itself.

- As concerns Paragraph 53 of Defendants' answer, Defendants relied upon the stewardship of the Plaintiffs. In particular, James Bachman, Adella Bachman and Eric Bachman.

- As concerns Paragraph 54, there is at least one invoice that has been discovered in the name of Contractor Metals. It is the understanding of Defendants that Contractor Metals is a gutter company that is operated by Jim and Adella Bachman and they may have ownership in Contractor Metals. This will be supplemented as discovery continues.

All the responses above will be supplemented as discovery continues.

**INTERROGATORY NO. 3:** Please identify any expert witnesses you intend to retain, including their credentials and summary of their opinion.

**ANSWER:** Defendants object to this interrogatory as it requests Defendant's work product. Defendants will identify experts at the time required by the scheduling order. Subject

4

to this objection, Defendants states that they will identify experts as required by the Scheduling Order in this matter.

**INTERROGATORY NO. 4:** Please identify all employees of Leaf Supreme Products, LLC from inception to the termination of the business. Include the dates which each employee was employed, terminated, pay rate, pay period, the hours each employee worked per pay period and amount paid to each employee per pay period.

**ANSWER:** Defendant objects to this Interrogatory as this and the remaining Interrogatories are in excess of the limit of interrogatories, including subparts, set forth in Rule 33.1(c) of the Local Rules of the Nebraska District Court. Defendants reserve the right to further object to this Interrogatory if required to answer this Interrogatory.

**INTERROGATORY NO. 5:** Identify the name and, if known, the address and telephone number of each person likely to have discoverable information that you may use to support your defense(s). With respect to each such person, identify in as much detail as possible the discoverable information he or she possesses.

**ANSWER:** Defendant objects to this Interrogatory as this and the remaining Interrogatories are in excess of the limit of interrogatories, including subparts, set forth in Rule 33.1(c) of the Local Rules of the Nebraska District Court. Defendants reserve the right to further object to this Interrogatory if required to answer this Interrogatory.

**INTERROGATORY NO. 6:** Please list all contributions, monetary or in kind, made by the Plaintiffs for the benefit of Leaf Supreme Products, LLC. Include the date of each contribution, identity of the individual and amount of the contribution. Contribution shall include loans, advances, capital contributions or any other financial contribution made for the benefit of Leaf Supreme Products, LLC by any Plaintiff.

**ANSWER:** Defendant objects to this Interrogatory as this and the remaining Interrogatories are in excess of the limit of interrogatories, including subparts, set forth in Rule 33.1(c) of the Local Rules of the Nebraska District Court. Defendants reserve the right to further object to this Interrogatory if required to answer this Interrogatory.

**INTERROGATORY NO. 7:** Please describe in detail the authority Eric J. Bachman had as General Manager of Leaf Supreme Products, LLC.

5

**ANSWER:**   Defendant objects to this Interrogatory as this and the remaining Interrogatories are in excess of the limit of interrogatories, including subparts, set forth in Rule 33.1(c) of the Local Rules of the Nebraska District Court.   Defendants reserve the right to further object to this Interrogatory if required to answer this Interrogatory.

**INTERROGATORY NO. 8:**   Please describe in detail how the contributions made by the Plaintiffs to Leaf Supreme  Products, LLC as described in Interrogatory No. 6 were classified on the Federal Form 1065 of  Leaf Supreme Products, LLC filed for 2016 through 2018.

**ANSWER:**   Defendant objects to this Interrogatory as this and the remaining Interrogatories are in excess of the limit of interrogatories, including subparts, set forth in Rule 33.1(c) of the Local Rules of the Nebraska District Court.   Defendants reserve the right to further object to this Interrogatory if required to answer this Interrogatory.

**INTERROGATORY NO. 9:**   Please identify each document and/or physical evidence you have produced in the  Plaintiffs' Production of Document Request(s) and/or Request for Admission(s). If the evidence  is a document, the documents produced shall be numbered consecutively beginning a 001 and  these documents shall be referenced by these numbers when required.

**ANSWER:**   Defendant objects to this Interrogatory as this and the remaining Interrogatories are in excess of the limit of interrogatories, including subparts, set forth in Rule 33.1(c) of the Local Rules of the Nebraska District Court.   Defendants reserve the right to further object to this Interrogatory if required to answer this Interrogatory.

Dated this _____ day of September, 2020.

LEAF SUPREME PRODUCTS, LLC,
and JOHN Q. BACHMAN, Defendants,

6

BY: _____

     Raymond R. Aranza #18523
     Walentine O'Toole, LLP
     11240 Davenport Street
     Omaha, Nebraska 68154
     Phone: 402-330-6300
     Fax:    402-330-6303
     E-Mail: raranza@womglaw.com
     ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this _28th_ day of September 2020, forwarded the above and foregoing Answers to Interrogatories by Regular First Class Mail, postage prepaid, to the following individuals:

James E. Bachman
P.O. Box 45589
Omaha, NE 68145

_____
Raymond R. Aranza, #18523

4823-8969-1084, v. 1

## VERIFICATION

I, John Q. Bachman, declare under penalty of perjury under the laws of the United States of America that the foregoing Answers to Interrogatories are true and correct.

_____
Date

_____
John Q. Bachman

4849-4514-9132, v. 1

## Raymond R. Aranza

| | |
|---|---|
| **From:** | Raymond R. Aranza |
| **Sent:** | Wednesday, September 9, 2020 10:10 AM |
| **To:** | Jim Bachman |
| **Cc:** | Tracy A. Adams |
| **Subject:** | RE: Second Request for Admission |

Thank you.  Can you forward word versions of both the first and second sets of discovery.

**From:** Jim Bachman <jebachman@msn.com>
**Sent:** Wednesday, September 2, 2020 1:38 PM
**To:** Raymond R. Aranza <raranza@womglaw.com>
**Subject:** Re: Second Request for Admission

Mr. Aranza:
Technically, the first set of Requests for Admission, Production of Documents and Interrogatories filed last September should be due within one month of the date of the Scheduling Order. However, you may file all the matters requested within thirty days of the Second Set of Requests for Admission. Additionally, you may ignore Requests Nos. 163 through 166. They are a duplicate of the preceding request as well as contain an incorrect figure.

Jim Bachman

**From:** Raymond R. Aranza <raranza@womglaw.com>
**Sent:** Monday, August 31, 2020 3:25 PM
**To:** Jim Bachman <jebachman@msn.com>
**Subject:** Re: Second Request for Admission

Do you expect these to be answered at the same time as the Requests for Admissions just served?

**From:** Jim Bachman <jebachman@msn.com>
**Sent:** Monday, August 31, 2020 3:14 PM
**To:** Raymond R. Aranza <raranza@womglaw.com>
**Subject:** Re: Second Request for Admission

Mr. Aranza:

They were filed in September, 2019.

Jim Bachman

**From:** Raymond R. Aranza <raranza@womglaw.com>
**Sent:** Monday, August 31, 2020 8:47 AM
**To:** Jim Bachman <jebachman@msn.com>
**Subject:** RE: Second Request for Admission

Where are the first 54 requests for admissions?



EXHIBIT
C

1

**From:** Jim Bachman <jebachman@msn.com>
**Sent:** Friday, August 28, 2020 10:47 PM
**To:** Raymond R. Aranza <raranza@womglaw.com>
**Subject:** Second Request for Admission

Mr. Aranza:
I have attached Plaintiffs Second Request for Admission.

Jim Bachman

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

## Raymond R. Aranza

| | |
|---|---|
| **From:** | Raymond R. Aranza |
| **Sent:** | Friday, September 18, 2020 11:10 AM |
| **To:** | Jim Bachman |
| **Subject:** | FW: Second Request for Admission |

**Importance:** High

Please forward word versions of your discovery requests so we can respond without spending all this time typing.

**From:** Raymond R. Aranza
**Sent:** Wednesday, September 9, 2020 10:10 AM
**To:** Jim Bachman <jebachman@msn.com>
**Cc:** Tracy A. Adams <tadams@womglaw.com>
**Subject:** RE: Second Request for Admission

Thank you.  Can you forward word versions of both the first and second sets of discovery.

**From:** Jim Bachman <jebachman@msn.com>
**Sent:** Wednesday, September 2, 2020 1:38 PM
**To:** Raymond R. Aranza <raranza@womglaw.com>
**Subject:** Re: Second Request for Admission

Mr. Aranza:
Technically, the first set of Requests for Admission, Production of Documents and Interrogatories filed last September should be due within one month of the date of the Scheduling Order. However, you may file all the matters requested within thirty days of the Second Set of Requests for Admission. Additionally, you may ignore Requests Nos. 163 through 166. They are a duplicate of the preceding request as well as contain an incorrect figure.

Jim Bachman

**From:** Raymond R. Aranza <raranza@womglaw.com>
**Sent:** Monday, August 31, 2020 3:25 PM
**To:** Jim Bachman <jebachman@msn.com>
**Subject:** Re: Second Request for Admission

Do you expect these to be answered at the same time as the Requests for Admissions just served?

**From:** Jim Bachman <jebachman@msn.com>
**Sent:** Monday, August 31, 2020 3:14 PM
**To:** Raymond R. Aranza <raranza@womglaw.com>
**Subject:** Re: Second Request for Admission

Mr. Aranza:

They were filed in September, 2019.



1

Jim Bachman

**From:** Raymond R. Aranza <raranza@womglaw.com>
**Sent:** Monday, August 31, 2020 8:47 AM
**To:** Jim Bachman <jebachman@msn.com>
**Subject:** RE: Second Request for Admission

Where are the first 54 requests for admissions?

**From:** Jim Bachman <jebachman@msn.com>
**Sent:** Friday, August 28, 2020 10:47 PM
**To:** Raymond R. Aranza <raranza@womglaw.com>
**Subject:** Second Request for Admission

Mr. Aranza:
I have attached Plaintiffs Second Request for Admission.

Jim Bachman

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| LEAF SUPREME PRODUCTS, LLC., | ) | CI19-4497 |
| | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES BACHMAN and ADELLA | ) | |
| BACHMAN, | ) | |
| | ) | |
| Defendants. | ) | |

EXHIBIT
E

THIS MATTER CAME before the Court for hearing on July 3, 2019 and July 24, 2019 on Plaintiff Leaf Supreme Products, LLC's Motion for Preliminary Injunction and Defendants James Bachman and Adella Bachman's Motion to Vacate Temporary Restraining Order. Plaintiff appeared through counsel, Raymond Aranza and Defendants James E. Bachman and Adella Bachman appeared represented by counsel James E. Bachman.

Plaintiff sets out two "causes of action" in its Complaint, one for Temporary and Permanent Injunctive Relief and one for a Temporary Restraining Order against Defendants. These are actually claims for relief not separate causes of action. A cause of action consists of the fact or facts which give one a right to judicial relief against another; a theory of recovery is not itself a cause of action. Bargmann v. State, 257 Neb. 766 (1999). Two or more claims in a petition arising out of the same operative facts and involving the same parties constitute separate legal theories, either of liability or damages, and not separate causes of action. Id.

In summary, Plaintiff wants Defendants restrained from operating the business of Plaintiff and occupying Plaintiff's business premises. The Court entered a Temporary Restraining Order (TRO) against Defendants on June 6, 2019 and the hearing involving this Order was set for July 3, 2019.

This case arises out of a "Memorandum of Understanding" (MOU) entered into by the parties, and others, on or about January 17, 2019. John Q. Bachman is an individual who controls an entity, Tucker Equities, LLC, which in turn has a controlling interest in Plaintiff.

Defendants own no interest in Plaintiff. One or both Defendants have a controlling interest in an entity called Contractor Metals, LLC, which is also a party to the MOU.[1]

From the pleadings and affidavits, Plaintiff was apparently formed several years ago and Defendant James E. Bachman, and his children have been the primary employees/operators of Plaintiff since its formation. It appears that Plaintiff produces and markets a product that prevents leaves and other debris from clogging gutters on homes.

The MOU seems to memorialize an agreement which contemplates the eventual purchase of Plaintiff by Defendants (or an entity controlled by one of Defendants). The MOU states, in part:

> The undersigned parties intend this to be an outline of an agreement which will be subject to a legally binding contract entered into between the parties at a later date.

Note that the MOU is characterized as an "outline" of a "legally binding agreement" to be entered into at a "later date". The parties seem to contemplate negotiation of terms and conditions yet to be determined when the MOU was signed and said terms and conditions incorporated into a final "enforceable" agreement.

The MOU also provides that:

> From the date of this [MOU] to the date of closing, Contractor Metals, LLC shall have the right to continue the operations of [Plaintiff]. If said closing does occur, the effective date of the [MOU] shall be the effective date of transfer for all transactions for the purpose of the Internal Revenue Code.

The MOU does not make any similar provision in the event that closing does not occur. The above referenced provision clearly contemplates that closing may never occur since it uses the term "if" to describe the possibility of closing.

The MOU provides that closing is to occur by February 28, 2019. As of the date of the hearing, July 3, 2019, the MOU had not closed.

According to Defendants, in contemplation that closing would occur, they and/or Contractor Metals, LLC, have invested hundreds of thousands of dollars in the ongoing operation of Plaintiff since the date of the MOU.

---

[1] Contractor Metals, LLC filed a Motion to Intervene which the Court sustained. However, Contractor Metals, LLC has not filed its Complaint.

Defendants state that the closing never occurred because John Q. Bachman, as the controlling member of Tucker Equities, LLC, which controls Plaintiff, would not agree to closing. The precise reason why Tucker Equities, LLC would not close is unknown to the Court, although in argument to the Court, Plaintiff and Defendants allege the other breached the MOU.

Plaintiff wants to bar Defendants from any further operation of Plaintiff and states that it wants to close the business operation. Among the reasons stated by Plaintiff is that Defendants will not leave the business premises nor cease business operations as directed by Plaintiff, failure to pay Plaintiffs workers compensation premiums, thereby exposing Plaintiff to significant potential liability and that employees have not been paid significant wages that are due. Plaintiff also states that since Defendants have no ownership interest in Plaintiff, they have no right to be on the premises nor operate the business of Plaintiff.[2]

Defendants argue, as stated previously, that under the MOU, they not only had the right to operate the business until closing (through Contractor Metals, LLC), they have invested hundreds of thousands of dollars, as well as their time and effort, in an effort to continue the business operations of Plaintiff and if they are barred from operating the business of Plaintiff, the business will close and they will have lost their entire investment as well as the future business opportunities that would inure to their benefit if the MOU closed.

Defendants also argue that they have significant individual U. S. Wage and Hour claims, as well as wage claims under Nebraska law, against Plaintiff and therefore, Plaintiff does not come to the Court seeking equity with "clean hands". Along the same line, Defendants cite to federal law in U. S. Wage and Hour claims which prevent retaliation by employers because any employee has filed a complaint for wages. Defendants have filed a wage claim in Federal Court against Plaintiff.  Defendants also cite to the U.S. Court of Appeals for the Fifth Circuit case in Goldberg v. Bama Manufacturing Corp., 302 F.2d 152, 156 (5th Cir. 1962) which states that if retaliatory action occurs, the Court would place the employees in a position "as nearly as possible, to the same situation (they) would have occupied if (they) had not been discharged." The Court has reviewed the decision in Goldberg, supra, and determines that it has little to nothing to do with the MOU.

Defendants are seeking an Order of the Court dissolving the TRO previously entered. Defendants Answer and Counterclaim filed in this case sets forth a number of affirmative

---

[2] Actually, neither Defendant have any right, even under the MOU, to operate Plaintiff.  The MOU state's that Contractor Metals, LLC, has the right under the MOU.

defenses but makes no specific request for affirmative relief other than to dissolve the TRO, stay of this proceeding pending resolution of their Federal Court claims and for sanctions against Plaintiff for its actions surrounding the TRO. By affirmative relief, the Court means, inter alia, that Defendants are not seeking a declaratory judgment with regard to the MOU, that Plaintiff has breached the MOU, promissory estoppel, specific performance and/or for damages against Plaintiff for breach of the MOU and/or injunctive relief of their own against Plaintiff.

An injunction is an extraordinary remedy and ordinarily should not be granted except in a clear case where there is actual and substantial injury. Such a remedy should not be granted unless the right is clear, the damage is irreparable, and the remedy at law is inadequate to prevent a failure of justice. Harders v. Odvody, 261 Neb. 887 (2001); Central States Found. v. Balka, 256 Neb. 369 (1999). Irreparable damage generally means that money damages would not be an adequate remedy and/or that money damages are incalculable.

The Court will first address the argument made by Defendants in a brief submitted to the Court that, as to the MOU, that "it is hard to imagine a more detailed MOU" and that the MOU is so complete that "there was absolutely nothing left to negotiate". This, to the Court, is a stretch. For example, as stated above, the MOU does not provide for a fairly major issue—what happens if the purchase does not close? And, in fact, the MOU specifically states that the MOU is "subject to a legally binding contract entered in to between the parties at a later date".

In any case, as the Court stated at the hearing, Defendants want to combine two completely different issues—the status of the parties under the MOU and Defendants wage claims against Plaintiff.  Defendants may have a cognizable claim against Plaintiff for, e.g., breach of contract and/or promissory estoppel and damages that may result therefrom. However, even if the MOU is an enforceable agreement and Plaintiff has breached the MOU, that does not mean that the Court can force Plaintiff to allow Defendants to continue to operate Plaintiff's business in the interim while litigation continues, for perhaps years. Defendant's only interest in the business, if at all, is under the terms and condition of the MOU The parties argue that each side has breached the MOU. If an injunction is not entered, Plaintiff is likely to suffer irreparable harm because Plaintiff would be forced to allow Defendants to continue to operate a business in which they have no actual present determinative interest and Defendants actions, or inactions, in so operating the business, could expose Plaintiff to  potential, perhaps egregious, and unknown, liabilities into the future, many of which may cause irreparable harm.  If, on the

other hand, Defendants are correct that Plaintiff has breached the MOU, all of their potential damages are likely to be subject to a fair determination in money damages.

Defendants wage claims are separate and distinct from the MOU. It appears, from the limited amount of evidence the Court presently has, that those claims arise distinctly out of the employer/employee relationship between Plaintiff and Defendants and are in no way related to the MOU. As for wage claims arising before the MOU, those claims can have nothing to do with the MOU.  For any wage claims arising after the MOU was signed, if Defendants had the authority to operate the business of the MOU, then a decision not to pay them quite likely, was Defendants' own. The Court acknowledges that Defendants stated at the hearing that John Q. Bachman allegedly decreed that no wages were to be paid, but if Defendants are correct about the MOU, i.e., that Defendants had the right to operate the business after the MOU was entered until the time of closing,  they are the ones that made the decision not to pay wages. The Court is not deciding the merits of the wage claims-the Court is only pointing out that these claims are separate and distinct from the MOU. Even if, _arguendo_, Defendants are being dismissed by Plaintiff because of their wage claims, any damages resulting therefrom can be addressed in the Federal Court wage claims.

## CONCLUSION

For the foregoing reasons, the Court finds as follows:

Until further Order of the Court, Defendants, and each of them are temporarily enjoined from the following:

- Defendant are restrained from conducting business on behalf of Plaintiff or in the name of Plaintiff;
- Defendants are restrained from incurring any obligations or debts in the name of Plaintiff and from using any funds of Plaintiff
- Defendants are barred from the business premises of Plaintiff.
- Defendants are to turn over all Plaintiffs property to Plaintiffs immediately.

DATED THIS 29 DAY OF JULY, 2019.

BY THE COURT:

J. RUSSELL DERR
DISTRICT COURT JUDGE

LEAF SUPREME PRODUCTS LLC          XXXXXX2136          Statement Ending 04/30/2019          Page 3 of 10

## Small Business Checking-XXXXXX2136 (continued)

**Electronic Credits**

| Date | Description | Amount |
|------|-------------|--------|



EXHIBIT
F

**Other Credits**

| Date | Description | Amount |
|------|-------------|--------|
| 04/02/2019 | Transfer from DDA Phone per Adella, AF441. | $7,500.00 |
| 04/10/2019 | Transfer to DDA per Adella | $2,000.00 |

**Electronic Debits**

| Date | Description | Amount |
|------|-------------|--------|



**Other Debits**

| Date | Description | Amount |
|------|-------------|--------|

**IOE 0058**

LEAF SUPREME PRODUCTS LLC        XXXXXX2136        Statement Ending 02/28/2019        Page 8 of 10



5566   $464.40   2/20/2019          5578   $10,333.57   2/26/2019



5571   $217.04   2/20/2019          5579   $531.90   2/28/2019



5573   $14,000.00   2/26/2019       5580   $705.27   2/28/2019





5575   $275.00   2/25/2019          5582   $874.00   2/28/2019



5577   $363.78   2/26/2019          $10.00   2/22/2019

# IOE 0059

LEAF SUPREME PRODUCTS LLC        XXXXXX2136        Statement Ending 02/28/2019        Page 9 of 10





$40.00   2/21/2019

$27,379.48   2/25/2019



$201.20   2/12/2019

$40,000.00   2/1/2019



$350.00   2/20/2019



$2,064.00   2/15/2019



$15,000.00   2/22/2019

# IOE 0060

# Small Business Checking-XXXXXX2136

## Account Summary

| Date | Description | Amount |
|------|-------------|--------|
| 02/01/2019 | Beginning Balance | $10,366.67 |
| | 18 Credit(s) This Period | $91,010.97 |
| | 186 Debit(s) This Period | $86,919.71 |
| 02/28/2019 | Ending Balance | $14,457.93 |

## Deposits

| Date | Description | Amount |
|------|-------------|--------|
| 02/01/2019 | DEPOSIT | $40,000.00 |
| 02/15/2019 | DEPOSIT | $2,064.00 |
| 02/20/2019 | DEPOSIT | $350.00 |
| 02/21/2019 | DEPOSIT | $40.00 |
| 02/22/2019 | DEPOSIT | $10.00 |
| 02/22/2019 | DEPOSIT | $15,000.00 |
| 02/25/2019 | DEPOSIT | $27,379.48 |

## Electronic Credits

| Date | Description | Amount |
|------|-------------|--------|

## Electronic Debits

| Date | Description | Amount |
|------|-------------|--------|

## Other Debits

| Date | Description | Amount |
|------|-------------|--------|

IOE 0061

LEAF SUPREME PRODUCTS LLC        XXXXXX2136        Statement Ending 01/31/2019        Page 9 of 16



$200.00   1/15/2019



$2,025.00   1/10/2019



$270.00   1/8/2019



$3,278.00   1/30/2019



$353.60   1/17/2019



$67,667.00   1/22/2019



$456.79   1/29/2019



$607.66   1/14/2019

**IOE 0062**

LEAF SUPREME PRODUCTS LLC          XXXXXX2136          Statement Ending 01/31/2019          Page 3 of 10



Our Business Online Banking allows
you to download your transactions into
QuickBooks™.

Member FDIC

## Small Business Checking-XXXXXX2136

### Account Summary

| Date | Description | Amount |
|---|---|---|
| 01/01/2019 | Beginning Balance | $4,229.61 |
| | 25 Credit(s) This Period | $105,200.33 |
| | 166 Debit(s) This Period | $99,063.27 |
| 01/31/2019 | Ending Balance | $10,366.67 |

### Deposits

| Date | Description | Amount |
|---|---|---|
| | | $607.66 |
| 01/14/2019 | DEPOSIT | $200.00 |
| 01/15/2019 | DEPOSIT | |
| 01/22/2019 | DEPOSIT | $67,667.00 |

### Electronic Credits

| Date | Description | Amount |
|---|---|---|

**IOE 0063**

**IOE 0064**

Security National Bank
>10400081<
STONEGATE
2018-12-17 0742672840
Batch: 237958

12/17/2018
Br# 7 Tlr# 41 Seq# 4
Account 1007213G
DDA Deposit 400.00

TOTAL
MUST BE ENTERED
ON FRONT SIDE

CHECKS
LIST SINGLY

DOLLARS    CENTS

| | | X 1 | |
| | | X 2 | |
| | | X 5 | |
| | | X 10 | |
| | | X 20 | |
| | | X 50 | |
| | | X 100 | |
| TOTAL | $ | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0065**

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS
STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

CHECKING DEPOSIT

NAME  Acct Supreme

ACCT. NO.  1007 2136

DATE  12-13-12

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

**LESS CASH RECEIVED:**

• **IDENTIFICATION REQUIRED**

• **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**

Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

⑆104000841⑈  1007 2136⑈

CASH ▶

27-84/1040

CHECKS

TOTAL FROM OTHER SIDE

SUB TOTAL ▶

LESS CASH
RECEIVED ▶

$

009

$

2 0 0 0 0

2 0 0 . 0 0

**IOE 0066**

Security National Bank
>10400008841<
STONEGATE
2018-12-13 0742626218
Batch: 237682

12/13/2018
Br# 7 Tlr# 44 Seq# 4
Account 10072136
DDA Deposit 200.00

TOTAL
MUST BE ENTERED
ON FRONT SIDE

2018-12-13

**CHECKS**
LIST SINGLY

| TOTAL | DOLLARS | CENTS |
|---|---|---|
| | $ | |
| X 1 | | |
| X 2 | | |
| X 5 | | |
| X 10 | | |
| X 20 | | |
| X 50 | | |
| X 100 | | |
| TOTAL | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0067**

 

5536   $200.00   12/4/2018          $200.00   12/13/2018

 

5537   $1,050.00   12/5/2018        $400.00   12/17/2018

 

5539   $400.00   12/19/2018         $545.20   12/14/2018

 

5540   $5,500.00   12/27/2018       $651.20   12/28/2018

 

5541   $822.08   12/20/2018         $765.00   12/11/2018

# IOE 0068

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS
STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK

CHECKING DEPOSIT

NAME

ACCT. NO.

DATE

DEPOSIT MAY NOT BE AVAILABLE OR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:

- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SECURITY
NATIONAL BANK

Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

27-84/1040

CASH

CURRENCY

AAB

TOTAL FROM OTHER SIDE

SUB TOTAL

LESS CASH
RECEIVED

$

175 00

175.00

1007 2136

009

⑈⑈1040008⑈41⑈⑈  ⑈⑈1007 2136⑈⑈

IOE 0069

Security National Bank
>10400841<
MILLARD
2018-11-08 0542215261
Batch: 235011

11/08/2018
Br# 5 Tlr# 31 Seq# 43
Account 10072136
DDA Deposit 175.00

**IOE 0070**

LEAF SUPREME PRODUCTS LLC          XXXXXX2136          Statement Ending 11/30/2018          Page 10 of 10





$3,060.00   11/9/2018

$9,000.00   11/2/2018



$3,150.00   11/26/2018



$3,522.50   11/29/2018



$5,000.00   11/6/2018



$6,000.00   11/16/2018

IOE 0071

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS
STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK

CHECKING DEPOSIT

NAME

ACCT. NO. 1007213 6

DATE 10/31/12

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

LESS CASH RECEIVED:

- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SECURITY NATIONAL BANK

Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

⑈1040008411⑈   1007213 6⑈   009

CASH
27-84/1040

CHECKS
McCabe
Midwest

SUB TOTAL ▼

LESS CASH
RECEIVED ▼

$

8 40 . 89
3 74 60
1 34 10
1 349 . 59

**IOE 0072**

**IOE 0073**

TOTAL
MUST BE ENTERED
ON FRONT SIDE

Security National Bank
>10400084I<
2018-10-31 11:42:11 PM 8:03 PACIFIC
Batch: 234345
114211 2019

DDA Deposit 1 1:43:59
Account 001201216
69

| CHECKS LIST SINGLY | DOLLARS | CENTS |
|---|---|---|
| TOTAL | $ | |
| X 1 | | |
| X 2 | | |
| X 5 | | |
| X 10 | | |
| X 20 | | |
| X 50 | | |
| X 100 | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

LEAF SUPREME PRODUCTS LLC          XXXXXX2136          Statement Ending 10/31/2018          Page 10 of 10




$1,349.59   10/31/2018                    $5,000.00   10/10/2018




$2,008.20   10/5/2018                     $10,000.00   10/25/2018



$2,475.00   10/12/2018



$3,570.00   10/4/2018



$4,080.00   10/15/2018

**IOE 0074**

LEAF SUPREME PRODUCTS LLC      XXXXXX2136      Statement Ending 09/28/2018      Page 10 of 12



$782.32   9/24/2018



$3,200.00   9/17/2018




$865.50   9/24/2018



$3,675.00   9/13/2018



$966.22   9/4/2018



$3,700.00   9/11/2018



$1,440.00   9/26/2018



$4,405.00   9/6/2018



$2,250.00   9/25/2018



$5,000.00   9/7/2018

**IOE 0075**



$5,192.68   9/10/2018



$10,000.00   9/28/2018



$10,054.40   9/14/2018

**IOE 0076**

**IOE 0077**

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS
STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

CHECKING DEPOSIT

NAME Leaf Supreme

ACCT. NO. 1007 2136

DATE 9/11/18

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:

- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SECURITY NATIONAL BANK

Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

1:104000841:11

27-84/1040

CASH

AB

SUB TOTAL

LESS CASH RECEIVED

$

009

3700.00

Batch: 230264
2018-09-11 114148606
3 PACIFIC
>104000841<
Security National Bank
PM 1 3

44

Account 1002213

DDA Deposit $ 3,700.00

TOTAL
MUST BE ENTERED
ON FRONT SIDE

CHECKS
LIST SINGLY

| DOLLARS | CENTS |
|---|---|
| TOTAL | $ |
| X 1 | |
| X 2 | |
| X 5 | |
| X 10 | |
| X 20 | |
| X 50 | |
| X 100 | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0078**



**IOE 0079**

TOTAL
MUST BE ENTERED
ON FRONT SIDE

TOTAL
(C)
1-1760 2013-08-28

PM 1:3
55
Security National Bank
>10400841<
2018-08-28
PACIFIC
Batch: 229143 1141318759

Account 9371218136
DDA Deposit $ 1,770.00

CHECKS
LIST SINGLY

DOLLARS          CENTS

| TOTAL | | $ | |
|---|---|---|---|
| X 1 | | | |
| X 2 | | | |
| X 5 | | | |
| X 10 | | | |
| X 20 | | | |
| X 50 | | | |
| X 100 | | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0080**



$5,610.40   8/20/2018



$8,963.87   8/3/2018



$10,505.10   8/30/2018

# IOE 0081

LEAF SUPREME PRODUCTS LLC     XXXXXX2136     Statement Ending 08/31/2018     Page 12 of 14





$352.00   8/7/2018

$1,640.60   8/27/2018







$490.27   8/13/2018

$1,770.00   8/28/2018





$552.60   8/1/2018

$2,087.90   8/22/2018





$1,199.22   8/16/2018

$2,400.00   8/29/2018





$1,506.00   8/24/2018

$2,705.00   8/6/2018

**IOE 0082**

LEAF SUPREME PRODUCTS LLC        XXXXXX2136        Statement Ending 07/31/2018        Page 10 of 10





$1,544.10   7/17/2018        $5,080.67   7/16/2018





$1,980.00   7/30/2018        $15,000.00   7/13/2018



$2,290.88   7/12/2018



$2,520.00   7/23/2018



$2,940.00   7/31/2018

**IOE 0083**





5432   $1,000.00   7/30/2018          $440.60   7/10/2018





5433   $240.00   7/31/2018          $525.60   7/6/2018





$331.55   7/26/2018          $727.88   7/2/2018





$377.40   7/10/2018          $1,000.00   7/9/2018





$410.01   7/26/2018          $1,298.60   7/9/2018

**IOE 0084**

CHECKING DEPOSIT

NAME _Lee Supreme_

ACCT. NO. 1,007,213,6

DATE 7-9-

ALL ITEMS ARE RECEIVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:

• IDENTIFICATION REQUIRED
• SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

**SECURITY**
**NATIONAL BANK**

Member FDIC

CASH

27-84/1040

| | | |
|---|---|---|
| CASH ☑ | | |
| CHECKS | | 1 00000 |
| | | 2 9286 |
| SUB TOTAL ▼ | | |
| LESS CASH RECEIVED ▼ | $ | |
| | 900 | 1 292.60 |

⑆10400084⑆

**IOE 0085**

Security National Bank
>10400084l<
ROCKBROOK
2018-07-09 0240679312
Batch: 224936

07/09/2018
Br# 2 Tlr# 17 Seq#
Account 10072136
DDA Deposit 1,298.60

TOTAL
MUST BE ENTERED
ON FRONT SIDE

LIST SINGLY
CHECKS 1

DOLLARS    CENTS

TOTAL $

X 1
X 2
X 5
X 10
X 20
X 50
X 100

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0086**

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS
STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

**CHECKING DEPOSIT**

NAME _Lats Supreme_

ACCT. NO. _100281136_

DATE _7-7-_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**

• **IDENTIFICATION REQUIRED**
• **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

**SECURITY**
**NATIONAL BANK**

Member FDIC

CASH ▶

27-84/1040

CHECKS ▶ _AAB_   _100_

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$ _009_   _100._

⑆104000841⑆

**IOE 0087**

TOTAL
MUST BE ENTERED
ON FRONT SIDE

*Processed Next Business Day*

DDA Deposit 1,000.00
Account 10072136

54 Security National Bank
>104000841<
9 AM ROCKBROOK
2018-07-09 0240664005
Batch: 224847

CHECKS
LIST SINGLY

DOLLARS

CENTS

| TOTAL | | $ | |
|---|---|---|---|
| X | 1 | | |
| X | 2 | | |
| X | 5 | | |
| X | 10 | | |
| X | 20 | | |
| X | 50 | | |
| X | 100 | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

IOE 0088

LEAF SUPREME PRODUCTS LLC      XXXXXX2136      Statement Ending 06/29/2018      Page 9 of 10





5406    $7,333.57    6/29/2018              $225.00    6/15/2018





5407    $537.50    6/26/2018               $255.00    6/20/2018





5410    $6,000.00    6/27/2018             $300.00    6/7/2018





5411    $250.00    6/28/2018               $394.92    6/6/2018





$200.00    6/22/2018                       $1,015.80    6/1/2018

**IOE 0089**

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS
STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

CHECKING DEPOSIT

NAME

ACCT. NO.

DATE

DEPOSIT MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:

• IDENTIFICATION REQUIRED
• SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SECURITY
NATIONAL BANK
Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

⑆10400084⑆ 100721236⑈ 009

CASH

27-04/1040

TOTAL FROM OTHER SIDE

SUBTOTAL

LESS CASH RECEIVED

$

AAB

26000

300.00

IOE 0090

06/22/2018
Br# 5 Tlr# 33 Seq#
Account 10072136
DDA Deposit 200.00

Security National Bank
>104000841<
MILLARD
2018-06-22 0540481960
Batch: 223662

0131960 2018-06-22

TOTAL
MUST BE REGISTERED
ON FRONT/SIDE

CHECKS↑
LIST SINGLY

TOTAL $

| | | | DOLLARS | CENTS |
|---|---|---|---|---|
| X | 1 | | | |
| X | 2 | | | |
| X | 5 | | | |
| X | 10 | | | |
| X | 20 | | | |
| X | 50 | | | |
| X | 100 | | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

IOE 0091





$3,905.60   5/29/2018



$6,415.80   5/4/2018



$20,000.00   5/18/2018

**IOE 0092**

CHECKING DEPOSIT

NAME _Leaf Supreme_

ACCT. NO. _10072136_

DATE _4/18/18_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**

- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

## SECURITY
## NATIONAL BANK
Member FDIC

SIGN HERE ON CASH RECEIVED (IF REQUIRED)

☑ CASH ▶
27-84/1040

CHECKS _AAB_
_BD_

15 00 00

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$ 15,000.00

⑈104000841⑈   10072136⑊   009

---

05 90 42 2018 04 18

04/18/2018          1:52 PM
Br# 5 Tlr# 34 Seq# 35
Account 10072136
DDA Deposit 15,000.00

Security National Bank
>104000841<
MILLARD
2018-04-18 0539599042
Batch: 217703

CHECKS LIST SINGLY

| TOTAL | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | × 1 | × 2 | × 5 | × 10 | × 20 | × 50 | × 100 | |
| DOLLARS | | | | | | | | |
| CENTS | | | | | | | | |

# IOE 0093

CHECKING DEPOSIT

NAME _Leaf Supreme_

ACCT. NO. _10072136_

DATE _3/29/18_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL
**LESS CASH RECEIVED:**

• **IDENTIFICATION REQUIRED**
• **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE ON CASH RECEIVED (IF REQUIRED)

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS HERETO AND STATED ON THE SIGNATURE CARD (COPIES AVAILABLE) USED BY THIS BANK.

☑ CASH ▶
27-84/1040
A8/BD     1500 00
Seamless   274 3 62

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH
RECEIVED ▶

$   1774 3.62

⑆104000841⑆:   10072136⑆   009

---

TOTAL
MUST BE ENTERED
ON FRONT SIDE

CHECKS
LIST SINGLY

```
                                03/29/2018          11:16
                                Br#   5 Tlr#  33 Seq#   22
                                Account 10072136
                                DDA Deposit 17,743.62

                        Security National Bank
                            >104000841<
                        MILLARD
                        2018-03-29 0539318704
                        Batch: 215813
```

TOTAL

| | × | × | × | × | × | × | × |
|---|---|---|---|---|---|---|---|
| $ | 1 | 2 | 5 | 10 | 20 | 50 | 100 |

DOLLARS

CENTS

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0094**



**IOE 0095**

TOTAL
MUST BE ENTERED
ON FRONT SIDE

Security National Bank
>10400041<
ROCKBROOK
2018-03-28 023929711
Batch: 215684

03/28/2018
Br# 2 Tlr# 17 Seq# 12 8:44 PM
Account 10072136
DDA Deposit 250.00

CHECKS
LIST SINGLY

DOLLARS    CENTS

| TOTAL | $ | | |
|---|---|---|---|
| X 1 | | | |
| X 2 | | | |
| X 5 | | | |
| X 10 | | | |
| X 20 | | | |
| X 50 | | | |
| X 100 | | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0096**

CHECKING DEPOSIT

NAME _Leaf Supreme_

ACCT. NO. _10072136_

DATE _3/20/18_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

**LESS CASH RECEIVED:**

* IDENTIFICATION REQUIRED
* SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

CASH ▸
27-84/1040

EFTB
Gemini

☑ CASH ▸

200 00
111 80

## SECURITY
## NATIONAL BANK
Member FDIC

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▸

LESS CASH
RECEIVED ▸

$  311.80

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

⑈104000841⑈   10072136⑈   009

ALL ITEMS APPROVED BY THE BANK SUBJECT TO THE CONDITIONS AND TERMS STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

LESS CASH
ON THE PROCEEDS
TOTAL ITEMS DEPOSITED

05│9533·4  2018  03 20

03/20/2018          12:18
Br#    5 Tlr#   31 Seq#
Account 10072136
DDA Deposit 311.80

Security National Bank
    >104000841<
MILLARD
2018-03-20 0539195334
Batch: 214960

CHECKS
LIST SINGLY

TOTAL

DOLLARS

CENTS

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

# IOE 0097

CHECKING DEPOSIT

NAME

ACCT. NO. 1067 2136

DATE

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:

• IDENTIFICATION REQUIRED
• SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SIGN HERE ON CASH RECEIVED (IF REQUIRED)

SECURITY
NATIONAL BANK

Member FDIC

⑆104000841⑆   10072136⑈   009

27-84/1040

CHECKS

TOTAL FROM OTHER SIDE

SUB TOTAL

LESS CASH
RECEIVED

$

2400.00

IOE 0098

TOTAL MUST BE ENTERED ON FRONT SIDE 0

120579 2018 03-14

DDA Deposit 2,400.00
Account 10072136

Security National Bank
>104000841<
MILLARD
2018-03-14 0539120579
Batch: 214456

CHECKS
LIST SINGLY

| | DOLLARS | CENTS |
|---|---|---|
| TOTAL | $ | |
| X 1 | | |
| X 2 | | |
| X 5 | | |
| X 10 | | |
| X 20 | | |
| X 50 | | |
| X 100 | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

IOE 0099

**IOE 0100**

CHECKING DEPOSIT

NAME Roof Supreme

ACCT. NO. 1007136

DATE 3-13-18

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL
LESS CASH RECEIVED:

* IDENTIFICATION REQUIRED
* SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SECURITY NATIONAL BANK

Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS
STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK

⑈10400084⑈   1007 2136⑈

CASH  27-341040
CHECKS  AAB
SUB TOTAL $
LESS CASH RECEIVED

009    24000

2400.00

Security National Bank
>10400008841<
3 PACIFIC
2018-03-13 11391116309
Batch: 214364

03/13/2018
Br# 11 Tlr# 66 Seq#
Account 10072136
DDA Deposit 2,400.00
5:41 PM
79

TOTAL
MUST BE ENTERED
ON FRONT SIDE

CHECKS
LIST SINGLY

DOLLARS | CENTS

| | | | TOTAL | $ | |
|---|---|---|---|---|---|
| X | 1 | | | | |
| X | 2 | | | | |
| X | 5 | | | | |
| X | 10 | | | | |
| X | 20 | | | | |
| X | 50 | | | | |
| X | 100 | | | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0101**

CHECKING DEPOSIT

NAME *Leat Supreme*

ACCT. NO. 10072136

DATE 3-1-18

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**

- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE OR CASH RECEIV'D (IF REQUIRED)

ALL ITEMS APPROVED BY THE BANK SUBJECT TO THE CONDITIONS AND TERMS STATED ON THE SIGNATURE CARD DUPLICATE LODGED AT THIS BANK.

☑ CASH ▶
27-84/1040
AAB
RAB

535 00

SUB TOTAL ▶

LESS CASH
RECEIVED ▶

$ 5 35.00

⑈104000841⑈ 10072136⑈ 009

---

TOTAL MUST BE ENTERED ON FRONT SIDE

1138949980 2018-03-01

03/01/2018 4:56 PM
Br# 11 Tlr# 66 Seq# 41
Account 10072136
DDA Deposit 535.00

Security National Bank
>104000841<
3 PACIFIC
2018-03-01 1138949980
Batch: 213349

CHECKS LIST SINGLY

TOTAL

DOLLARS

CENTS

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

| × | × | × | × | × | × | × |
|---|---|---|---|---|---|---|
| 1 | 2 | 5 | 10 | 20 | 50 | 100 |

# IOE 0102

CHECKING DEPOSIT

NAME *Leaf Supreme*

ACCT. NO. 10072136

DATE 2/8/2018

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

**LESS CASH RECEIVED:**
- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

⑆104000841⑈          009

☑ CASH ▶
27-84/1040

AAB/BDI 270·00 — —

(TOTAL FROM OTHER SIDE)

SUBTOTAL ▶

LESS CASH ▶
RECEIVED

$ 27000·ᐧᐧ

---

TOTAL MUST BE ENTERED ON FRONT SIDE

CHECKS LIST SINGLY

02/08/2018          9:05 AM
Br#    2  Tlr#   17  Seq#    14
Account 10072136
DDA Deposit 27,000.00

Security National Bank
      >104000841<
ROCKBROOK
2018-02-08  0238685347
Batch: 211561

| TOTAL | | X 1 | X 2 | X 5 | X 10 | X 20 | X 50 | X 100 | CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY |
|---|---|---|---|---|---|---|---|---|---|
| $ DOLLARS | | | | | | | | | |
| CENTS | | | | | | | | | |

**IOE 0103**

CHECKING DEPOSIT

NAME _Leaf Supreme_

ACCT. NO. 1007 2136

DATE 2-5-18

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**

• **IDENTIFICATION REQUIRED**
• **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

☑ CASH ▶
27-84/1040

CHECKS Clark
AAB
BD

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH
RECEIVED ▶

7 1 0 35
3 0 0 0 00

$ 3 7 1 0 . 35

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

⑆104000841⑆   1007 2136⑆   009

---

CHECKS
LIST SINGLY

TOTAL
MUST BE ENTERED
ON FRONT SIDE

02/05/2018            5:52 PM
Br# 11 Tir# 64 Seq# 76
Account 10072136
DDA Deposit 3,710.35

Security National Bank
   >104000841<
3 PACIFIC
2018-02-05 1138651626
Batch: 211273

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

| TOTAL | | | | | | | |
|---|---|---|---|---|---|---|---|
| $ | x 1 | x 2 | x 5 | x 10 | x 20 | x 50 | x 100 |
| DOLLARS | | | | | | | |
| CENTS | | | | | | | |

**IOE 0104**

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

CHECKING DEPOSIT

NAME _Leet Shawenne_

ACCT. NO. _100721366_

DATE _2-1-18_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:
• IDENTIFICATION REQUIRED
• SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

**SECURITY NATIONAL BANK**

Member FDIC

⑆101000841⑆    100721366⑈

AAB
☑ CASH ▶
27-84/1040

CURRENCY
COIN
(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH RECEIVED ▼

$

009    4 0 0 0 0

400.00

**IOE 0105**

02/01/2018
Br# 5 Tlr# 33 Se
Account 10072136
DDA Deposit 400.00

Security National Bank
>10400041<
MILLARD
2018-02-01 0538599630
Batch: 210992

| CHECKS LIST SINGLY | | DOLLARS | CENTS |
|---|---|---|---|
| TOTAL | | $ | |
| | X 1 | | |
| | X 2 | | |
| | X 5 | | |
| | X 10 | | |
| | X 20 | | |
| | X 50 | | |
| | X 100 | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0106**

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS AND TERMS STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

CHECKING DEPOSIT

NAME _Leaf Supreme_

ACCT. NO. 1007 2136

DATE 1/13/15

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:

- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SECURITY NATIONAL BANK

Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

⑈1040008411⑈   1007213611⑈   009

CASH  27-84/1040

CAB

CURRENCY
COIN

LIST CHECKS SINGLY

SUBTOTAL ▼

LESS CASH RECEIVED ▼

$

AAB

20 00
300 00

1,320.00

TOTAL
MUST BE ENTERED
ON FRONT SIDE

01/12/2018          4:31
Br#  2  Tlr#  17  Seq#
Account 10072136
DDA Deposit 1,320.00          PM

Security National Bank
>10400841<
ROCKBROOK
2018-01-12 0238374503
Batch: 209488

CHECKS  LIST SINGLY

| | | TOTAL | CENTS | DOLLARS |
|---|---|---|---|---|
| X | 1 | $ | | |
| X | 2 | | | |
| X | 5 | | | |
| X | 10 | | | |
| X | 20 | | | |
| X | 50 | | | |
| X | 100 | | | |
| CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY | | | | |

**IOE 0108**

CHECKING DEPOSIT

NAME Leaf Supreme

ACCT. NO. 1007 2136

DATE 1/9/18

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:

- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SECURITY NATIONAL BANK

Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

| | |
|---|---|
| CASH 27-84/1040 | |
| CHECKS (AAB) | 10 000 00 |
| Everlast | 1 564 50 |
| TOTAL FROM OTHER SIDE | |
| SUB TOTAL | |
| LESS CASH RECEIVED | |
| $ | 11 564 50 |

⑆104000841⑆ 1007213б⑈ 009

0538326419 2018-01-09

TOTAL

DDA Deposit 11,564.50
Account 10072136
#ba Security National Bank
>104000841<
MILLARD
1:58 PM
2018-01-09 0538326419
Batch: 209151

CHECKS LIST SINGLY — DOLLARS — CENTS

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY: x 1, x 2, x 5, x 10, x 20, x 50, x 100, TOTAL $

IOE 0109

**CHECKING DEPOSIT**

NAME _Leaf Supreme_

ACCT. NO. _10072136_

DATE _1/8/18_

FUNDS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

**LESS CASH RECEIVED:**

• **IDENTIFICATION REQUIRED**

• **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE ON CASH RECEIVED (IF REQUIRED)

CASH
27-84/1040

CHECKS (A4B) 20,000 00

TOTAL FROM OTHER SIDE

SUB TOTAL

LESS CASH RECEIVED

$ 20000.00

⑈104000841⑈   10072136⑈   009

05/38297522 2018-01-08

01/08/2018                10:20
Br# 5 Tlr# 33 Seq# 16
Account 10072136
DDA Deposit 20,000.00

Security National Bank
>104000841<
MILLARD
2018-01-08 0538297522
Batch: 208974

**IOE 0110**

CHECKING DEPOSIT

NAME _Leaf Supreme_

ACCT. NO. _1007 2136_

DATE _12/15/17_

DEPOSIT MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

**LESS CASH RECEIVED:**
- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

## SECURITY
## NATIONAL BANK

Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

☑ CASH ▶
27-84/1040

CHECKS _AAB_
_2532_

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$ _600.—_

_600.—_

⑆ 104000841 ⑆    1007 2136 ⑈    009

---

MISC
ON FRONT/BACK

02380023124 2017-12-15

CHECKS
LIST SINGLY

DDA Deposit 600.00
Account 1007 2136
12 Security National Bank
     >104000841<
AM  &ROCKBROOK
     2017-12-15 0238023124
     Batch: 207232

| | | | | | | | | | CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY |
|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | | X | X | X | X | X | X | X | | |
| | | 1 | 2 | 5 | 10 | 20 | 50 | 100 | | |
| DOLLARS | $ | | | | | | | | | |
| CENTS | | | | | | | | | | |

# IOE 0111

CHECKING DEPOSIT

NAME _Leaf Supreme Products_

☑ CASH ▶ *jn* 305 00
27-94/1040

ACCT. NO. _10072136_

DATE _12/11/17_

C H E C K S

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

**LESS CASH RECEIVED:**

• **IDENTIFICATION REQUIRED**
• **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

## SECURITY
## NATIONAL BANK

Member FDIC

LESS CASH
RECEIVED ▶

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

$                305.00

⑆104000841⑈        ⑈10072136⑈        009

---

0  0437921 2017-12-11

CHECKS
LIST SINGLY

MUST BE AFFIXED
ON FRONT SIDE

12/11/2017              9:52 AM
Br#   5  Tlr#  33  Seq#    21
Account 10072136
DDA Deposit 305.00

Security National Bank
     >104000841<
MILLARD
2017-12-11  0537943921
Batch: 206706

| TOTAL | | | | | | | | CURRENCY COUNT FOR TELLER/MECHANICAL INSTRUCTIONS USE ONLY |
|---|---|---|---|---|---|---|---|---|
| | × 1 | × 2 | × 5 | × 10 | × 20 | × 50 | × 100 | |
| DOLLARS | $ | | | | | | | |
| CENTS | | | | | | | | |

**IOE 0112**

CHECKING DEPOSIT

NAME  Leaf Supreme

ACCT. NO.  10072136

DATE  12/7/17

☑ CASH ▶
27-84/1040

CAB          165000

**SECURITY**
**NATIONAL BANK**
Member FDIC

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL
**LESS CASH RECEIVED:**
• IDENTIFICATION REQUIRED
• SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH ▶
RECEIVED

$          1650.00

SIGN HERE ON CASH RECEIVED (IF REQUIRED)

⑆104000841⑆     10072136⑈     009

0008151 2017-12-07

12/07/2017
Br# 5 Tlr# 33 Seq#
Account 10072136
DDA Deposit 1,650.00

Security National Bank
>104000841<
MILLARD
2017-12-07 0537908151
Batch: 206479

# IOE 0113

CHECKING DEPOSIT

NAME *Leaf Supreme Prod.*

ACCT. NO. 1007 2136

DATE 11 22 17

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

**LESS CASH RECEIVED:**

- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

# SECURITY
## NATIONAL BANK
Member FDIC

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

☑ CASH
27-84/1040

CASH CAB 1 0000 00
CHECKS 5I6 500 00

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$ 1 0 500.00

1:104000841I: 1007213611° 009

---

0537 31648 2017-11-22

11/22/2017        11:31
Br# 5 Tlr# 34 Seq# 27
Account 10072136
DDA Deposit 10,500.00

Security National Bank
>104000841<
MILLARD
2017-11-22 0537731648
Batch: 205363

CHECKS LIST SINGLY

| TOTAL | | X 1 | X 2 | X 5 | X 10 | X 20 | X 50 | X 100 | CURRENCY COUNT (FOR FINANCIAL INSTITUTION USE ONLY) |
|---|---|---|---|---|---|---|---|---|---|
| S | | | | | | | | | |
| DOLLARS | | | | | | | | | |
| CENTS | | | | | | | | | |

**IOE 0114**



**IOE 0115**

TOTAL
MUST BE ENTERED
ON FRONT SIDE

405·8·20·17·10·10·1

10/10/2017
Br# 5 Trl# 33 Seq# 154
Account 10072136
DDA Deposit 3,024.05

11:22

Security National Bank
>10400084l<
MILLARD
2017-10-10 0537140518
Batch: 201549

LIST SINGLY
CHECKS

| TOTAL | | | DOLLARS | CENTS |
|---|---|---|---|---|
| | | | $ | |
| | X | 1 | | |
| | X | 2 | | |
| | X | 5 | | |
| | X | 10 | | |
| | X | 20 | | |
| | X | 50 | | |
| | X | 100 | | |

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0116**

CHECKING DEPOSIT

NAME

ACCT. NO.

DATE

ALL ITEMS APPROVED BY THIS BANK SUBJECT TO THE CONDITIONS and TERMS
STATED ON THE SIGNATURE CARD CURRENTLY USED BY THIS BANK.

USE FOR PAYMENT OF AVAILABLE FOR BANK DATE WITHDRAWAL

LESS CASH RECEIVED:
• IDENTIFICATION REQUIRED
• SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

SECURITY
NATIONAL BANK

Member FDIC

CASH ▸   27-84/1040

CHECKS

TOTAL FROM OTHER SIDE

SUBTOTAL ▸

LESS CASH
RECEIVED ▾

$

⑈1040008484⑈   100721364⑈

20 00

20.00
9000
9800

009

DDA Deposit 20.00
Account 007721136
>10400841<
Security National Bank
PACIFIC
2017-06-29 1135801219
Batch: 192892

135801219 2017-06-29

CHECKS
LIST SINGLY

DOLLARS | CENTS

TOTAL | $

| | × | 1 | | |
| | × | 2 | | |
| | × | 5 | | |
| | × | 10 | | |
| | × | 20 | | |
| | × | 50 | | |
| | × | 100 | | |

**IOE 0118**

CHECKING DEPOSIT

NAME _Leaf Supreme Products_

☑ CASH ▶
27-84/1040

ACCT. NO. | 1007 2136 |

DATE 6-28-17

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
* IDENTIFICATION REQUIRED
* SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

C Bachman

Uhlwahm

1 1 1 7 1 3
3 6 0 0 0

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH RECEIVED ▶

**SECURITY**
**NATIONAL BANK**
Member FDIC

$  1477.13

SIGN HERE OR CASH RECEIVED (IF REQUIRED)

⑆104000841⑆   ⑈10072136⑈   009

06/28/2017      5:16 PM
Br#   5 Tlr#  33 Seq#  68
Account 10072136
DDA Deposit 1,477.13

Security National Bank
       >104000841<
MILLARD
2017-06-28 0535785155
Batch: 192782

**IOE 0119**

CHECKING DEPOSIT

NAME _Leaf Supreme_

ACCT. NO. _10072136_

DATE _6-27-17_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWL

**LESS CASH RECEIVED:**

- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**

Member FDIC

SIGN HERE OR CASH RECENT'D (IF REQUIRED)

⑈104000841⑈   10072136⑈   009

A. Brghman

CASH ▶   W/200 00
27-84/1040

CHECKS

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH ▶
RECEIVED

$   200.00

---

TOTAL
MUST BE ENTERED
ON FRONT SIDE

CHECKS
LIST SINGLY

06/27/2017                4:47 PM
Br#   5 Tlr#  31 Seq#    32
Account 10072136
DDA Deposit 200.00

Security National Bank
    >104000841<
MILLARD
2017-06-27 0535771703
Batch: 192690

TOTAL

DOLLARS

CENTS

CURRENCY COUNT FOR FINANCIAL INSTITUTION USE ONLY

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 | X 2 | X 5 | X 10 | X 20 | X 50 | X 100 |

**IOE 0120**

CHECKING DEPOSIT

NAME _Eat Supreme_

ACCT. NO. _1007 2136_

DATE _June 6, 2017_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY NATIONAL BANK**

Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

☑ CASH
27-84/1040

AHB

CHECKS

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$ _120.00_

_120 00_

⑆104000841⑈            009

---

06/06/2017        5:32 PM
Br# 5 Tlr# 30 Seq#
Account 10072136
DDA Deposit 120.00

Security National Bank
>104000841<
MILLARD
2017-06-06 0535486308
Batch: 190821

CHECKS
LIST SINGLY

TOTAL

DOLLARS

CENTS

**IOE 0121**

CHECKING DEPOSIT

NAME *Leaf Supreme*

ACCT. NO. 1007 2136

DATE 4-12-17

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**

● **IDENTIFICATION REQUIRED**
● **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

## SECURITY
## NATIONAL BANK

Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

⑆104000841⑈

27-84/1040

☑ CASH ☐

CURRENCY

COIN

CHECKS

ABach. 45 00

Z's 121 6 70

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$ 1 6 6 6.70

009

CHECKS LIST SINGLY

TOTAL

DOLLARS

CENTS

053 47 19454 2017-04-12

DDA Deposit 1,666.70
Account 1007213G
Prin 3 4114 24 check 35
Security National Bank
>104000841<               )
MILLARD        PM
2017-04-12 0534719454
Batch: 185807

**IOE 0122**

CHECKING DEPOSIT

NAME *Leaf Supreme Products*

ACCT. NO. 1007 2136

DATE 3-31-17

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

CASH
27-94/1040

CHECKS  44B

TOTAL FROM OTHER SIDE

SUB TOTAL ►

LESS CASH ►
RECEIVED

$

200.00

20000

⑆104000841⑆   10072136⑆   009

TOTAL MUST BE ENTERED ON FRONT SIDE

1334559166 2017-03-31

CHECKS LIST SINGLY

TOTAL

DOLLARS

CENTS

CURRENCY COUNT - FOR FINANCIAL INSTITUTION USE ONLY

× 1   × 2   × 5   × 10   × 20   × 50   × 100

03/31/2017          1:16 P
Br# 13 Tlr# 83 Seq# 60
Account 10072136
DDA Deposit 200.00

Security National Bank
    >104000841<
LEGACY
2017-03-31 1334559166
Batch: 184776

**IOE 0123**

CHECKING DEPOSIT

NAME _Leal Supreme_

ACCT. NO. _007 2136_

DATE _____

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

CASH
27-84/1040

CHECKS

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH
RECEIVED ▶

$ _2000.00_

⑈104000841⑈   ⑈0072136⑈   009

---

053 4301681 2017-03-13

03/13/2017          12:08
Br# 5 Tlr# 31 Seq# 31
Account 10072136
DDA Deposit 2,000.00

Security National Bank
>104000841<
MILLARD
2017-03-13 0534301681
Batch: 183038

CHECKS
LIST SINGLY

TOTAL

DOLLARS

CENTS

**IOE 0124**



**Notice To Customer**
The Purchase of a Surety Bond will be required
before this check will be replaced or refunded in the
event it is lost, misplaced or stolen.

No.    330029

SECURITY NATIONAL BANK
Member FDIC
408-344-7600

Remitter

ADELLA BACHMAN/LEAF SUPREME                    03/04/2017                    27-84/1040
                                                                            2128000000

Pay to the
order of     HALL ENTERPRISE METALS                               $   $10,000.00

***Ten Thousand and 00/100*********************************************************** Dollars

THIS DOCUMENT HAS A MICRO-PRINT SIGNATURE LINE, WATERMARK AND A THERMOCHROMIC ICON; ABSENCE OF THESE FEATURES WILL INDICATE A COPY

CASHIER'S CHECK

TWO SIGNATURES REQUIRED OVER $50,000.00

⑈330029⑈ ⑆104000841⑆ ⑈2123000000⑈    500

**IOE 0125**

Account number: ███████████ January 31, 2017 - February 28, 2017 ▪ Page 3 of 6



## Transaction history *(continued)*



| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|------|-------------|-------------|---------------------|---------------------------|----------------------|
| 2/21 | | Purchase authorized on 02/18 Axs.Com*Sprint Cen 888-929-7849 CA S467048652420023 Card 8680 | | 946.00 | |

**IOE 0126**

Account number: ▇▇▇▇ January 31, 2017 - February 28, 2017 ▪ Page 2 of 6



## Transaction history



| Date | Check Number | Description | Deposits/ Additions | Withdrawals/ Subtractions | Ending daily balance |
|---|---|---|---|---|---|
| 2/2 | | Emc Insurance CO Insurance 5x51756B377259 Matthew Bachman | | 2,261.08 | 438.95 |

**IOE 0127**



**IOE 0128**

DDA Deposit 561.00

Account 00712136

GS Security National Bank " ]
>10400841<
PM
MILLARD
2017-01-17 0533557866
Batch: 177982

**CHECKS** LIST SINGLY

| | DOLLARS | CENTS | | |
|---|---|---|---|---|
| TOTAL | | $ | | |
| | | | X | 1 |
| | | | X | 2 |
| | | | ✓ | 5 |
| | | | ✓ | 10 |
| | | | X | 20 |
| | | | X | 50 |
| | | | ✓ | 100 |

**IOE 0129**

CHECKING DEPOSIT

NAME *Leaf Supreme Products*

ACCT. NO. 10072136

DATE 12-31-16

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

☑ CASH ▶   520 00
27-84/1040

CHECKS

TOTAL FROM OTHER SIDE

SUB TOTAL ▶

LESS CASH ▶
RECEIVED

$   520.00

⑆104000841⑈   ⑈10072136⑈   009

---

12/31/2016                 11:42 AM
Br# 13 Tlr# 82 Seq# 30
Account 10072136
DDA Deposit 520.00

Security National Bank
>104000841<
LEGACY
2017-01-03 1333365004
Batch: 176795

CHECKS LIST SINGLY

TOTAL

DOLLARS

CENTS

CURRENCY COUNT - FOR FINANCIAL INSTITUTION USE ONLY

**IOE 0130**

CHECKING DEPOSIT

NAME *Leaf Supreme Products*

ACCT. NO. 10072136

DATE 12-23-16

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL.

**LESS CASH RECEIVED:**
- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

## SECURITY
## NATIONAL BANK

Member FDIC

CASH ✔

27-84/1040

SUB TOTAL ►

LESS CASH RECEIVED ►

$ 260.—

260 00

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

⑈104000841⑈   ⑆0072136⑈'   009

---

12/23/2016       11:38 A
Br# 13 Tlr# 81 Seq# 37
Account 10072136
DDA Deposit 260.00

Security National Bank
>104000841<
LEGACY
2016-12-23 1333269628
Batch: 176189

**IOE 0131**

CHECKING DEPOSIT

NAME _Heat Supreme_

ACCT. NO. | 1 0 0 7 2 1 3 6 |

DATE _____

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

☑ CASH ▶    27-84/1040

C H E C K S

TOTAL FROM OTHER SIDE

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$    1000.00

⑈104000841⑈:   ⑆10072136⑈    009

---

TOTAL MUST BE LISTED ON FRONT SIDE

0 | 1 196663 2016-12-13

CHECKS LIST SINGLY

DDA Deposit 1,000.00
Account 10072136
JT
Security National Bank
>104000841<
31 PM
STONEGATE
2016-12-13  0733119663
Batch: 175205

CURRENCY COUNT - FOR FINANCIAL INSTITUTION USE ONLY

| TOTAL | × 1 | × 2 | × 5 | × 10 | × 20 | × 50 | × 100 |
|---|---|---|---|---|---|---|---|
| $ | | | | | | | |
| DOLLARS | | | | | | | |
| CENTS | | | | | | | |

**IOE 0132**

## CHECKING DEPOSIT

NAME _Leaf Supreme Products_

ACCT. NO. _1007 2136_

DATE _11/7/16_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

### LESS CASH RECEIVED:
- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

**SECURITY NATIONAL BANK**

Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

CASH ☑
27-84/1040

RAB

1 0 0 0   0 0

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$ 1 0 0 0 . 0 0

⑆104000841⑆   ⑈10072136⑈   009

---

11/07/2016                5:19 PM
Br# 13 Tlr# 82 Seq# 20
Account 10072136
DDA Deposit 1,000.00

Security National Bank
    >104000841<
LEGACY
2016-11-07 1332638326
Batch: 172062

# IOE 0133

CHECKING DEPOSIT

NAME *Leaf Supreme Products*

☑ CASH ► **10000 0**
27-84/1040

ACCT. NO. **10072136**

DATE **11·2·16**

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
• **IDENTIFICATION REQUIRED**
• **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

(TOTAL FROM OTHER SIDE)

SUB TOTAL ►

LESS CASH RECEIVED ►

## SECURITY
## NATIONAL BANK
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

$ **1000.00**

⑈104000841⑈   10072136⑈'   009

---

07325663273 2016-11-02

CHECKS LIST SINGLY

11/02/2016          3: PM
Br#    7 Tlr#   41 Seq#
Account 10072136
DDA Deposit 1,000.00

Security National Bank
 >104000841<
STONEGATE
2016-11-02  0732563273
Batch: 171586

TOTAL
CK
S

DOLLARS

CENTS

CURRENCY COUNT - FOR FINANCIAL INSTITUTION USE ONLY

× 1
× 2
× 5
× 10
× 20
× 50
× 100

**IOE 0134**

CHECKING DEPOSIT

NAME _Leaf Supreme Prod._

ACCT. NO. |1007 2136|

DATE 10/17/16

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

27-84/1040   CASH   44 00

CHECKS

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH
RECEIVED ▶

$   4 40.00

⑆104000841⑆   ⑈1007 2136⑈   009

---

1 2306219 2016 10 17

10/17/2016
Br#  13 Tlr#  83  Seq
Account 10072136
DDA Deposit 440.00

Security National Bank
>104000841<
LEGACY
2016-10-17 1332306219
Batch: 169863

CHECKS LIST SINGLY

TOTAL

CURRENCY COUNT - FOR FINANCIAL INSTITUTION USE ONLY

x 1  x 2  x 5  x 10  x 20  x 50  x 100

DOLLARS

CENTS

**IOE 0135**

CHECKING DEPOSIT

NAME *Leaf Supreme Products*          ☑ CASH ▸   *N 80000*
27-84/1040

ACCT. NO. 10072136

DATE _____

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
• IDENTIFICATION REQUIRED
• SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▸

LESS CASH RECEIVED ▸

$   *800.00*

⑆104000841⑆   10072136⑆   009

---

TOTAL MUST BE ENTERED ON FRONT SIDE

CHECKS LIST SINGLY

10/05/2016          5:06 PM
Br#   7 Tlr#  41  Seq#   91
Account 10072136
DDA Deposit 800.00

Security National Bank
   >104000841<
STONEGATE
2016-10-05 0732162911
Batch: 168965

TOTAL

DOLLARS

CENTS

CURRENCY COUNT - FOR FINANCIAL INSTITUTION USE ONLY

× 1
× 2
× 5
× 10
× 20
× 50
× 100

**IOE 0136**

CHECKING DEPOSIT

NAME _____

ACCT. NO. | 100 72136

DATE _____

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

**LESS CASH RECEIVED:**
- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

⑆104000841⑆   ⑈10072136⑈   009

☑ CASH ▶
27-84/1040

F.D.I.C. □

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH RECEIVED

$   1000.00

---

894569 2016-09-16

09/16/2016        1:30 PM
Br# 7 Tlr# 44 Seq# 50
Account 10072136
DDA Deposit 1,000.00

Security National Bank
>104000841<
STONEGATE
2016-09-16 0731894569
Batch: 167239

CHECKS LIST SINGLY

TOTAL

DOLLARS

CENTS

CURRENCY COUNT. FOR FINANCIAL INSTITUTION USE ONLY

×1   ×2   ×5   ×10   ×20   ×50   ×100

**IOE 0137**

CHECKING DEPOSIT

NAME *Leaf Supreme*

ACCT. NO. 1007 2134

DATE 8/19/2016

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:
- IDENTIFICATION REQUIRED
- SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

SECURITY
NATIONAL BANK
Member FDIC

☑ CASH
27-84/1040

172.40

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

SUB TOTAL ▶

LESS CASH RECEIVED ▶

$ 172.40

⑆104000841⑆   ⑈10072136⑈   009

03/19/2016              1:18 PM
Br# 13 Tlr# 81 Seq# 45
Account 10072136
DDA Deposit 172.40

Security National Bank
>104000841<
LEGACY
2016-08-19 1331503261
Batch: 164764

**IOE 0138**

CHECKING DEPOSIT

NAME _Leaf Supreme, LLC_

ACCT. NO. _10072136_

DATE _11-2-16_

DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL

LESS CASH RECEIVED:
- **IDENTIFICATION REQUIRED**
- **SIGN DEPOSIT TICKET IN TELLER'S PRESENCE**

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

☑ CASH
27-84/1040

24 000 00

CHECKS

(TOTAL FROM OTHER SIDE)

SUB TOTAL ▶

LESS CASH ▶
RECEIVED

$   4000.00

⑆104000841⑆   10072136⑈   009

---

CHECKS
LIST SINGLY

TOTAL

DDA Deposit 4,000.00
Account 10072136
#ba Seq #   31
11:28 AM   Security National Bank
>104000841<
STONEGATE
2016-07-05   0730851362
Batch: 160616

0730851362 2016-07-05
*Processed Next Business Day*

CURRENCY COUNT - FOR FINANCIAL INSTITUTION USE ONLY

DOLLARS
CENTS

x 1
x 2
x 5
x 10
x 20
x 50
x 100

**IOE 0139**

# WELLS FARGO

# View Check Copies - Search for a Check

**Check Number**
2278

**Date Posted**
07/01/16

**Check Amount**
$5,585.17

**Account Number**
EVERYDAY CHECKING...1913



Flip          Zoom

20 21(a)

**IOE 0140**

CHECKING DEPOSIT

NAME Leaf Supreme Products LLC   CASH
27-84/1040

ACCT. NO. 1007 2136

DATE
DEPOSITS MAY NOT BE AVAILABLE FOR IMMEDIATE WITHDRAWAL
LESS CASH RECEIVED:
* IDENTIFICATION REQUIRED
* SIGN DEPOSIT TICKET IN TELLER'S PRESENCE

**SECURITY**
**NATIONAL BANK**
Member FDIC

SIGN HERE FOR CASH RECEIVED (IF REQUIRED)

SUB TOTAL ► 100 00
LESS CASH RECEIVED ►
$ 100.00

10000

⑈104000841⑈   10072136⑈   009

13305 17760 2016-06-09

05/09/2016          2:56
Br# 13 Tlr# 81 Seq# 60
Account 10072136
DDA Deposit 100.00

Security National Bank
>104000841<
LEGACY
2016-06-09 1330517760
Batch: 158444

# IOE 0141