IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19CV276<br><br>ORDER |

Plaintiffs have filed a motion to reconsider, (Filing No. 130), the court's prior orders, (Filing Nos. 44 and 101).

Under Eighth Circuit law, motions to reconsider "'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 721 (8th Cir. 2010) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration should be denied absent "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." Activision TV, Inc. v. Bruning, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014) (collecting cases).

The court has reviewed Plaintiffs' arguments submitted on the motion to reconsider. Plaintiffs' motion to reconsider presents no new evidence, argument,

or other reason justifying relief from the court's prior order. See Fed. R. Civ. P 60(b). More importantly, Plaintiffs have already filed a motion to reconsider my Filing No. 44 order, (Filing No. 56), the motion to reconsider was denied, (Filing No. 59), Plaintiffs objected to my Filings 44 and 59 rulings, (Filing No. 60), and Judge Smith Camp overruled Plaintiffs' objections, (Filing No. 68). And Filing No. 101, Judge Smith Camp's decision on Plaintiffs' motion for summary judgment, stated Plaintiffs' motion was premature; Defendants were entitled to discovery.

From the outset, Plaintiffs have "urge[ed] this Court to rule as expeditiously as possible due to the fact they have not been paid since the fall of 2016," (Filing No. 27). Yet, Plaintiffs' motion practice has unreasonably and exponentially increased the expense of this litigation while simultaneously delaying its resolution. Plaintiffs have filed serial motions requesting relief already denied, motions to reconsider prior rulings, and now a motion to reconsider rulings already reconsidered and affirmed. See, e,g., Filing No. 23 (denying Plaintiffs' fifth and sixth attempts to obtain preliminary injunctive relief); Filing No. 101 (noting that "[d]espite the Court's previous ruling, Plaintiffs again moved to dismiss Defendants' defenses on essentially the same basis."); Filing No. 56 (motion to reconsider Filing No. 44 order); Filing No. 61 (objection to denial of motion to reconsider Filing No. 44 order); Filing No. 125 (motion to reconsider FIling No. 44 order). Over a year after the case was filed, Judge Smith Camp observed that "[d]espite the parties' extensive motion practice—and perhaps because of it—this case is at an early stage procedurally. Only limited jurisdictional discovery has taken place and the existence of damages is not certain." (Filing No. 101, at CM/ECF p. 13).

In what should be a relatively straightforward FLSA case, Plaintiffs' federal motion practice has created a Gordian Knot, necessitating a diagramed schematic of Plaintiffs' recurring and duplicative motion practice to figure out

what they are currently requesting.[1] But this knot can be cut: The problems and delays in this case could be solved if Plaintiffs would answer discovery and comply with court's orders—irrespective of whether they agree with them. Plaintiffs need not file a motion to reconsider to preserve their right to appeal this court's rulings for Eighth Circuit review following entry of judgment by this court.

Accordingly,

IT IS ORDERED that Plaintiffs' motion to reconsider, (Filing No. 130) is denied.

December 2, 2020.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] Plaintiffs' counsel is hereby notified or reminded that pursuant to 28 U.S.C. § 1927, "Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions can be imposed against Plaintiffs' counsel under 28 U.S.C. § 1927 even if the Plaintiffs ultimately prevail on the merits of this litigation.