IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19-CV-276<br><br>MEMORANDUM AND ORDER |

## I.   INTRODUCTION

This matter is before the Court on the Plaintiffs' Objection to Magistrate Judge's Order, Filing 123. Specifically, Plaintiffs object to the Magistrate Judge's Order granting leave to Defendants to amend their pleadings and file counterclaims. For the reasons stated, the Objection will be overruled.

## II.   BACKGROUND

The Court incorporates is previous Orders, Filing 10, Filing 23, and Filing 101, which contain a more detailed recitation of the factual allegations and procedural history of this case. The Court provides the following background relevant to Plaintiffs' Objection:

Defendant Leaf Supreme Products, LLC ("Leaf Supreme") is a Nebraska limited liability company. Filing 26 at 1. It manufactures guards that keep debris out of rain gutters. Filing 26 at 2. Defendant John Q. Bachman is a member and majority owner of Leaf Supreme. Filing 26 at 1. Plaintiffs have been Leaf Supreme's only employees. Filing 26 at 2-4. Plaintiffs assert that from

October 1, 2016, to the present, they have not been paid any wages. Filing 26 at 8. Plaintiffs allege that James, Adella, Eric, Andrew, Rachel, and Matthew Bachman were all employees of Leaf Supreme from its inception until April 4, 2019. Filing 26 at 2-4.

Though this case is at a relatively early stage procedurally, it has been extensively litigated. Relevant to the matter before the Court, on October 1, 2020, Defendants moved to amend their answer to assert affirmative defenses and counterclaims. Filing 111. Defendants sought to assert counterclaims that Plaintiffs[1] made improper payments to themselves using Leaf Supreme funds without categorizing the payments as wages. See Filing 128 at 7-9. On November 18, 2020, addressing several motions, the Magistrate Judge granted Defendants' motion to amend. Filing 122 at 15. The Magistrate Judge noted that amendment would not be futile, and discovery is needed to clarify whether Defendants can validly assert their counterclaims. Filing 122 at 14. Plaintiffs object to the Magistrate Judge's conclusion that the proposed counterclaims were not futile. Filing 123.

### III. ANALYSIS

#### A. Standard of Review

In an appeal from a magistrate judge's order on a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary

---

[1] Defendants' counterclaims are only against Plaintiffs James, Adella, Eric, and Andrew Bachman. Although not all Plaintiffs are counter-defendants, for sake of brevity and clarity in this Memorandum and Order, the Court will refer to counter-defendants as "Plaintiffs."

to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal quotation marks omitted). The standard of review for an appeal of a Magistrate Judge's order on nondispositive matters is extremely deferential. *See* 28 U.S.C. § 636(b)(1)(A).

### B. Defendants' Motion to Amend

Plaintiffs argue that Defendants' counterclaims are futile because the Fair Labor Standards Act ("FLSA") does not permit setoffs against minimum wage claims. Thus, according to Plaintiffs, it was manifestly erroneous to grant Defendants leave to amend their answer to include counterclaims which, if successful, would act as a setoff against Plaintiffs' minimum wage claim. Plaintiffs rely heavily on the Fifth Circuit's statement that "set-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the [FLSA], and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions." *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974). However, as stated elsewhere in the same authority cited by Plaintiffs, "set-offs are not categorically inappropriate in FLSA actions." *Willins v. Credit Sols. of Am., Inc.*, No. CIV. A. 309-CV-1025, 2010 WL 624899, at *2 (N.D. Tex. Feb. 23, 2010).

When dismissing counterclaims for setoffs in FLSA cases, courts are primarily concerned with employers attempting to assert unrelated, state-law counterclaims against their employees. *See Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1273 (11th Cir. 2016). For example, in *Brennan*, the Fifth Circuit explained that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the [FLSA]." *Brennan*, 491 F.2d at 4. In *Brennan*, the employer sought setoffs

against the amount of back pay owed for FLSA violations based on the value of goods and supplies the employer provided to its employees through the employer's company store. *Id.* at 2. The Fifth Circuit refused to permit these setoffs because they were not related to the amount of wages owed to the employees. *Id.* at 4.

Similarly, in *Donovan v. Pointon*, 717 F.2d 1320, 1323 (10th Cir. 1983), the employer sought setoffs in an FLSA action based on counterclaims that two employees owed the employer money for sums advanced to them. *Id.* The Tenth Circuit held that such setoffs were impermissible because the sole purpose of the FLSA action was to bring the employer into compliance with the FLSA. *Id.* The court reasoned that permitting unrelated, state-law counterclaims would subvert that process. *Id.* Thus, the employer could not assert the counterclaims in the FLSA action but could sue his employees in state court to recover sums owed to the employer. *Id.* (citing *Brennan*, 491 F.2d at 4).

Where an employer's counterclaim for setoffs is related to the amount of wages owed, the counterclaim may be permissible. In *Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 (5th Cir. 2003), employee firefighters successfully sued the City of Waco under the FLSA for miscalculated overtime payments. However, evidence showed that the City of Waco's method of calculating overtime payments resulted in overpayments for some work periods in which firefighters were not eligible for overtime pay. *Id.* at 826. The court thus offset the firefighters' recovery based on overpayments for those periods. *Id.* at 828. The court reasoned that the setoff was not contrary to its holding in *Brennan* because the firefighters did not receive less overtime wages than they were entitled to under the FLSA, they simply received some of their overtime pay in advance. *Id.* at 828 n.9. Thus, the setoff was appropriate because it directly impacted the amount of wages owed to the firefighters. *See id.* at 828; *see also Willins*, 2010 WL 624899, at *2.

In sum, while courts are hesitant to permit setoffs in FLSA cases, they will do so when the setoffs are directly related to payment of wages. Plaintiffs' own brief acknowledges that "any claim brought by an employer against an employee *that is not directly related to payments of wages* is prohibited by numerous Federal Circuit Courts of Appeals if the counterclaim will reduce the employee's wage claim below minimum wage." Filing 124 at 1 (citations omitted) (emphasis added). Defendants counterclaims are not futile if they are directly related to payments of wages.

Though couched in different theories, Defendants' counterclaims are directly related to the amount of wages owed to Plaintiffs. Defendants' first counterclaim is that Plaintiffs assumed control of Leaf Supreme and paid themselves in excess of $100,000 toward personal expenses without categorizing these payments as wages. Filing 128 at 7-8. Defendants' second counterclaim alleges that Plaintiffs fraudulently paid themselves money for personal expenses without characterizing these payments as wages. Filing 128 at 8. Defendants' third counterclaim alleges that Plaintiffs breached a fiduciary duty to Leaf Supreme by failing to treat payments for Plaintiffs' personal expenses as wages for work performed. Filing 128 at 9. Without addressing the merits of each of these counterclaims, each alleges that Plaintiffs received payments from Leaf Supreme that should have been categorized as wages. If successful on these counterclaims, any setoff would not cause Plaintiffs to receive less payment than they were entitled to under the FLSA but would account for wages Plaintiffs had already been paid.

The Court does not conclude at this stage that Defendants' counterclaims have merit. Discovery is necessary to determine whether the evidence supports Defendants' position. Plaintiffs' brief states, "Defendants have alleged the Plaintiffs made unauthorized withdraws [sic]. The Plaintiffs state that these withdraws [sic] were repayment for funds they had loaned Leaf Supreme Products, LLC." Filing 124 at 2. The conflict between these positions highlights the need

for discovery on these allegations to determine whether the withdrawals or payments to Plaintiffs should have been properly categorized as wages.

## V. CONCLUSION

Plaintiffs have not demonstrated that the Magistrate Judge's order was clearly erroneous or contrary to law. Defendants' counterclaims seek setoffs that are directly related to payments to Plaintiffs that should have allegedly been categorized as wages. Such claims are not categorically forbidden by the FLSA and discovery is needed to determine whether they have merit. Plaintiffs' objection will be overruled.

IT IS ORDERED that the Plaintiffs' Objection to Magistrate Judge's Order, Filing 123, is overruled.

Dated this 7th day of January, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge