IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | **8:19CV276**<br><br>**ORDER** |

This case is before the court on Defendants' Amended Motion to Compel, (Filing No. 140). Being fully advised, the court will grant Defendants' motion, as outlined hereinbelow.

DISCUSSION

On September 14, 2020, Defendants served interrogatories and requests for production of documents ("RFPs") on the various plaintiffs. (See Filing No. 140-1 at CM/ECF pp. 1-2); (Filing No. 140-9 at CM/ECF p. 2). The discovery requests were mailed to Plaintiffs' counsel at his address of record, as it then appeared on the court's electronic docket. (Filing No. 140-1 at CM/ECF p. 2).

Plaintiffs did not timely respond. Defendants' counsel reached out via email to Plaintiffs' counsel to inquire as to the status of the outstanding discovery. (Filing No. 142-2). Plaintiffs' counsel claimed he never received the mailed discovery, and

the parties shared a somewhat testy exchange. Their email discussions were ultimately fruitless, and Plaintiffs' counsel did not provide Defendants' counsel with answers to the proffered discovery thereafter. On November 3, 2020, Defendants' counsel provided Plaintiffs' counsel with an emailed copy of the outstanding discovery requests and again ask that he immediately respond. (Filing No. 140-8). Plaintiffs' counsel did not respond to the emailed requests.[1]

On December 21, 2020, the court conducted a discovery dispute conference with the parties. (Filing No. 138). Plaintiffs' counsel explained to the court that he had changed his mailing address in June 2020 but had failed to update his address with the court. He further explained that he failed to see the urgency in making an update to his address because the parties had, to that point, exclusively traded discovery requests via email.

The court informed Plaintiffs' counsel that failure to update his address was a violation of this court's local rules and that Defendants' counsel was within his right to serve discovery at Plaintiffs' counsel address of record, regardless of their previous history of service by email. The court further informed Plaintiffs' counsel that it appeared, on the evidence and argument available at the discovery hearing, that Plaintiffs' counsel had waived any objection to the outstanding discovery, but the court did not formally rule on the discovery issues during the conference. The undersigned admonished the parties to attempt informal resolution of this matter, and, if they remained unable to informally resolve the issues, to file a relevant motion. Defendants filed a motion to compel on December 28, 2020, indicating that the disputed discovery remained unanswered.

---

[1] In his affidavit at Filing No. 142-1, Plaintiffs' counsel represents to the court that he did not receive the discovery requests until Defendants filed them on the docket in December 2020. Plaintiffs' counsel also made that representation to the undersigned during the December 21, 2020 telephonic conference. However, Defendants' counsel filed an email dated November 3, 2020 that clearly indicates that all of the discovery requests in question were electronically attached thereto. (Filing No. 140-8).

Plaintiffs responded, rehashing their previous arguments related to the address change and claiming never to have received a copy of the requests at issue. Plaintiffs additionally claimed that some of the requests were irrelevant: Plaintiffs noted that at the time of filing, they had a pending objection to my order allowing Defendants to amend their answer to assert additional counterclaims. Plaintiffs argue that the counterclaims are impermissible in this FLSA action and that certain requested discovery is only relevant to those allegedly invalid claims.

On January 7, 2021, Judge Brian C. Buescher overruled Plaintiffs' objection to my order allowing the Defendants to assert their counterclaims. He noted that

> Plaintiffs have not demonstrated that the Magistrate Judge's order was clearly erroneous or contrary to law. Defendants' counterclaims seek setoffs that are directly related to payments to Plaintiffs that should have allegedly been categorized as wages. Such claims are not categorically forbidden by the FLSA and <u>discovery is needed to determine whether they have merit</u>. Plaintiffs' objection will be overruled.

([Filing No. 145 at CM/ECF p. 6](#)) (emphasis added). After their objections were overruled, Plaintiffs filed a notice with the court indicating that, as a result of Judge Buescher's order, they had provided answers to Defendants' discovery requests. ([Filing No. 146](#)). But it is unclear from that filing (and the previous record) whether Plaintiffs' responses have fully resolved the discovery dispute.

Defendants have not withdrawn their motion, and it is now fully submitted. In the interest of judicial economy, the court will formally compel Plaintiffs to respond, to the extent they have not responded already.

Plaintiffs' have waived any objection they may have had to the outstanding discovery. The Federal Rules of Civil Procedure require a responding party to

3

serve answers and any objections to properly served interrogatories and requests for production within thirty days of service. See Fed .R. Civ. P. 33(b)(2) and 34(b)(2). If objections to discovery requests are not timely, they are waived "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); see also Farmers Co-op v. Bartlett Grain Co., L.P., 2011 WL 612060, *8 (D. Neb. Feb. 10, 2011).

Fed. R. Civ. P. 5 allows for service of discovery papers by mail at an attorney's "last known address." Fed. R. Civ. P. 5(b)(2)(C). Defendants' counsel mailed the discovery to Plaintiffs' counsel address of record. By Plaintiffs' counsel's own admission, he changed his address in June 2020 and did not think to inform counsel or the court for months. (Filing No. 138). So, service was properly effectuated when Defendants' counsel mailed the discovery to Plaintiffs' counsel's address of record on September 14, 2020. Fed. R. Civ. P. 5(b)(2)(C).

And regardless, the evidence before the court establishes that Defendants' counsel provided Plaintiffs' counsel with an electronic copy of the discovery on November 3, 2020. (Filing No. 140-8). Even if Plaintiffs had not waived their objection when they failed to respond to the requests mailed in September, they surely waived them when they failed to respond to the discovery emailed in November. The first notice on the court's docket that Plaintiffs had provided any response to these requests was filed on January 6, 2021 – after a motion to compel was filed and more than 30 days from service. (Filing No. 143). Plaintiffs have not shown good cause for the court to excuse their failure to respond. They must fully respond to each request, as drafted, and may not assert objections they could have otherwise raised.[2]

---

[2] Even if objections had not been waived, it appears to the court that Judge Buescher's January 7, 2021 ruling obviates Plaintiffs' relevancy objections. To the extend it does not, the court finds that, upon review of the proffered discovery, any objection to relevancy is meritless.

Finally, Defendants have asked the court to sanction Plaintiffs for failure to respond to discovery and for the delay and expense created by the necessity of this motion. Defendants argue that on the facts presented, they are entitled to an order requiring Plaintiffs to reimburse their attorney fees and costs related to compelling a response to this outstanding discovery. I have considered the matter and will impose an award of attorney fees. Plaintiffs should have updated their address with the court – doing so would have likely saved this case from four months of additional delay. They should have responded to the emailed discovery. They failed to do so, apparently claiming they had no obligation to do so while their objection to the motion to assert counterclaims was pending. They failed to request leave to stay the discovery response deadline, instead unilaterally choosing not to respond even after the discovery requests were emailed. Such conduct was not substantially justified, and attorney fees must be awarded in favor of the defendants. See Fed. R. Civ. P. 37(a)(5)(A).

Accordingly,

IT IS ORDERED:

1) Defendants' Amended Motion to Compel ([Filing No. 140](#)) is granted and on or before February 4, 2021, Plaintiffs shall fully respond to Defendants' pending interrogatories and requests for production of documents, copies of which are attached to their motion.

2) Defendants are entitled reimbursement of their attorney's fees and expenses incurred in preparing the Motion to Compel and preparing for and participating in the pre-motion telephonic hearing before the undersigned Magistrate Judge.

3) On or before January 28, 2021, Defendants shall submit an itemized billing statement of its fees and expenses to Plaintiffs.

4) Plaintiffs' counsel shall respond to this itemization within ten days thereafter.

5) If the parties agree as to the amount to be awarded, on or before February 19, 2021, they shall file a joint stipulation for entry of an order awarding costs and fees to Defendants.

6) If the parties do not agree on the attorney fees and costs to be awarded, or if Plaintiffs do not timely respond to the Defendants' itemization and demand, Defendants shall file a motion for assessment of attorney fees and costs by no later than March 5, 2021. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

7) If a motion for fees is required, the court may award Defendants up to an additional $1000.00 to recover the cost of preparing their motion for assessment of fees.

Dated this 14th day of January, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge