IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19CV276<br><br>**MEMORANDUM AND ORDER** |

This case is before the court on a motion to compel filed by Plaintiffs Adella A. Bachman, C. Andrew Bachman, Eric J. Bachman, James E. Bachman, Matthew R. Bachman, and Rachel A. Bachman (hereafter "Plaintiffs"). (Filing No. 175). Plaintiffs request an order compelling supplemental response to Interrogatory Nos. 12-15, Requests for Admission Nos. 300-320,[1] and Requests for Production of Documents Nos. 11-12 from Defendants John Q. Bachman and Leaf Supreme Products, LLC (hereafter "Defendants").

After consideration, the motion is granted in part and denied in part.

---

[1] Plaintiffs' motion actually asks for supplemental response to Requests for Admission Nos. 300-330. However, after reviewing the set of requests at issue, it appears that the numbering ends at 320. Requests for Admission 321-330, if they exist, are not in evidence and were not considered.

1

DISCUSSION

At the outset of each civil lawsuit in this district, the court directs the parties to review, and govern their conduct in accordance with, the District of Nebraska's Civil Case Management Practices and the Nebraska Civil Rules. The parties to this lawsuit were instructed to do so in Filing No. 44. (Filing No. 44 at CM/ECF pp. 1-2).

As they relate to discovery disputes, the Civil Case Management Practices advise that

> Disputes over discovery should not derail the court's final scheduling order. To that end, a discovery motion (to compel, quash, or for a disputed protective order), including any motion regarding the scope and production of ESI, cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1 ([j])); and then b) as stated in the case scheduling order, contacting the magistrate judge assigned to the case to discuss the discovery dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

See www.ned.uscourts.gov/attorney/judges-information/civil-case-management.

After several discovery issues arose, the court also went a step further, specifically ordering counsel to contact the court prior to filing additional motions to compel and reiterating that the parties should attempt to informally resolve additional disputes prior to formal motion practice.[2] (Filing No. 122 at CM/ECF p. 16, ¶ d).

---

[2] Plaintiffs' counsel has, on occasion, placed ex parte telephone calls to the court regarding these discovery and procedural matters. The court, in attempt to make a clear record and to include Defendants in any discussion, has memorialized its responses to Plaintiffs' inquiries in email communications that copy both parties. Those communications have also repeatedly instructed the parties to review this court's rules and preferences related to pretrial motion practice. See, e.g., Attachment 1.

Careful consideration was implemented when adopting this court's case management practices and local rules and before entering the orders specific to this case. It has been the collective experience of the magistrate judges in this district that requiring dialogue before formal motion practice fosters a better and more efficient resolution of discovery issues.

That said, the undersigned magistrate judge has allowed some leeway to keep this matter from total derailment. Prior to the instant motion, on March 29, 2021, the court had an email exchange with the parties. Initially, Defendants' counsel reached out to alert the court to a discovery dispute related to Plaintiffs' allegedly deficient responses to Defendants' discovery requests. Defendants' counsel indicated that he intended to attempt informal resolution of Plaintiffs' purportedly deficient responses but that he would shortly be requesting a progression deadline extension to accommodate those discussions. Plaintiffs' counsel responded that he believed, in turn, that Defendants' responses to Plaintiffs' discovery requests were also deficient. The court did not require a conference at that point but advised the parties that the court expected that they would confer in good faith in an attempt to resolve their latest dispute(s). In the end, Plaintiffs filed the instant motion. Defendants have not likewise moved for formal relief.

NECivR 7.1 requires that the parties undertake "personal consultation" related to the discovery at issue prior to formal motion practice. "Personal consultation means person-to-person conversation, either in person or on the telephone. <u>An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party</u>." NECivR 7.1(j) (emphasis added).

There is no evidence that Plaintiffs attempted to resolve this matter through person-to-person conversation and were "thwarted" by Defendants' counsel. The evidence of a meet-and-confer proffered by Plaintiffs is a single email exchange from March 16, 2021. (Filing No. 177). Plaintiffs' counsel's email does not mention the request number for any disputed response and does not mention scheduling a call or meeting to discuss the matter with Defendants' counsel more specifically. (Filing No. 177). Moreover, Plaintiffs' counsel's email evidence of his personal consultation with Defendants predates the March 29, 2021 email exchange with the court. Therefore, there is nothing in the record that indicates Plaintiffs' counsel took seriously the court's directive to attempt to confer with Defendants' counsel regarding the disputed discovery.

Plaintiffs have again failed to comply with the letter and spirit of the local rules. And that alone gives the court grounds to summarily strike Defendants' pending discovery motion without substantive consideration. See NECivR 7.1(j). But, as the undersigned has previously indicated, "the court has tried to assess each procedural mistake with an eye toward fostering the purpose of the Federal Rules as enunciated in Rule 1." (Filing No. 167 at CM/ECF p. 17). With that in mind, both parties have benefitted from some procedural latitude from the court. See (Filing No. 122 at CM/ECF p. 4, fn. 3) (noting that the court would take up substantive issues in the parties' competing discovery motions even though both parties had failed to request a court conference prior to formal motion practice); (Filing No. 167 at CM/ECF p. 3) (allowing substantive evaluation of Plaintiffs' motion for leave to amend although Plaintiffs failed to file a supporting brief); (Filing No. 167 at CM/ECF pp. 17-18) (allowing Defendants to offer an out-of-time supplemental objection to a single request for production).

The court will again allow some latitude to Plaintiffs. Instead of denying Plaintiffs' motion for failing to comply with court rules and orders, the court will reach the merits of the dispute.

Turning to the substance of the instant motion, Plaintiffs have filed a five-page brief in support of their current motion to compel. The bulk of that writing – three of the five pages – comprises a numbered list of Plaintiffs' complaints related to previous (unrelated) rulings entered by the undersigned magistrate judge. It is unclear how Plaintiffs believe that laundry list of past grievances advances their argument on the pending motion. However, because this listing makes up more than two-thirds of their opening brief, the court will address each (briefly) in turn.

First, Plaintiffs find fault with two court orders from Fall 2019. Plaintiffs complain that the court erred in allowing Defendants to assert certain affirmative defenses. Plaintiffs likewise argue that the court should not have allowed Defendants to conduct limited jurisdictional discovery prior to opening the case to complete fact discovery. See (Filing Nos. 44 and 59). Those orders were entered in September and October 2019, respectively. The court understands that Plaintiffs are displeased with the outcome of some of the court's previous rulings. Defendants were also no doubt displeased when the court denied their jurisdictional summary judgment motion. (Filing No. 101). That is the nature of civil litigation. Plaintiffs are best-served here by looking forward – not back. Relitigating these 18-month old issues – which the court has addressed and affirmed multiple times previously – does nothing to advance Plaintiffs' case at present. See (Filing Nos. 44, 59, 68, 75 and 131).

Next, Plaintiffs argue that the court's discovery order at Filing No. 167 misconstrued the court's previous discovery order at Filing No. 122. The dispute

centers on the Responses to Requests for Production Nos. 1, 4, and 5. In the original order, (Filing No. 122), the court found that

> Plaintiffs filed a copy of their document production requests, (Filing No. 115-1). However, the copy provided to the court does not include Defendants' responses to those requests. Presumably, because Plaintiffs only request additional responses to Request Nos. 1, 4 and 5, Defendants previously provided sufficient responses or produced documents sufficient to satisfy the other requests. However, because the parties have not provided the court with Defendants' objections to the RFPs in question, and have not sufficiently briefed the issues, any issues with the RFPs are not properly before the court.

(Filing No. 122 at CM/ECF p. 12). That being said, the court then ordered Defendants to answer or object to those requests "[t]o the extent Defendants have failed to respond." (Filing No. 122 at CM/ECF p. 16). Thereafter, Plaintiffs filed another motion to compel, claiming that Defendants had not answered or objected to the requests as ordered in Filing No. 122. (Filing No. 151). In response to that second motion, Defendants filed evidence that they had timely answered and objected to the requests in question back when they were originally served in September 2020. (Filing No. 156-1).

It is unclear why Plaintiffs continue to insist that Defendants did not timely object to these discovery requests, especially when the responses – including the certificate of service and the transmittal email from last September – have now been filed of record. (Filing No. 156-1 at CM/ECF p. 11). The court substantively reviewed the objections, found that they were valid, and declined to overrule them. (Filing No. 167 at CM/ECF pp. 13-16).

Plaintiffs also claim that "this Court has held that the Plaintiffs' case for punitive damages is weak[,]" which Plaintiffs believe is contrary to the evidence. (Filing No. 176 at CM/ECF p. 4). The undersigned has never analyzed or otherwise

evaluated the relative strength of Plaintiffs' punitive damages evidence. Presumably, Plaintiffs refer to the court's previous determination that the law is unsettled as it relates to the availability of punitive damages under the Fair Labor Standards Act ("FLSA"). ([Filing No. 167 at CM/ECF p. 15](#)). There is no binding Eighth Circuit precedent either way on that issue, and given the legal uncertainty, the court declined to find (for the purposes of discovery) that Plaintiffs had made a prima facie showing that they are entitled to punitive damages as a matter of law. No final determination has been made by either the undersigned magistrate judge or the presiding district judge in this case, and Plaintiffs are free to pursue a punitive damages theory at present.

Finally, Plaintiffs insinuate that the undersigned is somehow biased against them because I have observed that Plaintiffs' motion practice has been abundant through the life of this lawsuit. That observation, however, is an undeniable fact. And it has been noted in previous orders from the district judges assigned to this matter, as well. The court has noted the breadth of the pretrial motion practice to underscore its preference that the parties attempt informal resolution of some matters rather than transform each bump-in-the-road into a fully briefed motion. And while the court hoped that its admonition would tamp down the need for judicial involvement, those admonishments have never affected the court's substantive evaluation of any of the past motions; that being borne out, it would seem, by the fact that every objection to my orders has been overruled by the district judge.

Other than the above accounting of past orders, Plaintiffs' supporting brief does not contain much of a discussion illuminating the current discovery issues. It appears that Plaintiffs seek an order overruling <u>all</u> objections to Interrogatory Nos. 12-15, Requests for Admission Nos. 300-320, and Requests for Production of Documents Nos. 11-12.

On the motion to compel, the moving party must make a threshold showing that the requested information is relevant to the claims or defenses alleged. ACI Worldwide Corp. v. Mastercard Techs., LLC, 2015 WL 4249760, at *1 (D. Neb. July 13, 2015). If they do so, the burden shifts to Defendants, as the responding parties, to prove their "objections are valid by providing specific explanations or factual support as to how each discovery request is improper." Whittington v. Legent Clearing, LLC, 2011 WL 6122566, * 3 (D. Neb. Dec. 8, 2011).

"[T]he standard of relevance in the context of discovery is broader than in the context of admissibility." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). "Discovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case…[.]" Marquis ProCap Sys., LLC v. Novozymes N. Am., Inc., 2021 WL 119570, at *3 (D. Neb. Jan. 13, 2021) (citation omitted and emphasis added).

The court has reviewed the responses and objections in question and finds as follows.

I. Interrogatories

Interrogatories 12-15 seek information related to Plaintiffs' purported loans and in-kind contributions to Leaf Supreme and any agreement to reimburse those contributions either in whole or in part. (Filing No. 175-6).

After reviewing the interrogatories in dispute, the court finds that Plaintiffs have met the low bar of relevancy. Marquis ProCap, 2021 WL 119570, at *3. Whether and to what extent Plaintiffs were infusing cash into the business provides relevant context regarding Leaf Supreme's operating structure and who was controlling its financial levers. This is especially true in light of Defendants' newly

alleged counterclaims and the allegation contained therein that Plaintiffs were siphoning money from the business for personal use. Whether they were also putting money into the business is relevant to contextualize the money they were allegedly taking out. Any agreement to reimburse them is likewise relevant. Thus, the court finds that Interrogatory Nos. 12-15 are facially relevant and Defendants' relevancy objections are overruled.

In addition to the relevancy objections, Defendants made a numerosity objection as to each disputed interrogatory, claiming that Plaintiffs have exceeded the 25-interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1). In their opposition brief, Defendants claim that the undersigned previously held that Plaintiffs exceeded the 25-interrogatory limit in the order at Filing No. 122. (Filing No. 179 at CM/ECF pp. 1-2). That, however, is not the case. The court previously found that Defendants had not properly raised their numerosity objection and did not evaluate whether Plaintiffs had exceeded the 25-interrogatory limit. (Filing No. 122 at CM/ECF pp. 11-12).

Other than to incorrectly state that the court had already ruled on this issue, Defendants make no attempt to explain their objection. They do not provide the court with any context for how they have counted the interrogatory subparts to arrive at a number totaling more than the permissible 25. As the party resisting discovery, Defendants must provide the court with "specific explanations or factual support as to how each discovery request is improper." Whittington v. Legent Clearing, LLC, 2011 WL 6122566, * 3 (D. Neb. Dec. 8, 2011). Defendants have not done that in this instance. The court will, based on this record, overrule the numerosity objection.

The court has therefore overruled both bases on which Defendants have objected. Defendants must supplement their answers to fully respond to

Interrogatory Nos. 12-15 to the extent they have not already answered over their previous objections.

II. Requests for Admission

The court previously granted Defendants' request for a protective order as it related to Plaintiffs' 299 individual requests for admission. ([Filing No. 122 at CM/ECF p. 16](#)). In finding that the previous set of requests was excessive, the court protected Defendants from the burden of answering only that specific, excessive set. Plaintiffs were fully within their right to reevaluate the scope of their requests and to serve a more limited set of requests for admission on Defendants. And that is precisely what they did. Defendants complain that this was an impermissible "tactic [by Plaintiffs] to avoid the Court's ruling on the previous 299 requests for admission." ([Filing No. 175-5](#)). To the extent Defendants are objecting to the requests for admission based on that perceived "tactic," their objections are overruled.

With the sole exception of Request No. 319,[3] each request for admission in this set asks Defendants to admit or deny that Plaintiff Adella Bachman and/or an individual named Bradley Dollis made deposits into a Security National Bank account in specific amounts on specific dates. But Plaintiffs did not attach any records, cancelled checks, or the like to their Third Set of Requests for Admission for Defendants to specifically review in connection with their responses.

For each request, Defendants state they located a deposit slip for the date listed which includes only a notation of "AB/BD." Defendants claim that they do not

---

[3] Request No. 319 asks for an admission that Plaintiff Andrew Bachman made a certain monetary deposit.

have access to any additional information that would allow them to further admit the facts contained in each request. ([Filing No. 179 at CM/ECF pp. 2-3](#)).

To the extent Defendants become aware of additional facts that would allow them to further respond to these requests, they are under a continuing obligation to supplement their responses to reflect their updated knowledge or understanding of the facts. But as it stands, Defendants have responded to the requests for admissions. There is nothing more to compel.

### III. Requests for Production

Finally, Plaintiffs ask the court to compel a supplemental response to Requests for Production Nos. 11-12. While cited in their motion, Request Nos. 11-12 are not addressed in Plaintiffs' briefing and the court has no further information related to the basis of Plaintiffs' discontent with the current responses to these requests.

Request No. 11 seeks documentation supporting the contention that "Plaintiffs were not entitled to reimbursement for their expenses incurred related to Leaf Supreme Products, LLC and/or contributions made to Leaf Supreme Products, LLC." ([Filing No. 175-7 at CM/ECF p. 2](#)).

In response to Request No. 11, Defendants direct Plaintiffs to an attached chart outlining certain purported withdrawals made by Plaintiffs for personal use. Defendants further indicate that they have no records that would establish that the withdrawals made by Plaintiffs were business related. The court is unsure what else Plaintiffs are looking for in response to this request, but it does not appear, based on the record currently before the court, that there is anything to compel.

Defendants objected to Request No. 12 because it was "nonsensical." The court agrees that Plaintiffs' Request No. 12 is suffering from some grammatical shortcomings. The court is not sure exactly what Plaintiffs were seeking in that request, and the court can therefore not compel any further response.

IV. Conclusion

Many of the foregoing issues could have been resolved had the parties attempted to meaningfully discuss them. This will be the last time the undersigned will be lenient when either party disregards this court's rules, previous orders, and guidance. Prospective motions will comply or they will be stricken.

Accordingly, IT IS ORDERED:

1) Plaintiffs' Motion to Compel ([Filing No. 175](Filing No. 175)) is granted in part and denied in part as outlined herein;

2) On or before May 24, 2021, Defendants shall provide supplemental answers to Interrogatory Nos. 12-15.

Dated this 5th day of May, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge