IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19-CV-276<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

This matter is before the Court on the Plaintiffs' Objection to Magistrate Judge's Order, Filing 171. Plaintiffs object to the Magistrate Judge's denial of both Plaintiffs' Motion to Compel (Filing 151) and Plaintiffs' Motion to Amend Complaint (Filing 154). For the reasons stated below, the Objection is overruled.

## II. BACKGROUND

This is the fifth time this Court has been asked to rule on various motions in this case, which are in addition to the numerous times the Magistrate Judge has expended time ruling on various motions and disputes of the parties. This Court incorporates its previous Orders, Filing 10, Filing 23, Filing 101, and Filing 145, which contain a more detailed recitation of the factual allegations and procedural history of this case. The Court provides the following background relevant to Plaintiffs' Objection.

Defendant Leaf Supreme Products, LLC ("Leaf Supreme") is a Nebraska limited liability company. Filing 26 at 1. It manufactures guards that keep debris out of rain gutters. Filing 26 at 2.

Defendant John Q. Bachman is a member and majority owner of Leaf Supreme. Filing 26 at 1. Plaintiffs have been Leaf Supreme's only employees. Filing 26 at 2-4. Plaintiffs assert that from October 1, 2016, to the present, they have not been paid any wages. Filing 26 at 8. Plaintiffs allege that James, Adella, Eric, Andrew, Rachel, and Matthew Bachman were all employees of Leaf Supreme from its inception until April 4, 2019. Filing 26 at 2-4.

On January 18, 2021, Plaintiffs filed a Motion to Compel, requesting an order compelling Defendants to respond to Plaintiffs' Requests for Production Nos. 1, 4, and 5. Filing 151. Plaintiffs argued Defendants are in violation of the November 18, 2020, Order, Filing 122; according to Plaintiffs, the court compelled Defendants to produce documents in response to Requests Nos. 1, 4, and 5. Filing 151 at 2. Subsequently, on January 20, 2021, Plaintiffs filed a Motion to Amend, Filing 149. The Magistrate Judge denied both motions in the Memorandum and Order issued on March 19, 2021. Filing 167. Plaintiffs filed an Objection to the Magistrate Judge's Order, stating the order misstates the record, is erroneous as a matter of law, and the Court abused its discretion. Filing 171.

### III.   STANDARD OF REVIEW

In an appeal from a magistrate judge's order on a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040, 1043 (S.D. Iowa 2010) (internal

2

quotation marks omitted). The standard of review for an appeal of a magistrate judge's order on nondispositive matters is extremely deferential. *See* 28 U.S.C. § 636(b)(1)(A).

## IV. ANALYSIS

Plaintiffs object to a portion of Magistrate Judge Cheryl Zwart's Memorandum and Order, Filing 167 ("the Order"), specifically her denial of Plaintiffs' Motion to Amend Complaint, Filing 154, and Plaintiffs' Motion to Compel, Filing 151. The Motion to Amend was correctly denied because Plaintiffs failed to establish good cause for amending the pleadings after the progression deadline. The Motion to Compel was correctly denied because Plaintiffs failed to show the relevance of past financial statements and tax returns to the current financial status of Defendants. The Court overrules Plaintiffs' Objection, finding that the Order was not clearly erroneous or contrary to the law.

### A. Motion to Amend

The Order denied Plaintiffs' Motion to Amend because Plaintiffs failed to show good cause to amend outside the court's scheduling order. Filing 167 at 5. The Order applied the correct standard when evaluating whether to grant the motion to amend, because after the progression deadline to amend pleadings has passed, the moving party must show good cause under Rule 16(b). Plaintiffs moved to amend their Amended Complaint under Rule 15, but the motion was made after the progression deadline to amend pleadings. Filing 154. The Order denied the motion to amend because Plaintiffs failed to provide good cause to amend as required under Rule 16. Filing 167.

The Eighth Circuit clearly defined the different standards applied under Rule 15 and Rule 16. Rule 16(b) states that district courts "must issue a scheduling order limiting the time to amend

3

the pleadings, and that a scheduling order "may be modified only for good cause." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (quoting Fed. R. Civ. P. 16(b)). "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." *Id*. "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) 'would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.'" *Id*. (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).

The deadline to amend pleadings and add parties was October 1, 2020. Filing 104. Plaintiffs filed their Motion to Amend First Amended Complaint on January 20, 2021. Filing 154. As the deadline to amend pleadings had passed, the good cause standard of Rule 16(b) applied to the motion. Plaintiffs' did not provide an explanation for the delay in their initial briefing, and Magistrate Judge Zwart correctly found that Plaintiffs did not meet the good cause standard to allow amending the complaint under Rule 16(b). Filing 167 at 5.

Plaintiffs argue that the delay in filing the amended complaint was due to uncertainty of federal jurisdiction over claims of contributions and the desire to confine the lawsuit to a wage claim. Filing 172 at 27. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (quoting *Sherman*, 532 F.3d at 716 (internal citations omitted)). Courts "focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order." *Id.* (quoting *Sherman*, 532 F.3d at 717). "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [the court] may conclude that the moving party has failed to show good

4

cause." *Id.* (quoting *Sherman*, 532 F.3d at 718). The Plaintiffs' reasoning, uncertainty of federal jurisdiction and desire to restrict the scope of the lawsuit, does not involve a change in law or newly discovered facts. Filing 172 at 27. The briefing does not indicate any diligence on Plaintiffs' part to comply with the progression order deadlines.

Plaintiffs also argue that basic fairness requires that they must be allowed to amend their complaint because Defendants were allowed to amend their answer, affirmative defenses, and counterclaim. Filing 172 at 27. Defendants submitted their amended pleading on October 1, 2020, as required by the progression order, whereas Plaintiffs did not move to amend until January 20, 2021. Filing 111. Fairness requires the Court to uphold progression deadlines, and not render scheduling orders meaningless. Plaintiffs did not show good cause to amend after the progression order deadline. The Court overrules Plaintiffs' Objection to the Order, Filing 171.

### B. Motion to Compel

Plaintiffs spend a significant portion of their briefing on 1) whether punitive damages are allowed under the Fair Labor Standards Act, Filing 172 at 7-19, and 2) whether Plaintiffs have pled a prima facie case for punitive damages, Filing 172 at 19-20. This discussion is irrelevant to Judge Zwart's ruling on the Motion to Compel discovery, and it is inappropriate for the Court to address whether FLSA allows punitive damages because it is not properly before the Court at this time.

Relevant to the matter before the Court, on January 18, 2021, Plaintiffs filed a Motion to Compel, requesting an order compelling Defendants to respond to Plaintiffs' Requests for Production Nos. 1, 4, and 5.[1] Filing 151. Plaintiffs argued Defendants are in violation of the

---

[1] The Requests for Production at issue in the Motion to Compel, Filing 151:
REQUEST NO. 1: All Federal income tax returns filed by the Defendants from 2016-2018.

5

November 18, 2020, Order where allegedly, the court compelled Defendants to produce documents. Filing 151 at 2.

However, the November 18, 2020, Order did not substantively evaluate the discovery responses or compel the production of such documents. Filing 122 at 12-13.

> Any issues with the RFPs (request for production) are not properly before the court. That said, if Defendants have not objected, but also have not produced the documents, they must do so immediately. If Defendants have failed to respond to those requests altogether, they must do so immediately. If Defendants have lodged objections to those requests, and the parties disagree as to the validity of those objections, the parties must contact the court for a discovery dispute conference to discuss those objections and attempt to resolve those issues."

Filing 122 at 12-13. The original requests were served on Defendants on September 1, 2020, and Defendants served responses on September 28, 2020. Filing 156-1. The responses were properly served and timely, and the court was "perplexed as to the basis of Plaintiffs' motion." Filing 167 at 13. The court construed the Motion to Compel as a request "that the court substantively review the objections raised by Defendants in their September 28, 2020 discovery responses." Filing 167 at 13. As is plainly evident from the November 18, 2020 Order, the court did not rule on the

---

RESPONSE: Such records will be produced. However, such records have already been provided to Plaintiffs as part of the Declaration of John Bachman (filed in support of Defendant's Motion for Summary Judgment, Ex's. 1-d, 1-E, 1-F). Filing 156-1 at 4.
SUPPLEMENTAL RESPONSE: Defendants object to the production of the personal tax returns of Defendant John Bachman. This request appears to ask for personal financial statements of John Bachman and his partners. Such information is not relevant to any of the issues in the case, nor will it lead to relevant evidence in this case. The financial standing of any equity holders of Leaf Supreme has nothing to do with a wage claim. This objection is consistent with the objections to Requests numbered 4 and 5. Filing 156 at 76-77.

REQUEST NO. 4: All personal financial statements filed by the Defendants with any lending institution from 2016-2019.
RESPONSE: Defendants object to this Request. This request appears to ask for personal financial statements of John Bachman and his partners. Such information is not relevant to any of the issues in the case, nor will it lead to relevant evidence in this case. The financial standing of any equity holders of Leaf Supreme has nothing to do with a wage claim.

REQUEST NO. 5: All statements from any bank, savings and loan, savings institution, stockbroker or any other document filed in conjunction with any personal financial statement from 2016-2019.
RESPONSE: Please see response to Request no. 4. Filing 156-1 at 4-5.

substantive merits of the responses and objections to the requests for production, in fact it stated if "the parties disagree as to the validity of those objections, the parties must contact the court for a discovery dispute conference to discuss those objections and attempt to resolve those issues." Filing 122 at 12-13. Plaintiffs misstate the effect of the November 18, 2020, Order, when Plaintiffs baldly stated "the Court had already granted the Plaintiffs [sic] motion to compel." Filing 172 at 21.

In evaluating Plaintiffs' Objection to the Magistrate Judge's denial of the motion to compel, the Court must determine if any decision was clearly erroneous or contrary to law as required by 28 U.S.C. § 636(b)(1)(A). First, the Court will evaluate whether financial statements are relevant, and second, it will determine whether the personal income tax returns are relevant and discoverable. The Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law, and therefore, the Court overrules Plaintiffs' Objection, Filing 171.

The Magistrate Judge found that "[i]rrespective of whether punitive damages could be awarded, the specific requests for production at issue here are not relevant to that issue. Only the current financial health of Defendants is relevant to the assessment of punitive damages." Filing 167 at 15. Emphasis in original. Request Nos. 4 and 5 sought financial statements from 2016 through 2019, and the court found that those records do not bear on Defendants' financial health in 2021 and are not relevant to any claim or defense. Filing 167 at 15. The court applied the same reasoning to Request No. 1, which sought federal income tax returns from 2016 to 2018. Filing 167 at 18.

Plaintiffs argue that Magistrate Judge Zwart's ruling is contrary to law, and that under the liberal scope of Fed. R. Civ. P. 26, the Court should allow the discovery of past financial documents and tax returns to get a more accurate picture of Defendants' financial health. Filing

7

172 at 22-23. Plaintiffs assert that only one year of financial information may not be enough, and other courts have allowed up to six years of financial documents. Filing 172 at 23. Plaintiffs cite *Boles v. National Heritage Realty, Inc.*, 2010 WL 2985824 (N.D. Miss. July 27, 2010), stating the court allowed discovery of six years of financial documents to determine financial condition of defendants for punitive damages. Filing 172 at 23. However, an important distinction is missing from Plaintiffs' argument; in *Boles*, the defendants were not individuals but business entities. *Boles v. National Heritage Realty, Inc.*, 2010 WL 2038611 (N.D. Miss. May 20, 2010). Additionally, in *Boles*, the Court noted that there was prior inconsistent testimony by the former chief financial officer of the business, and plaintiff had agreed to pay the defendants' costs and expenses of production. 2010 WL 2985824, at *1. Here, Plaintiffs seek the personal financial statements of an individual defendant for 2016 through 2019, as well as income tax returns filed by Defendants from 2016 to 2018. As it relates to punitive damages, [2] only the current financial health of the defendant is relevant, and Plaintiffs seek past financial statements that cannot reasonably lead to relevant information. *See Flores v. Tyson Foods, Inc.*, 2013 WL 1091044, at *5 (D. Neb. Mar. 15, 2013). Under the deferential standard review of a magistrate judge orders on nondispostive matters, Plaintiff has failed to show how Magistrate Judge Zwart's determination that Defendants' personal financial statements from 2016 through 2019 are irrelevant to their current financial status was clearly erroneous or contrary to law.

In addition to finding that the tax returns and financial statements were not relevant, the Order noted that a motion to compel production of personal tax returns requires a heightened showing. *Flores*, 2013 WL 1091044, at *5. Under the two-pronged test, "a court first asks whether

---

[2] The Court reiterates that it has not determined whether punitive damages are allowed under FLSA.

the tax returns are relevant." [3] *Id.* (citing *E–P Int'l Distrib. Inc. v. A & A Drug Co.*, 2009 WL 1442534, at *5 (D. Neb. May 21, 2009)). If the tax returns are relevant, "then the question becomes whether there is a compelling need for the returns." *Id.* (quoting *E–P Int'l Distrib. Inc.*, 2009 WL 1442534, at *5). In determining whether there is a compelling need for the tax returns, "a court examines whether the information in the returns is readily obtainable from another source." *Id.* (quoting *E–P Int'l Distrib. Inc.*, 2009 WL 1442534, at *5). "When applying this test, '[t]he party seeking discovery has the initial burden to show that the tax returns are relevant. The burden then shifts to the adverse party, to show the information in the tax returns is more readily obtainable elsewhere.'" *Id.* (quoting *E.E.O.C. v. Ceridian Corp.*, 610 F.Supp.2d 995, 997 (D. Minn. 2008)).

Plaintiffs argue that Defendants' personal tax returns are relevant because of a tax reduction defendant John Bachman may have applied for on his personal income tax return which would contradict his assertion that Plaintiffs ran the business.[4] Filing 172 at 21. Plaintiffs argue that the Order was contradictory to *Hofer v. Mack Trucks, Inc.*, and its holding that Fed. R. Civ. P. 26(b) is liberal in scope and interpretation. 981 F.2d 377 (8th Cir. 1992). But *Hofer's* liberal scope does not apply to personal tax returns, given the heightened showing necessary to compel discovery. Even if the tax returns were relevant to determine whether John Bachman took the partnership loss deduction and if he was involved in the running of Leaf Supreme, that information is readily available from other sources. The Court finds that the Order was not clearly erroneous or contrary

---

[3] The majority of jurisdictions follow the two-part test in evaluating whether to compel personal tax returns. *E.E.O.C. v. Ceridian Corp.*, 610 F.Supp.2d 995, 996–97 (D. Minn. 2008) (citing jurisdictions applying the two-part test); *PSK, L.L.C. v. Hicklin*, 2010 WL 2710507 (N.D. Iowa July 8, 2010) (noting that most courts in the Eighth Circuit have adopted the two-part test).
[4] Plaintiffs assert that under Internal Revenue Code § 469, if a taxpayer deducts a partnership loss, they must have materially participated in the operations or associated partnership. This means the taxpayer would have participated at least 500 hours per year. 26 CFR § 1.469-5T(a)(1). Defendant John Bachman claimed he was not involved in the business operations of Leaf Supreme, but if he took the partnership loss deduction, this would contradict his assertion. Filing 172 at 21.

9

to law in denying Plaintiffs' Motion to Compel because the financial statements and income tax returns are not relevant.

## V. CONCLUSION

Plaintiffs have not demonstrated that the Magistrate Judge's order was clearly erroneous or contrary to law. IT IS ORDERED that the Plaintiffs' Objection to Magistrate Judge's Order, [Filing 171](), is overruled.

Dated this 23rd day of June, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge