IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19-CV-276<br><br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion for Reconsideration of the Court's previous order overruling objections to the Magistrate Judge's Order. Filing 187. Plaintiffs also request that this Court certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Filing 187. For the reasons stated below, the Court denies Plaintiffs' motion.

## II. BACKGROUND

This motion follows the numerous previous motions filed by Plaintiffs, including many this Court found to have no merit. The Court incorporates its previous orders, Filing 10, Filing 23, Filing 101, and Filing 145, which contain a more detailed recitation of the facts of this case.

1

## A. Procedural History

On June 25, 2019, Plaintiffs filed a complaint against Leaf Supreme Products, LLC, and John Q. Bachman. Filing 1. Soon afterwards, Plaintiffs filed several motions for preliminary injunction, Filing 2, Filing 7, Filing 8, and Filing 9, which were denied by Senior Judge Laurie Smith Camp. Filing 10. Judge Smith Camp noted that Plaintiffs did not address any of the required factors to support a motion for preliminary injunction and had "demonstrated no legal basis for an injunction." Filing 10. Undeterred, Plaintiffs filed another motion for preliminary injunction, Filing 14, and an Amended Motion for Temporary Restraining Order, Filing 16, their fifth and sixth attempts to obtain preliminary injunctive relief. Judge Smith Camp again denied Plaintiffs' motions. Filing 23.

Immediately after filing their amended complaint, Filing 26, and before initiating any discovery, Plaintiffs moved for summary judgment. Filing 27. Judge Smith Camp denied Plaintiffs' motion for summary judgment without prejudice as premature. Filing 55. In her order, Judge Smith Camp admonished,

> Plaintiffs also failed to comply with this Court's local rules. Specifically, Plaintiffs failed to submit a statement of individually numbered facts which they contest are material and undisputed. *See* NECivR 56.1(b)(1). Further, Plaintiffs' Motion failed to include pinpoint citations to evidence that supported their factual assertions. These deficiencies alone could be grounds for denial of summary judgment. The Court encourages the parties to familiarize themselves with the Court's local rules and the Federal Rules of Civil Procedure before this case progresses through discovery and future motion practice.

Filing 55.

After limited discovery on a separate jurisdictional issue, Plaintiffs filed a motion for partial summary judgment and a motion to dismiss Defendants' affirmative defenses. Filing 82; Filing 84. Yet again, Judge Smith Camp denied Plaintiffs' motions without prejudice as premature because no discovery had taken place on the issues supporting either of Plaintiffs' motions. Judge

Smith Camp took the time to politely explain to Plaintiffs why further discovery was necessary before she could address Plaintiffs' motions. Filing 101 at 11-14. Plaintiffs' inability to obtain summary judgment was partially their own fault, as Judge Smith Camp noted, "Despite the parties' extensive motion practice—and perhaps because of it—this case is at an early stage procedurally." Filing 101 at 13.

After the unexpected passing of Judge Smith Camp, this case was reassigned to the undersigned judge. Filing 107. Plaintiffs continued to make numerous objections and motions as this case progressed. *See, e.g.,* Filing 112 (objection to motion to amend), Filing 114 (objection to motion for protective order), Filing 118 (motion to strike motion to compel), Filing 123 (objections to Magistrate Judge's Order), Filing 125 (motion for reconsideration regarding order on motion for summary judgment), Filing 130 (motion for reconsideration regarding order on motion for reconsideration). Observing the effect Plaintiffs' relentless motion practice has had on this case, the Magistrate Judge wrote in her order denying one of Plaintiffs' motions, "In what should be a relatively straightforward FLSA case, Plaintiffs' federal motion practice has created a Gordian Knot, necessitating a diagramed schematic of Plaintiffs' recurring and duplicative motion practice to figure out what they are currently requesting." Filing 131 at 2-3.

After the Magistrate Judge made a straightforward ruling giving Defendants' leave to amend their answer, Filing 122 at 14, Plaintiffs filed yet another motion objecting to the order. Filing 123. In its January 7, 2021 order, the Court overruled Plaintiffs' objections. Filing 145. The Court observed that discovery was needed before it could determine if the amendment would be futile. Filing 145 at 5-6.

The above motions are just some examples of the extensive (and mostly unnecessary) litigation in this case.

### B. Facts Relevant to Current Motion

Defendant Leaf Supreme Products, LLC ("Leaf Supreme") is a Nebraska limited liability company. Filing 26 at 1. It manufactures guards that keep debris out of rain gutters. Filing 26 at 2. Defendant John Q. Bachman is a member and majority owner of Leaf Supreme. Filing 26 at 1. Plaintiffs have been Leaf Supreme's only employees. Filing 26 at 2-4. Plaintiffs assert that from October 1, 2016, to the present, they have not been paid any wages. Filing 26 at 8. Plaintiffs allege that James, Adella, Eric, Andrew, Rachel, and Matthew Bachman were all employees of Leaf Supreme from its inception until April 4, 2019. Filing 26 at 2-4.

On January 18, 2021, Plaintiffs filed a Motion to Compel, requesting an order compelling Defendants to respond to Plaintiffs' Requests for Production Nos. 1, 4, and 5. Filing 151. Plaintiffs argued Defendants were in violation of the Court's November 18, 2020 order. Filing 122. According to Plaintiffs, the Court had compelled Defendants to produce documents in response to Requests Nos. 1, 4, and 5 in its previous order. Filing 151 at 2. Subsequently, on January 20, 2021, Plaintiffs filed a Motion to Amend. Filing 154. The Magistrate Judge denied both motions on March 19, 2021. Filing 167. Plaintiffs filed an Objection to the Magistrate Judge's Order, stating the order misstated the record, was erroneous as a matter of law, and that the Court abused its discretion. Filing 171.

In its June 23, 2021 Memorandum and Order, the Court overruled Plaintiffs' objections. Filing 184. The Court found that Plaintiffs did not show cause to amend after the progression order deadline. Filing 184 at 5. Furthermore, the Court found that the Magistrate Judge's denial of Plaintiffs' motion to compel was not clearly erroneous or contrary to the law because the documents at issue were not relevant. Filing 184 at 9-10. Unsatisfied, Plaintiffs filed a Motion for

Reconsideration "regarding Order on Appeal to Magistrate Judge Order" on July 1, 2021. Filing 187.

### III. ANALSYIS

#### A. Standard of Review

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration is not the appropriate place to "tender new legal theories for the first time." *Id.* (quoting *Hagerman*, 839 F.2d at 414). Nor is it "a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

"Relief is available under [Rule 60(b)(6)] . . . only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 772, 197 L. Ed. 2d 1 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649, 162 L. Ed. 2d 480 (2005)). More specifically, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citing *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994)).

#### B. Motion for Reconsideration

Plaintiffs ask this Court to reconsider its order overruling Plaintiffs' objections to the Magistrate Judge's denial of Plaintiffs' motion to compel Requests for Production Nos. 1, 3, and 5. Filing 151. In general, the Requests for Production ask for Federal income tax returns from 2016-2018, personal financial statements filed by Defendants with any lending institution from 2016-2019, and any document filed in conjunction with any personal financial statement from

2016-2019. Filing 151. Defendants objected on the basis that these past financial documents were irrelevant to this case. Filing 156. The Court agreed. Filing 167 at 11-20; Filing 184 at 5-10.

Plaintiffs further ask the Court to reconsider Plaintiffs' overruled objections to the Magistrate Judge's denial of their motion to amend. Filing 184 at 3-5. The Court found that the Plaintiffs had failed to show good cause to allow them to amend their complaint long after the deadline to do so had passed. Filing 184 at 3-4. It further found that fairness required it to uphold progression deadlines and not render scheduling orders meaningless. Filing at 184 at 5. Plaintiffs make no new arguments supporting the Court revisiting this ruling.

In their brief motion for reconsideration, Plaintiffs make the same arguments they made previously that were rejected by this Court. Filing 172 at 20-28; Filing 188 at 1-4. Plaintiffs make no showing that "exceptional circumstances" exist or that they were denied a fair chance to litigate this case. Plaintiffs' motion for reconsideration therefore has no merit.

Plaintiffs' counsel also includes a further missive to the Court claiming "it was his duty to correct the record" by claiming that "Judge Zwart granted the Plaintiffs' Motion to compel the tax returns in the docket sheet entry." Filing 188 at 2. The Court has reviewed this contention and concludes it is a purposeful misstatement of the record by Plaintiffs' counsel.

In her November 18, 2020 order, the Magistrate Judge noted that the requests for production Plaintiffs filed with the Court in their motion to compel did not include Defendants' responses, including any of Defendants' objections. Filing 122 at 12-13. This order compelled Defendants to file a response or objection to Plaintiffs' requests for production. Filing 122 at 12-13. The docket sheet reflects what Judge Zwart did in her written order; namely, that responses were compelled "[t]o the extent Defendants have failed to respond to Plaintiffs' Request for Production of Documents Nos. 1, 4, or 5." Filing 122 (docket sheet entry).

6

Plaintiffs' claim that "Judge Zwart granted the Plaintiffs' Motion to compel the tax returns." This claim is a false representation as to any reasonable and fair reading of the entirety of this dispute. Judge Zwart required responses—if they were not already provided—not the tax returns. Filing 122 at 12-13. This is exactly what Judge Zwart said in her order. Filing 167 at 11-12 ("Plaintiffs' argument is not supported by the clear language and reasoning of the court's previous order. . . . [T]he Court did not compel Defendants to produce documents."). Judge Zwart's previous order required Defendants to respond and object to Request Nos. 1, 4, or 5 if they had not done so already. Filing 122 at 12-13.

Further, once Judge Zwart received Defendants' objections, she then granted Defendants' objections in a March 19, 2021 order, meaning Defendants did not have to provide the tax returns. Filing 167 at 11-20. In its June 23, 2021 order overruling Plaintiffs' objections to the Magistrate Judge's order, the Court ruled that it was "plainly evident" that the Magistrate Judge had never granted Plaintiffs' motion to compel the tax returns. Filing 184 at 6-7.

As has been a constant theme throughout this litigation, Plaintiffs' motion to reconsider has no merit. Indeed, given the previous litigation conduct of Plaintiffs in this case, this Court concludes the instant motion to reconsider is frivolous. Relitigating the merits of a past objection that the Court already overruled, without any showing that there has been a manifest error of law or fact, is a waste of judicial resources. See *Broadway*, 193 F.3d at 990. Plaintiffs woefully fail to make any reasonable arguments as to why the Court should reconsider its prior ruling. Plaintiffs' motion for reconsideration is denied.

## C. Request to Certify an Interlocutory Appeal

Plaintiffs ask the Court to certify this simple discovery issue for an interlocutory appeal pursuant to 28 U.S.C. § 1292. The Court declines.

28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b). Section 1292(b) should be used only in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

Plaintiffs argue that this Court should certify an interlocutory appeal because "the issue before this Court is a case of first impression for the Federal courts." Filing 188 at 4. It is not. Moreover, Plaintiffs have not shown that this issue involves a controlling question of law, that there are substantial grounds for difference of opinion, or that a decision on appeal may avoid protracted litigation. In fact, allowing Plaintiffs to appeal a routine discovery issue would unnecessarily stretch this already prolonged litigation further, after Plaintiffs have already prolonged this litigation through meritless motions. This matter is unexceptional and does not warrant an interlocutory appeal that would further drag out these proceedings.

### D. Notice Regarding Potential for Sanctions

In reviewing the record of Plaintiffs' counsel in this matter, the Court is astonished as to the number of baseless motions filed by Plaintiffs, several of which violated this Court's rules or are unsupported by established law. Plaintiffs have repeatedly filed repetitive motions involving the same issues already decided by this Court. The Court therefore advises that if Plaintiffs through their counsel continue to file frivolous motions, the Court will impose sanctions pursuant to 28

U.S.C. § 1927 and Federal Rule of Civil Procedure 11(b)-(c).[1] Any sanctions imposed will include monetary sanctions. The Court advises that all named Plaintiffs may be personally responsible to pay into the Court any such monetary awards. Counsel for Plaintiffs is ordered to give a copy of this order to each person counsel represents in this matter so that the named Plaintiffs understand the potential consequences to themselves if Plaintiffs' counsel continues this dilatory conduct on their behalf.

## IV. CONCLUSION

Plaintiffs have failed to show that the Court has committed a manifest error of law or fact. Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion for Reconsideration, Filing 187, is denied.

Dated this 9th day of September, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge

---

[1] *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749-50 (8th Cir. 2018) (affirming district court's imposition of sanctions under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 for relitigating already-decided discovery issues).