IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | **8:19CV276**<br><br>**ORDER** |

This case is before the court on Plaintiffs' motion to reconsider its previous order (Filing No. 148) which sanctioned Plaintiffs for failing to timely respond to written discovery. (Filing No. 208). Plaintiffs claim "new evidence" justifies revisiting the sanctions award entered on January 14, 2021. Specifically, Plaintiffs claim that on September 14, 2021, Defendants inadvertently provided Plaintiffs with a tax document that is unrelated to this case, (Filing No. 208 at CM/ECF pp. 1-2), and this "new evidence" demonstrates that Defendants may not have actually served the written discovery requests underlying the previous sanctions order. (Filing No. 208 at CM/ECF p. 1).

The court is unimpressed with Plaintiffs' logic on this point. Perhaps more importantly, this "new evidence" is irrelevant to the outcome of the prior sanctions motion. While there was some quibbling at the time as to whether Plaintiffs

received the discovery requests purportedly served in September/October 2020,[1] Plaintiffs were undisputedly served with the discovery requests, via email, on **November 3, 2020**. (Filing No. 148 at CM/ECF p. 4). As my previous order states, even after the November service date, Plaintiffs failed to provide responses within the 30 days allotted by the Rules. The November 3, 2020 transmittal email and its attached discovery requests is part of the record (see Filing No. 140-8), and it was relied on and cited by the court repeatedly in its sanctions order. (Filing No. 148 at CM/ECF pp. 2, 4). The court finds Plaintiffs' motion to reconsider based on the "new evidence" now cited is completely without merit. It will be denied.

On September 9, 2021, Judge Buescher warned Plaintiffs that filing repetitive, frivolous motions would result in the imposition of additional sanctions. (Filing No. 203 at CM/ECF p. 9). Plaintiffs are again warned that the ice has grown razor thin under the weight of their baseless requests to relitigate every unfavorable ruling in this case.

Accordingly,

IT IS ORDERED that Plaintiffs' motion to reconsider (Filing No. 208) is denied.

Dated this 21st day of September, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] To be clear, the court finds no reason to believe (either on the original record or based on this purported "new evidence") that Defendants did not properly serve the written discovery at issue on September 14, 2020, when they originally served it, via U.S. Mail, to Plaintiffs' counsel's address of record. Fed. R. Civ. P. 5(b)(2)(C).