IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN, | **8:19CV276** |
| Plaintiffs, | **ORDER** |
| vs. | |
| JOHN Q. BACHMAN, and  LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.; | |
| Defendants. | |

This case is before the court on Defendants' Amended Motion to Compel (Filing No. 207) and Plaintiffs' Objection to Defendants' Amended Motion to Compel (Filing No. 212).

In support of their motion, Defendants claim that Plaintiffs obstructed certain properly noticed depositions through use of inappropriate speaking objections, evasive tactics, witness coaching, and a general unwillingness to participate in the discovery process.  See generally (Filing No. 206).  Defendants further claim that Plaintiffs' counsel directed a third-party to ignore a federal subpoena. (Filing No. 206 at CM/ECF p. 7). Defendants assert that, in light of the foregoing misconduct, and in light of Plaintiffs' previous discovery misconduct, Plaintiffs' claims should be dismissed. (Filing No. 206 at CM/ECF pp. 7-8). If not dismissed, Defendants request an order compelling proper response to their discovery requests and for their attorney fees related to this motion.

DISCUSSION

The court has reviewed Defendants' evidence, including the excerpts from the depositions of Plaintiffs James E. Bachman, Adella A. Bachman, C. Andrew Bachman and Eric J. Bachman offered by Defendants in support of their motion. (Filing Nos. 206-2, 206-3, 211-2, and 211-3).

The court is stunned by Plaintiffs' conduct–in particular the conduct of Plaintiff James E. Bachman who, as a licensed attorney, is required to both know and follow the procedural and ethical rules for litigation in this court. Plaintiff James E. Bachman attended each deposition as legal counsel for his co-plaintiffs. Throughout each, his behavior demonstrated a complete disregard for the federal discovery rules. Plaintiffs' counsel made numerous speaking objections, almost all of which were framed as relevancy objections. He then instructed his clients/co-plaintiffs not to answer the questions over his objections. He made "asked and answered" objections and likewise instructed his co-plaintiffs not to answer. He made overbroad and improper privilege objections. And, he was clearly attempting to coach his co-plaintiffs through his use of these improper objections.

In Plaintiffs' objection to Defendants' motion, Plaintiffs attempt to justify this conduct, arguing that the questions being asked by defense counsel were irrelevant, and that asking plaintiffs to answer irrelevant inquiries was abusive and harassing. (Filing No. 213 at CM/ECF p. 8). Essentially, Plaintiffs' argument is premised on their legal contention that Defendants' affirmative defenses and counterclaim are improperly asserted.[1] (Filing No. 213 at CM/ECF pp. 1-7). They

---

[1] Plaintiffs' brief is almost entirely occupied with an argument on the merits of Defendants' asserted claims and defenses. Plaintiffs make these merits arguments in response to virtually every pretrial motion. As the court has previously (repeatedly) told the plaintiffs, those arguments regarding the substantive merits do nothing to advance their position on the procedural issues of discovery and other pretrial matters. Plaintiffs, however, continue to ignore the relevant standards for the discrete motions actually being litigated. It has

have taken the position that because (in their view) Defendants' affirmative defenses and counterclaim will fail as a matter of law, they are excused from conducting discovery on those issues. (Filing No. 213 at CM/ECF pp. 8-9). That position is seriously flawed. The court has repeatedly told Plaintiffs that Defendants are entitled to conduct discovery on their asserted claims and defenses. Until such time that the court makes a binding determination on the merits of Defendants arguments, Plaintiffs are legally obligated to respond to discovery requests targeting information relevant to Defendants' allegations. Put differently, Plaintiffs cannot unilaterally limit the scope of discovery based on their view of the relevant law. They have consistently attempted to do so in response to written discovery, and those improper discovery practices have now spilled over into their depositions.

And their tactics are even more egregious in response to deposition questioning. As Plaintiffs' counsel is clearly aware, counsel cannot instruct a witness not to answer a deposition question based on relevancy.

> If a relevance objection arises during a deposition, counsel shall make the objection and the deposition should continue. [The deponent] cannot refrain from answering a question because he or his counsel determine a matter is irrelevant. In re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614, 618 (D.Nev.1998) ("If irrelevant questions are asked, the proper procedure is to answer the questions, noting them for resolution at pretrial or trial.").

Lund v. Matthews, No. 8:13CV144, 2014 WL 517569, at *4 (D. Neb. Feb. 7, 2014).

"A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation enforced by the court, or to present a

---

created an unending cycle of regurgitated, irrelevant briefing. And in turn, it has derailed the efficient administration of this case.

motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2) (emphasis added). Thus, unless a party intends to present a motion under Rule 30(d)(3), which precludes examination that is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, an instruction not to answer based on relevancy is improper. Fed. R. Civ. P. 30(d)(3).

Plaintiffs have asserted no such motion, only making claims of annoyance, harassment, and bad faith in response to Defendants' motion. (Filing No. 213 at CM/ECF p. 8). However, even if the court were to construe Plaintiffs' objection to Defendants' motion as a standalone Rule 30(d)(3) motion, it would be utterly meritless. The court has reviewed the transcripts. Plaintiffs' counsel cannot legitimately claim that the questions to which he made these objections meet the Rule 30 standard for terminating or limiting a deposition. After thorough review of each deposition in question, the court cannot identify any line of questioning that could even remotely constitute bad faith or harassment.  In large part, Plaintiffs' counsel objected to basic background inquires related to the plaintiffs' education, previous work history, and the like. While Plaintiffs may be uncomfortable answering certain or all those questions, that does not vest them with the right to refuse to participate in the discovery process.

The court is likewise convinced that Plaintiffs' counsel was attempting to use speaking objections to improperly influence his co-plaintiff's testimony. Even meritorious objections are improper when used for that purpose. Lund, 2014 WL 517569, at *4. His privilege objections appear to the court to be overbroad in most instances, as well. And perhaps most egregiously, Defendants have represented to the court that Plaintiffs' counsel advised a third-party deponent to ignore a

federal subpoena for his testimony.[2] Such conduct by a licensed attorney is inexcusable and, without question, sanctionable.

The court must now determine what sanction is just in these circumstances. Given the complete disregard for the rules and coupling it with Plaintiffs' seeming inability to complete good faith discovery in this matter, dismissal of this case is warranted. Both the undersigned and United States District Judge Brian C. Buescher have warned Plaintiffs that continued disruption of the proper administration of this case would result in harsh sanctions. (Filing No. 203 at CM/ECF pp. 8-9). Plaintiffs have, apparently, not sufficiently heeded those warnings.

That being said, the court will not dismiss the case - yet. Plaintiffs should, however, recognize that they have escaped that result by a hair's breadth. After thorough consideration, the court has determined that instead of dismissal, the court will allow for the re-deposition of each of the deponents whose deposition transcripts the court has reviewed and found to include improper objections and obstruction tactics by Plaintiffs' counsel. Defense counsel may re-notice the depositions of those deponents, and their depositions will take place in the presence of the undersigned magistrate judge at the federal courthouse in Omaha, Nebraska.  This is not to be construed as an extension of the deposition deadline in a general sense. The deadline for completing depositions was September 24, 2021. The only depositions that may now occur are the re-deposition of: James E. Bachman, C. Andrew Bachman, Adella A. Bachman, and Eric J. Bachman.[3] These

---

[2] It appears that deponent, Bradley Dollis, did eventually appear for his deposition. Plaintiffs' counsel did not attend. Mr. Dollis testified under oath that Plaintiff James E. Bachman had advised him not to attend his deposition.
[3] This is, of course, at Defendants' election. If Defendants do not wish to re-depose all the listed deponents, they need not. They may elect which depositions they would like to re-notice. The court has not included Bradley Dollis in its listing of depositions to be re-noticed. Plaintiffs' counsel did not attend and interfere

additional depositions will occur solely at <u>Plaintiffs</u>' expense. They necessitated this additional discovery, and, in equity, they will assume the cost.

It appears that the only way to complete depositions of the plaintiffs is for the undersigned to personally referee it. I will attend the depositions and make immediate rulings on any asserted objection.[4] Plaintiffs' counsel is admonished to familiarize himself more adequately with the proper bases on which deposition objections may be maintained. The court will not tolerate the type of antics that occurred during the previous depositions. Stated differently, if Plaintiffs' counsel continues to maintain the same abusive tactics during the additional depositions in this case, the court <u>will</u> utilize its sanction authority to recommend dismissal of Plaintiffs' claims.

The court will also award attorney fees and costs incurred in litigating this issue. Fed. R. Civ. P. 37(a)(5)(A) ("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"). Based on the record before me, there is no excuse for the obstreperous conduct of Plaintiffs' counsel and Plaintiffs during their depositions. The court will therefore award sanctions to the defendants for the time spent preparing the instant motion and briefing, and defense counsel's time conferring with the court and opposing counsel regarding the same.

---

with Mr. Dollis deposition. While Plaintiffs' counsel appears to have attempted to obstruct Mr. Dollis from attending the deposition at all, Mr. Dollis did appear, and defense counsel was able to question him unimpeded by Plaintiffs' counsel's repeated improper objections.

[4] Because the court will allow for these additional depositions, the court will not make formal rulings on all the objections asserted by Plaintiffs' counsel in the transcripts provided.

As a final note, Plaintiffs move the court to compel the deposition of Defendant John Q. Bachman. (Filing No. 214). Based on a review of the record and Plaintiffs' submissions in support of that request, it does not appear that Plaintiffs ever formally noticed Defendant John. Q. Bachman's deposition. There is nothing to compel and the deadline to notice and take new depositions has elapsed. Plaintiffs' motion will be denied.

Accordingly, IT IS ORDERED:

1) Defendants' Amended Motion to Compel (Filing No. 207) is granted as outlined herein.

2) Plaintiffs' Objection (Filing No. 212) is overruled.

3) Defendants may re-notice and retake the depositions of the following deponents:

    a.  James E. Bachman;
    b.  Adella A. Bachman;
    c.  C. Andrew Bachman; and
    d.  Eric. J. Bachman.

These depositions must be taken on or before December 17, 2021 and will be taken at Plaintiffs' expense, to include the cost of a court reporter, the deposition transcript, and defense counsel's attorney fees for re-taking the depositions.

4) The court will provide, via separate email to the parties' counsel of record, a copy of the undersigned magistrate judge's calendar and availability though December 17, 2021. The parties shall confer and propose mutually available times and dates to the court for scheduling any additional depositions. After confirming the court's availability, defense counsel shall properly notice each deposition in accordance with the federal rules and the local rules of this district. For any noticed deposition, defense counsel shall obtain the services of a court reporter but shall submit that expense for reimbursement from Plaintiffs.

5)   Failure to cooperate with timely re-scheduling a deposition, attending the deposition as scheduled, or fully answering deposition questions for which an objection has not been sustained by the undersigned magistrate judge will result in dismissal of the noncooperative plaintiff's case.

6)   Further obstructionist and improper conduct by Plaintiffs' counsel will result in dismissal of his case and an order precluding him from representing the co-plaintiffs in this litigation.

7)   Defendants' request for attorneys' fees related to its motion at Filing No. 207 is granted, with the issue of fees awarded decided as follows:

   a. On or before October 26, 2021, Defendants shall submit an itemized billing statement of its fees and expenses to Plaintiffs.

   b. Plaintiffs' counsel shall respond to this itemization within ten days thereafter.

   c. If the parties agree as to the amount to be awarded, on or before November 12, 2021, they shall file a joint stipulation for entry of an order awarding costs and fees to Defendants.

   d. If the parties do not agree on the attorney fees and costs to be awarded, or if Plaintiffs do not timely respond to the Defendants' itemization and demand, Defendants shall file a motion for assessment of attorney fees and costs by no later than November 19, 2021. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

   e. If a motion for fees is required, the court may award Defendants up to an additional $1000.00 to recover the cost of preparing their motion for assessment of fees.

8)   Plaintiffs' Motion to Compel (Filing No. 214) is denied.

9)    The deadline for filing motions for summary judgment is extended to January 18, 2022.


Dated this 12th day of October, 2021.

BY THE COURT:

_s/ Cheryl R. Zwart_
United States Magistrate Judge