IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19-CV-276<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiffs' Objection to Magistrate Judge's Order, Filing 217, which allowed Defendants to re-notice the deposition of several deponents and stated that Defendants may conduct discovery related to their counterclaims and affirmative defenses. Filing 216. This is the fourth time that the Court has been required to rule on an objection to a decision by the Magistrate Judge resolving a discovery dispute in this case. *See* Filing 68; Filing 145; Filing 184. The Court will overrule Plaintiffs' objection. Furthermore, the Court orders Plaintiffs to file a notice with the Court stating that they will attend their depositions within five calendar days of the date of this order.

## II. BACKGROUND

A recitation of the entire factual background of this case is not necessary to rule on the current motion. The Court incorporates its previous orders which contain a more detailed statement of the facts and procedural history of this case. *See* Filing 10; Filing 23; Filing 101; Filing 145; Filing 203.

The facts relevant to the current motion are as follows: Defendant Leaf Supreme Products, LLC, ("Leaf Supreme") is a Nebraska limited liability company. Filing 26 at 1. It manufactures guards that keep debris out of rain gutters. Filing 26 at 2. Defendant John Q. Bachman is a member and majority owner of Leaf Supreme. Filing 26 at 1. Plaintiffs have been Leaf Supreme's only employees. Filing 26 at 2-4. Plaintiffs assert that from October 1, 2016, to the present, they have not been paid any wages. Filing 26 at 8. Plaintiffs allege that James, Adella, Eric, Andrew, Rachel, and Matthew Bachman were all employees of Leaf Supreme from its inception until April 4, 2019. Filing 26 at 2-4.

On August 21, 2021, Defendants filed an Amended Motion to Compel. Filing 207. In their motion, Defendants requested that the Magistrate Judge issue an order dismissing this case as a sanction for Plaintiffs' conduct. Filing 207 at 2. Alternatively, Defendants requested an order compelling Plaintiffs to answer questions in discovery, including questions about Defendants' affirmative defenses and counterclaims, as well as an extension of the discovery and dispositive motion deadline. Filing 207 at 2.

With their motion, Defendants filed excerpts of their depositions of James, Andrew, Adella, and Eric Bachman. During the deposition of plaintiff James Bachman, who also serves as counsel for Plaintiffs, James Bachman refused to answer several questions based on his belief that they were irrelevant. Filing 206-3 at 6–9, 12–14. In other depositions, James Bachman, acting as

attorney, instructed the deponent not to answer questions based on relevancy objections. *See, e.g.*, Filing 206-3 at 38; Filing 211-2 at 1–2, 4–5. He also made numerous speaking objections that he framed as relevancy objections, *see, e.g.*, Filing 211-2 at 1, 14; Filing 211-3 at 17, as well as constant "asked and answered," "foundation," and overbroad and improper "privilege" objections. *See, e.g.*, Filing 206-3 at 39–40; Filing 211-3 at 7, 11–13.

This misbehavior extended beyond James Bachman, however. Several times the deponents refused to answer a question when James Bachman made an objection. *See, e.g.*, Filing 211-3 at 6, 9, 15. At two points in plaintiff Adella Bachman's deposition, the record appears to show that she looked at James Bachman before answering questions. Filing 206-3 at 40–41, 45. When Defendants' counsel stated that he would have to ask the Magistrate Judge for a ruling to compel the answers, plaintiff Andrew Bachman stated, "Is your mommy going to help you" in a reference this Court concludes to be a reference to Magistrate Judge Cheryl Zwart. Filing 211-2 at 11.

Also included with Defendants' motion was the deposition of nonparty Bradley Dollis. In his deposition, Dollis stated that James Bachman called him to tell him not to attend his deposition. Filing 206-2 at 67. According to Dollis, James Bachman told him not to attend because his testimony was irrelevant. Filing 206-2 at 68.

Despite Plaintiffs' conduct, the Magistrate Judge decided not to dismiss the case with prejudice. Rather, the Magistrate Judge directed that Defendants could re-notice the depositions of plaintiffs James Bachman, Andrew Bachman, Adella Bachman, and Eric Bachman at Plaintiffs' expense. Filing 216 at 5–6. The Magistrate Judge further ordered that the depositions would take place before her so that she could rule on objections during the depositions. Filing 216 at 6. Because the depositions were to take place again, the Magistrate Judge did not rule on all the objections asserted by Plaintiffs during their depositions. Filing 216 at 6. In the same order, the

3

Magistrate Judge denied Plaintiffs' Motion to Compel the deposition of defendant John Bachman because Defendants never formally noticed John Bachman and the deadline to notice and take new depositions had elapsed. Filing 216 at 7.

On October 22, 2021, Plaintiffs filed an Objection to Magistrate Judge's Order in which they argue that Defendants are not entitled to equitable defenses, that Defendants waived their right to claim certain withdrawals by Plaintiffs were wages, and that the Magistrate Judge erred in denying their request to depose John Bachman. Filing 217; Filing 218 at 1–10.

### III. ANALYSIS

#### A. Standard of Review

When a party objects to a magistrate judge's order on a nondispositive pretrial matter, a district court may set aside any part of the order shown to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 692 F. Supp. 2d 1040 (S.D. Iowa 2010) (internal quotation marks omitted). The standard of review for an appeal of a Magistrate Judge's order on nondispositive matters is extremely deferential. *See* 28 U.S.C. § 636(b)(1)(A); *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013).

#### B. The Magistrate Judge's Order Was Not Clearly Erroneous or Contrary to Law

In much of their brief in support of their objection, Plaintiffs argue that Defendants cannot assert equitable defenses or claim that withdrawals made by Plaintiffs were wages. Filing 218 at

1–8. As the Magistrate Judge observed, Plaintiffs have made this same argument incessantly despite the Court consistently rejecting their argument. *See, e.g.*, Filing 83; Filing 85; Filing 126. The Court has repeatedly explained to Plaintiffs that the Court will not make a final ruling on whether Defendants may assert equitable defenses and counterclaims until the parties have conducted sufficient discovery. *See, e.g.*, Filing 101 at 11–14; Filing 122 at 15; Filing 145 at 3–6. Moreover, the Magistrate Judge expressly stated in her order that she was not making a final determination of the validity of Plaintiffs' objections. Filing 216 at 6. Thus, not only are Plaintiffs' arguments in their brief improper for the reasons this Court has explained earlier in this litigation, they are also irrelevant.

Assuming that Plaintiffs are also objecting to the Magistrate Judge allowing Defendants to retake the depositions in her presence, the Court concludes that the Magistrate Judge's decision is warranted. Given the conduct of Plaintiffs during these depositions, allowing Defendants to retake the depositions in front of the Magistrate Judge is necessary to proceed with discovery in this case. The Court has reviewed the deposition transcripts filed by Defendants and is shocked by Plaintiffs' behavior, especially the conduct of James Bachman. Plaintiffs exhibited inexcusable hostility to Defendants' counsel and refused to answer countless questions in violation of law. Andrew Bachman's reference to the Magistrate Judge as defense counsel's "mommy" demonstrates clear disrespect to her and the Court.

All this pales in comparison, however, to James Bachman apparently calling a nonparty deponent and imploring him not to attend his deposition. This action by James Bachman, a licensed attorney, is astonishing. And, as the Magistrate Judge correctly noted, such conduct is also sanctionable. *See* Fed. R. Civ. P. 37.

Finally, Plaintiffs object to the Magistrate Judge's denial of their motion to compel the deposition of defendant John Bachman. Filing 218 at 10. The Court has reviewed the record and agrees with the Magistrate Judge that Plaintiffs never formally noticed John Bachman's deposition. The deadline to notice and take new depositions has passed and Plaintiffs make no arguments that they have good cause to extend these deadlines. In summary, the Magistrate Judge's order was not clearly erroneous or contrary to law. Plaintiffs' objections are overruled.

### C. Plaintiffs Must File a Notice That They Will Attend Their Depositions

In accordance with the Magistrate Judge's order, Defendants have filed notices to take the depositions of Adella Bachman, James Bachman, Eric Bachman, and Andrew Bachman. Filing 221; Filing 222; Filing 223; Filing 224. The depositions are to take place at Roman Hruska Courthouse on December 6, 2021, and December 10, 2021. Filing 221; Filing 222; Filing 223; Filing 224. Given Plaintiffs' obstructive conduct in this case, however, the Court needs to ensure that they will attend their depositions, especially because the Magistrate Judge is going to preside over them. Thus, Plaintiffs are ordered to file notice with the Court within five calendar days from the date of this order stating that they will attend their depositions. Violating this directive will result in sanctions. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (upholding dismissal with prejudice as a sanction for violating a court order). Furthermore, failure to attend these depositions will also result in sanctions. *See Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012) (upholding dismissal with prejudice as a sanction for willfully violating discovery orders). The Court hereby gives notice to Plaintiffs that failure to cooperate with the Court's orders and discovery in this case may lead to dismissal with prejudice of their case. *See Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749-50 (8th Cir. 2018) (affirming district court's imposition of sanctions under

28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 for relitigating already-decided discovery issues).

## IV. CONCLUSION

The Magistrate Judge's Order was not clearly erroneous or contrary to law. Accordingly, IT IS ORDERED:

1. Plaintiffs' Objection to Magistrate Judge's Order, Filing 217, is denied; and

2. Plaintiffs must file notice with the Court within five calendar days of the date of this order stating that they will attend their depositions as scheduled and ordered.

Dated this 17th day of November, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge