IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN, | **8:19-CV-276** |
| Plaintiffs, | |
| vs. | **MEMORANDUM AND ORDER** |
| JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.; | |
| Defendants. | |

## I.    INTRODUCTION

On June 25, 2019, Plaintiffs filed suit against John Q. Bachman and Leaf Supreme Products, LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), retaliation, and unjust enrichment. Filing 1. Two and a half years later, after Plaintiffs have filed around thirty-seven motions and objections to the Magistrate Judge's orders, discovery in this case remains pending. At every turn, Plaintiffs have resisted discovery and the efficient resolution of this case, necessitating over sixteen orders from the Magistrate Judge—not including numerous text orders—and nine memorandum and orders from an Article III judge.

In a September 9, 2021 Order, the Court outlined Plaintiffs' prior misconduct in this case, warned that it would sanction further misconduct, and directed Plaintiffs' counsel to provide the

1

order to all named Plaintiffs to ensure that they were aware of their counsel's misbehavior on their behalf in this case. Most recently, counsel for Plaintiffs committed numerous acts in violation of this Court's rules and applicable law, including directing witnesses not to answer questions at depositions, advising a witness not to attend a deposition, and filing meritless motions that this Court finds to be an effort to delay these proceedings. Despite Defendants' motion to dismiss this case as a sanction for Plaintiffs' conduct, which was without question justified, the Court in a November 17, 2021 Order generously rescheduled the previously taken depositions to take place before Magistrate Judge Zwart so that she could attend the depositions in person and thwart further improper conduct. Given the question of whether Plaintiffs would actually show up to the rescheduled depositions, which were to be taken at their expense, the Court required Plaintiffs to file a simple notice that they would attend the depositions scheduled by the Court. In that same Order, the Court warned Plaintiffs that their failure to cooperate would lead to dismissal of their case. Plaintiffs ignored the Court's Order and did not file the required notice. The Magistrate Judge then recommended to the undersigned judge that this case be dismissed with prejudice. Filing 230.

Plaintiffs have objected to the Magistrate Judge's recommendation. Filing 231. The Court has reviewed the record and the extensive litigation in this case and concludes that Plaintiffs' misconduct warrants dismissal with prejudice.

## II.     BACKGROUND

The Court's decision to sanction Plaintiffs by dismissing their case with prejudice is the result of their extensive misconduct since this case's inception and, most recently, Plaintiffs' defiance of the Court's simple order that they file notice that they intend to show up at the depositions that had to be rescheduled by the Court due to their misconduct. Therefore, the Court

provides a detailed recitation of the procedural history of this case to illustrate why the Court feels

that it is necessary to resort to this harsh sanction.

## A. Background Facts

Defendant Leaf Supreme Products, LLC ("Leaf Supreme") is a Nebraska limited liability

company. Filing 26 at 1. It manufactures guards that keep debris out of rain gutters. Filing 26 at 2.

Defendant John Q. Bachman is a member and majority owner of Leaf Supreme. Filing 26 at 1.

Plaintiffs have been Leaf Supreme's only employees. Filing 26 at 2-4. Plaintiffs assert that from

October 1, 2016, to the present, they have not been paid any wages. Filing 26 at 8. Plaintiffs James,

Adella, Eric, Andrew, Rachel, and Matthew Bachman allege they were all employees of Leaf

Supreme from its inception until April 4, 2019. Filing 26 at 2-4. From the beginning of this case,

plaintiff James Bachman, a licensed attorney, has represented Plaintiffs.

## B. Procedural History

Before filing the current suit, Plaintiffs had unsuccessfully attempted to remove a Nebraska

state-court proceeding involving Leaf Supreme to federal court. Filing 10 at 3. The Court

remanded the state-court suit because it asserted no federal question and the parties lacked diversity

of citizenship. Filing 10 at 3. Plaintiffs then filed this lawsuit on June 25, 2019, Filing 1, over

which Senior Judge Laurie Smith Camp previously presided. Within about a month, Plaintiffs filed

six motions requesting various forms of preliminary injunctive relief.[1] *See* Filing 2; Filing 7; Filing

8; Filing 9; Filing 14; Filing 16. These motions were entirely meritless as only one even attempted

to address the well-settled *Dataphase* factors governing preliminary injunctions. Senior Judge

Smith Camp observed that it appeared Plaintiffs were using their preliminary-injunction motions

to improperly litigate issues in the previously remanded state-court case. Filing 23 at 5.

---

[1] Plaintiffs filed four of these motions within nine days of initiating this lawsuit, *see* Filing 2; Filing 7; Filing 8; Filing 9, and after Judge Smith Camp denied their motions, they filed two more, Filing 14; Filing 16.

Once it became clear that the Court would not grant Plaintiffs a preliminary injunction, Plaintiffs filed an Amended Complaint along with a Joint Motion for Summary Judgment on August 6, 2019.[2] Filing 26; Filing 27. In filing the early motion for summary judgment, Plaintiffs likewise disregarded local rules. In her denial of the Joint Motion for Summary Judgment, Judge Smith Camp admonished,

> Plaintiffs also failed to comply with this Court's local rules. Specifically, Plaintiffs failed to submit a statement of individually numbered facts which they contest are material and undisputed. *See* NECivR 56.1(b)(1). Further, Plaintiffs' Motion failed to include pinpoint citations to evidence that supported their factual assertions. These deficiencies alone could be grounds for denial of summary judgment. The Court encourages the parties to familiarize themselves with the Court's local rules and the Federal Rules of Civil Procedure before this case progresses through discovery and future motion practice.

Filing 55 at 4.

On September 3, 2019, Defendants filed their Answer to Plaintiffs' Amended Complaint, in which they asserted affirmative defenses such as a right to offset any money provided to Plaintiffs by Defendants. Filing 35 at 3–5. Plaintiffs have incessantly argued that Defendants cannot assert equitable defenses to an FLSA action despite Judge Smith Camp, Magistrate Judge Zwart, and the undersigned judge consistently rejecting their argument. *See, e.g.*, Filing 83; Filing 85; Filing 101 at 11–14; Filing 122 at 15; Filing 126; Filing 145 at 3–6; Filing 216 at 3; Filing 218; Filing 228 at 4–5.

Since September 3, 2019, the Court has been forced to address an endless cycle of discovery disputes, nearly all of which Plaintiffs caused by deliberately violating court orders,[3]

---

[2] Plaintiffs filed their Joint Motion for Summary Judgment just six days after Judge Smith Camp issued a second order denying their request for a preliminary injunction. *See* Filing 23; Filing 27.

[3] For example, Magistrate Judge Zwart has repeatedly ordered the parties to provide evidence that they attempted to informally resolve discovery disputes before filing a motion to compel. *See, e.g.*, Filing 66; Filing 122 at 4; Filing 180 at 4. Plaintiffs have constantly defied this order. *See e.g.*, Filing 180 at 2–3; Filing 204 at 1.

disregarding local rules,[4] and filing frivolous motions. *See, e.g.*, Filing 42; Filing 44; Filing 60; Filing 68; Filing 82; Filing 84; Filing 101. Plaintiffs have objected to virtually every adverse ruling; placed the blame on Judge Smith Camp and Magistrate Judge Zwart for causing this case to head "in an erroneous direction," Filing 124 at 2; and attempted to relitigate issues the Court had resolved months ago. *See, e.g.*, Filing 180 (explaining Plaintiffs' attempt to reargue issues decided a year and a half ago); Filing 210 at 1–2 (observing that Plaintiffs were challenging a sanctions award entered eighth months prior). Even after being subjected to sanctions, Filing 148 at 5; Filing 216 at 6, Plaintiffs have escalated their conduct by refusing to answer relevant and routine deposition questions, imploring a nonparty deponent not to attend his deposition, and continuing to make frivolous motions. *See* Filing 203 at 2–7l; Filing 228 at 1–6.

In a September 9, 2021 Order, the Court outlined Plaintiffs' improper motion practice and litigation misconduct. Filing 203 at 2–3. The Court noted that it was "astonished as to the number of baseless motions filed by Plaintiffs, several of which violated this Court's rules or are unsupported by established law." Filing 203 at 8. To ensure that all Plaintiffs knew about their counsel's misconduct, the Court ordered plaintiff James Bachman, who also serves as Plaintiffs' counsel, "to give a copy of [the] order to each [Plaintiff] so that the named Plaintiffs understand the potential consequences to themselves if Plaintiffs' counsel continues this dilatory conduct on their behalf." Filing 203 at 9. The Court warned that a continuation of Plaintiffs' frivolous motion practice could lead to sanctions under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11. Filing 203 at 8–9. Based on the record, at least some of the named plaintiffs reviewed the order

---

[4] In one particularly egregious example, Plaintiffs failed to file a notice that they changed their address in violation of the Court's General Rule 1.3(e). *See* Filing 138 (audio file) at 6:13–7:51; Filing 148 at 1–4. Plaintiffs' violation delayed these proceedings by months. Filing 148 at 5.

with James Bachman. *See* Filing 211-2 at 1 (Andrew Bachman informed by Defendants' counsel about the order); Filing 211-3 at 4–5 (Plaintiff Eric Bachman acknowledging reviewing the order).

### C.  The Recommendation of Dismissal with Prejudice

The Court generously gave Plaintiffs an ultimatum: either cooperate with discovery in this case or the Court would dismiss their case with prejudice. Filing 228 at 6–7. In an unambiguous Order, the Court directed Plaintiffs to file notice with the Court that they would attend their rescheduled depositions in front of Magistrate Judge Zwart within five days of the date of that Order. Filing 228 at 6–7. Plaintiffs failed to file the notice by the Court's mandated deadline. On November 23, 2021, Magistrate Judge Zwart recommended that this case be dismissed with prejudice without further notice. Filing 230. Plaintiffs filed an objection to Magistrate Judge Zwart's recommendation. Filing 231. Plaintiff James Bachman, serving as counsel for Plaintiffs, claims that he "had a medical procedure" the day before the Court ordered Plaintiffs to file notice that they would attend their depositions and that he was "still on opioid pain medication" four days afterwards. Filing 232 at 3–4. According to James Bachman, he reviewed the Order while still on medication and thought that the Court's clear directive stated he had to file notice five days before the depositions were to take place, not five days from the date of the Court's Order. Filing 232 at 3–4. The Court does not find this excuse credible given counsel for Plaintiffs' prior conduct in this case.[5] Furthermore, James Bachman still had time after he allegedly stopped taking his medication in which to re-review the Court's order to ensure he had read it correctly and file the notice in a timely fashion but failed to do so. The Court notes James Bachman never sought the Court's leave

---

[5] James Bachman's prior conduct includes instances this Court found he purposefully misstated the record, Filing 203 at 6–7, and made similar spurious excuses for his misconduct. *See* Filing 138 (audio file) (James Bachman claiming he did not respond to discovery because he never received it, despite being mailed and emailed the discovery requests); Filing 244 (James Bachman claiming he told a nonparty deponent not to attend a deposition in this case because he had filed a protective order in a different case).

to file the notices out of time, and instead waited until the end of the last day to object to Magistrate

Judge Zwart's order to inform the Court of his alleged mistake. Thus, the Court concludes that

Plaintiffs have deliberately violated the Court's order, just as they have deliberately and repeatedly

violated the Court's local rules and other prior orders.

### III.   ANALYSIS

### A.  Standard of Review

The Federal Rules of Civil Procedure permit a court to dismiss a case with prejudice "for

failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ.

P. 41(b).[6] "[D]ismissal with prejudice is an extreme sanction that should be used only in cases of

willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay."

*Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000). "This does not mean that the

district court must find that the appellant acted in bad faith, but requires 'only that he acted

intentionally as opposed to accidentally or involuntarily.'" *Id.* (quoting *Rodgers v. Curators of*

*Univ. of Mo.*, 135 F.3d 1216, 1219 (8th Cir. 1998)). "The sanction imposed by the district court

must be proportionate to the litigant's transgression . . . [and] should only be used when lesser

sanctions prove futile." *Bergstrom v. Frascone*, 744 F.3d 571, 574–75 (8th Cir. 2014) (internal

citations and quotation marks omitted).

### B.  Reasons Supporting Dismissal with Prejudice

The decision to dismiss this case with prejudice is not one the Court takes lightly. This

Court agrees dismissal is only appropriate when lesser sanctions have proven ineffective. That

situation is present in this case. The Court twice sanctioned Plaintiffs for failing to participate in

---

[6] The Court also notes that it may dismiss this case under the Court's inherent power to impose sanctions. *See Jaye v. Barr*, No. C19-0121-LTS, 2021 WL 1148953, at *9 (N.D. Iowa Mar. 25, 2021) (outlining caselaw in support of a district court's inherent power to dismiss a case with prejudice as a sanction for abusing the judicial process).

discovery in good faith, yet Plaintiffs have only escalated their obstructive conduct. At this point, the Court has no confidence that Plaintiffs intend to abide by the Court's orders and prior rulings, the Court's local rules, or the Federal Rules of Civil Procedure. The Court highlights three reasons for this determination: (1) Plaintiffs' frivolous motion practice, (2) Plaintiffs' obstruction of the discovery process, and (3) Plaintiffs' numerous violations of court orders and the Court's local rules. Considered as a whole, Plaintiffs' conduct more than justifies dismissing this case with prejudice. Upon careful consideration of the record in this case, as well as the ineffectiveness of lesser sanctions, the Court has decided that dismissal with prejudice is warranted.[7]

### 1. Plaintiffs' Frivolous Motion Practice

The Eighth Circuit has upheld dismissal with prejudice as a sanction for filing frivolous motions and other similar litigation misconduct. *See Am. Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 62 (8th Cir. 1988) ("[T]he voluminous amount of frivolous documents submitted by appellants—all typed—in connection with this litigation supports the dismissal with prejudice . . . ."); *Carman v. Treat*, 7 F.3d 1379, 1382 (8th Cir. 1993) (upholding dismissal with prejudice as a sanction for filing a motion that was not well-grounded in fact); *Joiner v. Delo*, 905 F.2d 206, 208 (8th Cir. 1990) (affirming dismissal with prejudice for blatantly misrepresenting the record). Federal Rule of Civil Procedure 11 encompasses a litigant's duty to refrain from filing frivolous motions. *See* Fed. R. Civ. P. 11(b). Although the Court has not sua sponte imposed Rule 11 sanctions on Plaintiffs in this case, it could have required Plaintiffs to show cause as to why their conduct did not violate Rule 11 numerous times. *See* Fed. R. Civ. P. 11(b)–(c)(3).

---

[7] The Eighth Circuit may view dismissing a case with prejudice as a sanction more skeptically when the plaintiff is pro se. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Although James Bachman is pro se, the same concerns underlying giving latitude to pro se litigants are not present here because he is a licensed attorney representing the other Plaintiffs in the case as well.

Plaintiffs' improper motion practice began as soon as they filed this case. Their numerous motions for preliminary injunctive relief were clearly an attempt to litigate an issue in a state-court suit. The fact that they continued to file motions for preliminary injunctive relief after Judge Smith Camp rejected their initial barrage only highlights the motions' frivolity.[8]

Furthermore, Plaintiffs have repeatedly litigated the issue of whether Defendants may assert affirmative defenses. Magistrate Judge Zwart settled this issue on September 19, 2019, Filing 43 (audio file); Filing 44, yet over two years later Plaintiffs continued to contest this issue. *See* Filing 217 (filed October 22, 2021). Plaintiffs have behaved similarly with respect to Defendants' counterclaims. *See* Filing 145 (finding that Defendants could conduct discovery on their counterclaims); Filing 172 at 20, 26 (litigating the issue of whether Defendants can assert counterclaims). Plaintiffs have simply ignored the Court's rulings and used their belief that affirmative defenses and counterclaims in this case are unwarranted as a basis to refuse to answer questions in depositions and to generally resist discovery. *See* Filing 142 at 7–8 (in opposition to motion to compel, arguing that equitable affirmative defenses are unavailable in FLSA actions); Filing 206-3 at 8–9 (Plaintiff James Bachman refusing to answer questions relevant to Defendants' affirmative defenses); Filing 211-2 at 1–2 (Plaintiff Andrew Bachman refusing to answer questions relevant to Defendants' affirmative defenses); Filing 239 (arguing that Plaintiffs do not have to answer questions related to Defendants' affirmative defenses and counterclaims); Filing 241 (same).

---

[8] Plaintiffs' improper motion practice bled into the dispositive motions they have filed. Since August 6, 2019, Plaintiffs have filed four dispositive motions that are virtually the same substantively. *See* Filing 27; Filing 82; Filing 84; Filing 219. The Court has told Plaintiffs several times that these motions are premature. *See, e.g.*, Filing 55 at 4. Despite twice being sanctioned for misconduct, *see* Filing 148; Filing 216; Plaintiffs filed a premature Motion for Partial Summary Judgment on October 25, 2021. Filing 219. The Court finds that Plaintiffs are using their dispositive motion practice as a dilatory tactic.

Finally, Plaintiffs have purposefully misstated the record several times. As a primary example,[9] Plaintiffs have continually litigated the issue of whether Magistrate Judge Zwart granted their motion to compel the production of certain financial documents from defendant John Bachman in a November 18, 2020 Order. Filing 122. Although Magistrate Judge Zwart clearly compelled Defendants to answer or object to Plaintiffs' requests for production,[10] Plaintiffs have claimed several times that Magistrate Judge Zwart in fact ordered the production of the financial documents. *See* Filing 151 at 2–3; Filing 166 at 2–3. Plaintiffs have gone so far as to accuse Magistrate Judge Zwart of misstating the record. Filing 171 at 1; Filing 172 at 4, 20–21. Despite the Court explaining to Plaintiffs that they were incorrect, *see* Filing 184 at 6–7, Plaintiffs raised the issue again in a subsequent motion. Filing 188 at 1–2.

This case is not one where the plaintiffs are unaware of their attorney's misconduct. *See Bergstrom*, 744 F.3d at 575 n.1 ("[D]ilatory conduct may be considered less worthy of dismissal with prejudice when attributable solely to a litigant's attorney."). The other plaintiffs are aware that James Bachman is engaging in frivolous motion practice on their behalf. *See* Filing 203 at 2– 9 (outlining James Bachman's motion practice and ordering that James Bachman provide a copy of the order to the other plaintiffs); Filing 211-3 at 4–5 (Plaintiff Eric Bachman acknowledging reviewing the order with his counsel, plaintiff James Bachman). In fact, Plaintiffs' conduct during their depositions shows that they have been coordinating with James Bachman to obstruct discovery in this case. Furthermore, monetary sanctions have been unsuccessful in limiting

---

[9] Plaintiffs have also misstated the record by claiming they never received discovery requests from Defendants, despite the requests being both mailed and emailed to them. *See* Filing 148 at 2–4; Filing 210 at 1–2.

[10] Judge Zwart later found that Defendants had, in fact, timely objected to the requests for production. Filing 167 at 12–13.

Plaintiffs' endless flow of motions.[11] *See Hunt*, 203 F.3d at 527 (stating that district courts may dismiss with prejudice "when lesser sanctions prove futile"). Indeed, after the most recent monetary sanction on October 12, 2021, *see* Filing 216, Plaintiffs filed an Objection to the Magistrate Judge's Order, Filing 217, a Motion for Partial Summary Judgment, Filing 219, a Motion for Reconsideration, Filing 240, and a Motion to Supplement the Record regarding the Motion for Reconsideration, Filing 243, and another Motion to Supplement the Record regarding the Motion for Reconsideration, Filing 246, all within a two-month span. The Court has conducted a brief review of these motions and concludes that they are as meritless as nearly all of Plaintiffs' previous motions in this case. The persistent failure to cooperate and respect the Court's prior rulings makes it clear that Plaintiffs' conduct is deliberate rather than accidental. The Court concludes that Plaintiffs are using their frivolous motion practice to obstruct discovery and delay these proceedings. This "pattern of intentional delay is the type of conduct for which the extreme sanction of dismissal with prejudice is appropriate." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). Therefore, Plaintiffs' motion practice supports dismissal of this case with prejudice.

   2.   *Obstruction of the Discovery Process*

   Obstructing the discovery process can also support dismissal with prejudice. *See Hunt*, 203 F.3d at 527–28 (affirming dismissal with prejudice for delaying the discovery process); *Duncan v. City of Brooklyn Park*, No. CIV 05-711 DSD/SRN, 2006 WL 3804332, at *4 (D. Minn. Dec. 26, 2006) (dismissing a case with prejudice because "Plaintiff [had] failed to comply with any

---

[11] Plaintiffs have also allegedly implied that they have no intention of paying the first monetary sanction the Court imposed on January 14, 2021. *See* Filing 148 (imposing sanctions); Filing 234 at 3 (stating Plaintiffs have not paid the attorney fee award and that they would not be paid "until he had the money"); *Duncan v. City of Brooklyn Park*, No. CIV 05-711 DSD/SRN, 2006 WL 3804332, at *4 (D. Minn. Dec. 26, 2006) (finding that monetary sanctions were futile due to litigant's failure to pay them).

discovery"). Beyond the filing of frivolous motions, Plaintiffs have engaged in other conduct to obstruct the discovery process and prevent Defendants from obtaining evidence. The first instance occurred early in this case, when the Court was attempting to determine if it had subject-matter jurisdiction. During limited discovery on the jurisdictional issue, James Bachman refused to sign a waiver to allow Defendants to access Department of Labor Records, despite a court order requiring him to do so, Filing 62 at 1; Filing 63-1 at 1; rebuffed a request to provide an address of a business he owned, Filing 72 at 2–3; and threatened to file a Motion for a Protective Order to prevent plaintiff Eric Bachman from attending a deposition. Filing 72 at 2. After the Court determined it had jurisdiction, Plaintiffs sent 299 requests for admission to Defendants, Filing 109-1 at 3–41, against which Defendants obtained a protective order. Filing 122 at 8–10.

Later, on December 21, 2020, Magistrate Judge Zwart held a telephonic conference to resolve another discovery dispute because Plaintiffs failed to respond to Defendants' discovery requests despite Defendants both mailing and emailing them to Plaintiffs. Filing 138. During the conference, James Bachman claimed Plaintiffs never received the mailed discovery requests because Plaintiffs had changed their address without informing the Court in violation of the Court's General Rule 1.3(e).[12] Filing 138 (audio file) at 4:30–5:43. James Bachman also failed to explain how Plaintiffs remained ignorant of the discovery requests despite having received them via email. *See* Filing 148 at 2. After the conference, Plaintiffs still refused to respond to Defendants' discovery requests, Filing 140 at 1, which required Magistrate Judge Zwart to grant a

---

[12] For unclear reasons, James Bachman claimed that he did not think there was a need to inform the Court of a change of address. Filing 138 (audio file) at 6:58–7:22. However, James Bachman had no issue filing a change of address on August 7, 2019. *See* Filing 30.

motion to compel responses. Filing 148. Magistrate Judge Zwart sanctioned Plaintiffs for their

conduct.[13] Filing 148 at 5.

Despite being sanctioned, Plaintiffs' obstructive conduct only escalated. On August 21,

2021, Defendants filed an Amended Motion to Compel due to Plaintiffs' behavior during their

depositions. Filing 207 at 2. As more fully outlined in the Court's November 17, 2021 Order,

Plaintiffs refused to answer questions in violation of law, James Bachman used numerous improper

speaking objections to coach witnesses, and plaintiff Andrew Bachman insulted Magistrate Judge

Zwart by referring to her as defense counsel's "mommy." Filing 228 at 2–3. James Bachman,

however, saved the most egregious conduct for himself. During the deposition of nonparty Bradley

Dollis, Dollis stated that James Bachman called him to tell him not to attend his deposition because

his testimony was irrelevant. Filing 206-2 at 67–68. This action by James Bachman, a licensed

attorney, is astonishing.[14] The Court finds that Plaintiffs' obstructive conduct supports dismissing

the case with prejudice.

### 3. Violations of Court Orders and Local Rules

Lastly, the willful disregard of a court order is grounds for dismissal under Federal Rule of

Civil Procedure 41(b). *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) (affirming dismissal

with prejudice for violating a court order); *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th

---

[13] Nearly nine months later, Plaintiffs attempted to reopen this issue. On September 21, 2021, Plaintiffs filed a motion asking Magistrate Judge Zwart to reconsider her imposition of sanctions. Filing 208. Plaintiffs purported to offer "new evidence" that Defendants may not have properly mailed the discovery requests at issue. Again, Plaintiffs ignored the clear evidence that the disputed requests were provided to them by email (even after the court had repeatedly referred Plaintiffs to the copy of the relevant transmittal email filed of record by Defendants). In an order filed on the same date as Plaintiffs' motion, the court rejected Plaintiffs' argument as entirely meritless and again warned Plaintiffs to cease their attempts at serial litigation of the same, settled issues. Filing 210.

[14] James Bachman attempts to excuse this behavior in one of his more recent filings. *See* Filing 243; Filing 244. According to James Bachman, this attempt to thwart a deposition was a good-faith mistake because he had filed a protective order with a Nebraska state court. Based on James Bachman's behavior in this case and the spuriousness of the excuse, the Court finds that this statement is not credible. Even assuming its truthfulness, the Court is perplexed as to how merely filing a protective order in an entirely different court and case would permit James Bachman to call a deponent and implore him not to attend a deposition.

Cir. 2009) (upholding dismissal for delaying proceedings and violating court orders). In several

rulings, the Court has admonished Plaintiffs to abide by the Court's local rules. Filing 55 at 4

(encouraging Plaintiffs to familiarize themselves with the Court's local rules); Filing 101

(explaining that Plaintiffs had failed to abide by the Court's local rules); Filing 180 (directing

parties to review the Court's local rules). Yet Plaintiffs have continued to violate the Court's local

rules in a pattern consistent with open defiance. *See* Filing 55 at 4 (noting Plaintiffs' violation of

Nebraska Civil Rule 56.1(b)(1)); Filing 101 (same); Filing 138 (noting Plaintiffs' violation of

Nebraska General Rule 1.3(e)); Filing 167 (noting Plaintiffs' violation of Nebraska Civil Rule

7.1(c)(3)); Filing 180 (noting violation of Nebraska Civil Rule 7.1); Filing 204 (same).

Plaintiffs have also ignored or violated Court orders several times. As mentioned above,

Plaintiffs have continued to litigate issues that the Court has already resolved. Moreover, because

Plaintiffs' behavior in discovery was burdening the Court's docket, Magistrate Judge Zwart

mandated that the parties resolve discovery disputes in good faith before filing a motion to compel.

Filing 122. Plaintiffs have violated this order several times through their motions, Filing 180 at 4

(noting that Plaintiffs provided no evidence that they tried to resolve discovery dispute informally

with opposing counsel); Filing 204 at 1–2 (same), or by placing ex parte phone calls to the Court

regarding discovery disputes. Filing 180 at 2; Filing 180-1 at 1–2.

In recognition that the Eighth Circuit encourages "a warning from the district court that a

particular litigant is skating on the thin ice of dismissal," *Rodgers*, 135 F.3d at 1221, the Court

warned Plaintiffs that their obstreperous activity would result in sanctions. Filing 203 at 9; Filing

210 at 2. Plaintiffs misconduct regrettably continued after these warnings. Finally, in an October

12, 2021 Order, Magistrate Judge Zwart explained that Plaintiffs had "escaped [dismissal] by a

hair's breadth" and stated that further noncompliance with Court orders would result in a

recommendation that Plaintiffs' case be dismissed. Filing 216 at 5–6. On November 17, 2021, the

Court ordered Plaintiffs to file notice within five days of its order and warned Plaintiffs that "failure

to cooperate with the Court's orders and discovery in this case may lead to dismissal with prejudice

of their case." Filing 228 at 6. Plaintiffs failed to file notice in direct violation of the Court's Order.

The Court concludes that Plaintiffs have engaged in "willful violation[s] of court orders." *Siems*,

560 F.3d at 827. These violations, one of which occurred after Plaintiffs were warned of the

possibility of dismissal, support dismissing Plaintiffs' case with prejudice.

### C.  Futility of Lesser Sanctions and Prejudice to Defendants

Having determined that the facts warrant dismissal with prejudice, the Court turns to

whether lesser sanctions are a viable option and the prejudice to Defendants of not dismissing this

case. The Court concludes that, based on Plaintiffs' behavior throughout this litigation, lesser

sanctions would be futile. It further concludes that forcing Defendants to continue accumulating

expenses caused by Plaintiffs' torrent of motions and abuse of the discovery process would be

unduly prejudicial.

Before dismissing a case as a sanction, "[a] district court should weigh its need to advance

its burdened docket against the consequence of irrevocably extinguishing the litigant's claim and

consider whether a less severe sanction could remedy the effect of the litigant's transgressions on

the court and the resulting prejudice to the opposing party." *Arnold v. ADT Sec. Servs., Inc.*, 627

F.3d 716, 722 (8th Cir. 2010). The Eighth Circuit also requires that courts attempt to use lesser

sanctions to control litigant misbehavior before reaching for the ultimate sanction of dismissal with

prejudice. *Siems*, 560 F.3d at 826. The Court has done so twice to no avail. *See* Filing 148; Filing

216. At this point, the case is nearing the two-and-a-half-year mark and the parties have not

concluded discovery. Given Plaintiffs' conduct, the Court sees no end in sight. If the Court

imposed lesser sanctions, additional delay would ensue or the Court would have to proceed to trial without completing discovery, both of which would unfairly prejudice Defendants. *See First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206–07 (8th Cir. 1992) (holding lesser sanctions were futile when they would have caused additional delay or forced the defendants to proceed to trial with incomplete evidence). Even requiring Plaintiffs to pay attorney fees for each meritless motion and for improper behavior in discovery would have little effect, especially considering that it appears Plaintiffs have not yet paid the Court's first award of attorney fees from about a year ago. *See* Filing 234 at 3; *Duncan*, 2006 WL 3804332, at *4 (finding that monetary sanctions were futile due to litigant's failure to pay them). Indeed, even though the Court has twice sanctioned Plaintiffs, Plaintiffs' misconduct has only escalated.

Moreover, allowing this case to inch along forces Defendants to undergo additional expenses conducting discovery. Plaintiffs' behavior seems directed at making the litigation process as painful as possible for Defendants, which in turn exacts costs on "the administration of justice in the district court." *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (quoting *Rodgers*, 135 F.3d at 1219).

The Court finds that lesser sanctions have been and will continue to be futile. It further finds that continuing this litigation would be unduly prejudicial to Defendants. Accordingly, based on the conduct outlined above, the futility of lesser sanctions, and the prejudice to Defendants of continuing this litigation, the Court dismisses Plaintiffs' case with prejudice. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) ("A district court has the power under Fed.R.Civ.P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order . . . ."); *Rodgers*, 135 F.3d at 1221–22 (upholding dismissal for violating a court order and engaging in several intentional acts of delay); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982) ("A clear record

of delay coupled with tried or futile lesser sanctions will justify a Rule 41(b) dismissal with prejudice.").

## IV.   CONCLUSION

The Court adopts the Findings and Recommendations of the Magistrate Judge and, for the reasons outlined in this order, dismisses this case with prejudice. Accordingly,

IT IS ORDERED:

1. The Magistrate Judge's Amended Findings and Recommendation, Filing 230, is adopted in its entirety;

2. Plaintiffs' Objection to the Magistrate Judge's Amended Findings and Recommendation, Filing 231, is overruled;

3. Plaintiffs' Motion for Partial Summary Judgment, Filing 219, is denied as moot;

4. Defendants' Motion to Extend Deadline, Filing 225, is denied as moot;

5. Plaintiffs' Motion for Reconsideration, Filing 240, is denied as moot;

6. Plaintiffs' Motion to Supplement the Record, Filing 243, is denied as moot;

7. Plaintiffs' Motion to Supplement the Record regarding the Motion for Reconsideration, Filing 246, is denied as moot.

8. The Clerk of the Court is ordered to terminate the Findings and Recommendation at Filing 229 because the Magistrate Judge filed an amended Findings and Recommendation at Filing 230;

9. The Clerk of the Court is ordered to terminate the Objection to Motion for Three Judge Panel, Filing 248, as it is not motion;

10. The Court will consider Defendants' Motion for Sanctions, Filing 233, in a post-judgment order;

11. The Court dismisses Plaintiffs' case with prejudice;

12. The depositions scheduled for December 10, 2021, are cancelled; and

13. The Court will enter a separate judgment.


Dated this 9th day of December, 2021.


BY THE COURT:

_____

Brian C. Buescher
United States District Judge

18