IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>Defendants. | 8:19-CV-276<br><br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiffs' Objection to the Magistrate Judge's Order, which awarded Defendants attorney fees for discovery-related costs. Filing 235; Filing 251. The Court overrules the objection.

On September 21, 2021, Defendants filed a Motion to Compel, Filing 207, which also requested attorney fees after Plaintiffs engaged in improper conduct during their depositions and obstructed discovery. The Magistrate Judge granted Defendants' request for attorney fees "for the time spent preparing [Defendants' Motion to Compel] and briefing, and defense counsel's time conferring with the court and opposing counsel regarding the same." Filing 216. In the event that a motion for fees was required, the Magistrate Judge also authorized an award of up to $1,000.00 for preparing that motion. Filing 216 at 8. The Magistrate Judge directed Defendants to submit an

1

itemized billing statement to Plaintiffs by October 26, 2021. Filing 216 at 8. Plaintiffs were to respond to the itemization within ten days, then: (a) the parties would file a joint stipulation by November 12, 2021; or (b) Defendants would file a motion for assessment of fees and costs by November 19, 2021. Filing 216 at 8.

Plaintiffs objected to the Magistrate Judge's Order on October 22, 2021, Filing 217, and the Court overruled that objection, Filing 218. Although Plaintiffs were ordered to respond to Defendants' itemized billing statement within ten days of receiving it, Plaintiffs failed to do so. Filing 227-1 at 2, 6–7; Filing 235 at 1. Defendants then filed a Motion for Award of Attorney Fees on November 11, 2021. Filing 227. Plaintiffs similarly failed to respond to this motion, prompting the Magistrate Judge to deem it unopposed. Filing 235 at 1–2.

In their motion for an award of attorney fees, Defendants requested $13,928.50 related to taking Plaintiffs' depositions and their pursuit of attorney fees. Filing 227 at 1. Defendants also requested an additional sum of $1,247.00 for preparing the motion for an award of attorney fees. Filing 227 at 1. On December 1, 2021, the Magistrate Judge granted Defendants' Motion for Award of Attorney fees as follows: First, the Magistrate Judge noted that part of Defendants' requested attorney fees included 14.3 hours spent taking the depositions of Plaintiffs. Filing 235 at 2. Because her order had not authorized payment for taking these depositions, the Magistrate Judge reduced Defendants' requested amount by $4,147.00 (14.3 hours at a rate of $290 per hour). Filing 235 at 2. Next, the Magistrate Judge reduced Defendants' attorney-fees request for preparing their motion for an award of attorney fees to $1,000.00, as this was the maximum amount authorized in her order granting attorney fees. Filing 235 at 2. Thus, in total, the Magistrate Judge awarded Defendants $10,781.50, calculated by adding the $9,781.50 associated with filing and

briefing the Motion to Compel, Filing 207, to the $1,000 in attorney fees associated with filing the Motion for Award of Attorney Fees. Filing 227.

Plaintiffs have now objected to the Magistrate Judge's Order awarding the $10,781.50 in attorney fees to Defendants. Filing 251. As is Plaintiffs' custom in this case, their motion seeks to relitigate prior issues rather than addressing the Magistrate Judge's Order. *See* Filing 252 at 3. Plaintiffs provide no reason why the Court should find that the Magistrate Judge miscalculated the fees to which Defendants were entitled. *See* 28 U.S.C. § 636(b)(1)(A) (stating that a district court may set aside a magistrate judge's order if it "is clearly erroneous or contrary to law"); Filing 228 at 4–5 (rejecting Plaintiffs' prior objection for making irrelevant arguments to a magistrate judge's order). Instead, Plaintiffs appear to be arguing about whether their misconduct warranted attorney fees in the first place. That was not the subject of the Magistrate Judge's December 1, 2021 Order, which dealt solely with calculating Defendants' attorney fees. The Court has already determined that Plaintiffs' wholly inappropriate conduct during their depositions was sanctionable.[1] *See* Filing 216; Filing 228. Plaintiffs' objection is overruled.

The Court also notes that, in her Order, the Magistrate Judge required Plaintiffs to remit $10,781.50 in satisfaction of the sanctions award within thirty calendar days from the date of her Order. Filing 235 at 3. The Court reminds Plaintiffs that this order remains in effect and they must still remit $10,781.50 within thirty calendar days from the date of the Magistrate Judge's December 1, 2021 Order. Plaintiffs must do so regardless of if they plan to file a motion to reconsider this current order or engage in other future motion practice. Moreover, to the extent

---

[1] The Court dismissed Plaintiffs' case with prejudice on December 9, 2021. Filing 249. One of the bases for the Court's decision was because Plaintiffs repeatedly obstructed the discovery process. In their current objection, Plaintiffs filed affidavits, dated December 14, 2021, where they stated they would not answer any questions regarding their prior or present employment. Filing 251-3 at 1; Filing 251-4 at 1; Filing 251-5 at 1. Thus, it appears that Plaintiffs were prepared to continue litigating the issue of whether they had to answer employment-related questions and further obstruct discovery. These affidavits provide more evidence that dismissing Plaintiffs' case with prejudice was justified.

Plaintiffs have not paid the attorney fees awarded to Plaintiffs pursuant to the Magistrate Judge's January 14, 2021 Order, Filing 148; *see also* Filing 165 (joint stipulation on attorney fees); Filing 167 (approving joint stipulation), Plaintiffs must do so within fifteen calendar days of this order, i.e., the deadline for remitting the $10,781.50. Accordingly,

IT IS ORDERED:

1. Plaintiffs' Objection to the Magistrate Judge's Order, Filing 251, is overruled; and

2. Plaintiffs' must remit the attorney fees awarded pursuant to the Magistrate Judge's January 14, 2021 Order, Filing 148, within fifteen (15) calendar days of this order.

Dated this 16th day of December, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge