IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN, | | **8:19-CV-276** |
| Plaintiffs, | | |
| vs. | | **MEMORANDUM AND ORDER** |
| JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.; | | |
| Defendants. | | |

On December 9, 2021, the Court dismissed this case with prejudice as a sanction for Plaintiffs violating the Court's orders, obstructing discovery, and filing frivolous motions as a dilatory tactic. Filing 249. Before the Court is Plaintiffs' motion titled "Motion for New Trial/Alter Amend the Judgment and Motion to Reconsider." Filing 254. The motion requests that the Court reconsider its decision to dismiss this case and vacate the judgment entered against Plaintiffs. Filing 254 at 1. The Court declines.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration is not the appropriate place to "tender new legal theories for the first

time." *Id.* (quoting *Hagerman*, 839 F.2d at 414). Nor is it "a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). "Relief is available under [Rule 60(b)(6)] . . . only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 772 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). More specifically, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) (citing *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994)).

A party may move to vacate a judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 60(b). "[T]he court may relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996). The decision to grant or deny a Rule 60(b) motion is "committed to the sound discretion of the trial court." *Id.*

In their motion and brief in support, Plaintiffs myopically focus on three instances of misconduct that supported, among many other incidents, the Court's decision to dismiss their case with prejudice: plaintiff James Bachman's refusal to sign a Department of Labor ("DOL") release form, Plaintiffs' failure to file a notice of a change in their address, and plaintiff James Bachman calling a nonparty deponent to tell him not to attend his deposition. Filing 255 at 1–7. Plaintiffs argue that, with respect to these instances, they behaved reasonably and any error on their part was a good-faith mistake. Filing 255 at 1–7. Even if the Court were to reconsider its determination that these three acts constituted misconduct supporting dismissal, which it does not, Plaintiffs still fail to explain why their blatant disregard of Court orders, general obstruction of the discovery process, and frivolous motion practice did not warrant dismissal with prejudice of their case.

Turning to the misconduct Plaintiffs address, the Court is unconvinced that their excuses provide a basis to reconsider the Court's decision to dismiss their case with prejudice. First, as to James Bachman's refusal to sign the DOL release form, the Court concludes he was being unreasonably obstructive. During a telephonic conference with the Magistrate Judge on October 17, 2019, the parties discussed what discovery was necessary to determine whether the Court had subject-matter jurisdiction. Filing 58 (audio file). Defendants' counsel stated that he needed access to the DOL's investigative file on defendant Leaf Supreme, which required James Bachman, who also serves as counsel for Plaintiffs, to sign a release authorizing the DOL to give that information to Defendants' counsel. Filing 58 (audio file) at 8:58–9:25. The Magistrate Judge ordered James Bachman to sign a release. Filing 58 (audio file) at 13:04–13:37.

On October 29, 2019, Defendants filed a motion to compel James Bachman to sign the release form because he was refusing to sign it. Filing 62. With their motion, Defendants filed emails between the DOL and Defendants' counsel in which the DOL provided a release form for James Bachman to sign. Filing 63-1 at 3–4. Defendants also filed a series of emails between James Bachman and defense counsel. In these emails, defense counsel asked James Bachman to sign the release form provided by the DOL. Filing 63-1 at 6–7. James Bachman replied, saying that he would not sign it until after he met with a DOL investigator, Defendants had filed an answer in a state-court lawsuit between the parties, and "all of [Plaintiffs'] personal property has been removed and accounted for." Filing 63-1 at 8. A few days later, James Bachman provided a signed release form that was different than the DOL release form to Defendants' counsel. Filing 63-1 at 9. Defense counsel refused to use James Bachman's form because it was not the form sent by the DOL. Filing 63-1 at 12. In their objection to Defendants' Motion to Compel, Plaintiffs argued that they refused to sign the DOL release because it stated that the release was for James Bachman's

personal use when in fact it was because he had to provide the release pursuant to the Magistrate Judge's order. Filing 65 at 1. The parties were eventually able to resolve the dispute informally after the Magistrate Judge ordered them to. Filing 66; Filing 67.

Based on these facts, James Bachman's refusal to sign the DOL release was an example of him obstructing the discovery process. James Bachman had no right to refuse to sign the DOL release until after he spoke to a DOL investigator, Defendants filed an answer in an unrelated proceeding, and a separate property issue had been resolved. The Court is also unconvinced that the release provided by the DOL itself was somehow improper. Although this matter was not alone justification for dismissal, it is an example of Mr. Bachman violating a court order and wasting the time of the Court and other litigants in refusing to immediately comply with the Court's directive.

Second, the Court is not persuaded by James Bachman's excuses regarding the time he told a nonparty deponent, Bradley Dollis, to not attend a deposition. According to James Bachman, he was confused if the deposition was for a separate state-court proceeding between Plaintiffs and Defendants or for this case. Filing 255 at 3–4. It was his belief that if the deposition was for the state-court case, Dollis did not have to attend because it was improperly noticed. Filing 255 at 4– 5. Plaintiffs have also filed an affidavit from Dollis, in which he avers that he contacted James Bachman after being served with a notice to attend the deposition in this case, and that James Bachman told him he did not need to appear because he had filed a motion to prevent Dollis's deposition in state court. Filing 254-2 at 1–2. When Dollis did attend that deposition, he stated that James Bachman called him to tell him not to attend the deposition because his testimony was irrelevant. Filing 206-2 at 67–68.

The Court is unimpressed by James Bachman's excuses. Assuming their veracity, it was incumbent on James Bachman to ensure for which case Dollis was giving a deposition. Being

"confused" is not a defense. At the end of the day, James Bachman told a deponent not to attend a properly noticed deposition in this case. Thus, the Court still finds that James Bachman telling Dollis not to attend his deposition constituted obstructive conduct of the discovery process.[1]

Third, Plaintiffs argue that their failure to notify the Court that they changed their address was "a good faith mistake." The Court has addressed this issue several times. Filing 138 (audio File); Filing 148; Filing 210. Plaintiffs' failure to file a notice with the Court that their address changed delayed this case by months. *See* Filing 148 at 5. This failure was both obstructive conduct and a violation of the Court's local rules, which supports the Court dismissing Plaintiffs' case.

Finally, Plaintiffs argue that it was improper to dismiss plaintiffs Rachel Bachman's and Matthew Bachman's claims because they were uninvolved with Plaintiffs' inexcusable refusal to answer questions during their depositions. Filing 255 at 6–7. The Court disagrees. In its September 9, 2021 Order, the Court outlined James Bachman's obstreperous motion practice and directed him to give a copy of the order—which specifically stated sanctions would result if James Bachman continued his misconduct—to all the named plaintiffs so that they would "understand the potential consequences to themselves if Plaintiffs' counsel continues this dilatory conduct on their behalf." Filing 203 at 1–9. There is deposition testimony that at least one named plaintiff received the court's order, illustrating that Plaintiffs have received the order. Filing 211-3 at 4–5 (Plaintiff Eric Bachman acknowledging reviewing the order). Thus, the question of whether Rachel Bachman and Matthew Bachman were personally involved in the misconduct does not matter. *See Boogaerts*

---

[1] Plaintiffs also contend that James Bachman telling Dollis not to show up for his deposition cannot support dismissal of their case because Dollis still appeared at his deposition. In other words, Plaintiffs seem to believe that attempting to obstruct discovery is excusable so long as their attempts are ineffectual. The Court rejects this argument. While sanctions under Federal Rule of Civil Procedure 37(b)(2)(A) require a finding of prejudice, *Sentis Grp., Inc., Coral Grp., Inc. v. Shell Oil Co*, 559 F.3d 888, 899 (8th Cir. 2009) (outlining requirements for sanctions under Rule 37(b)(2)(A)), the Court sanctioned Plaintiffs under Federal Rule of Civil Procedure 41(b), which does not require a finding of prejudice. *See Smith v. Gold Dust Casino*, 526 F.3d 402, 404–05 (8th Cir. 2008) (outlining requirements for dismissal with prejudice as a sanction under Rule 41(b)).

*v. Bank of Bradley*, 961 F.2d 765, 768 (8th Cir. 1992) ("[I]t is of no consequence that the discovery abuse perpetrated was by counsel rather than the plaintiff-client."). "A litigant chooses counsel at his [or her] peril." *Id.* Here, the Court stated clearly that the Court would sanction Plaintiffs if James Bachman's conduct continued. The Court ordered that all of James Bachman's clients be made aware of the Court's order. All of the plaintiffs, including Rachel Bachman and Matthew Bachman, chose to let James Bachman continue representing them. Thus, dismissing Rachel Bachman's and Matthew Bachman's claims was warranted given the egregious conduct of James Bachman.

Finally, the Court notes that an additional incidence of misconduct has now been brought to the Court's attention. On December 16, 2021, the Court ordered Plaintiffs to remit the attorney fees they owed Defendants pursuant to two sanctions orders by December 31, 2021. Filing 253. James Bachman sent two checks to Defendants on December 30, 2021, which partially covered the sanctions award. Filing 256 at 4. On January 11, 2022, Defendants filed a supplement to their Brief in Opposition, in which they stated that the bank would not honor the checks James Bachman wrote to them. Filing 257 at 1. Attached to the supplement are the two checks written by James Bachman and the bank's response. It shows that the bank was unable to locate the account for the two checks. Filing 257 at 3.

At this time, James Bachman has not explained why the bank would not honor his checks. Obviously, if James Bachman wrote bad checks to Defendants to avoid paying a sanctions award ordered by the Court, this conduct has troubling implications. Neb. Rev. Stat. § 28-611 (criminal statute for issuing or passing a bad check). As it stands now, Plaintiffs are, yet again, in violation of another direct order of the Court. The Court refers to the Magistrate Judge the question of whether contempt proceedings or further monetary or other sanctions are appropriate pursuant to

Federal Rules of Civil Procedure 11 and 41, as well as the Court's inherent authority. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (outlining the inherent power of the courts).

Plaintiffs fail to provide an adequate reason for the Court to reconsider dismissing this case with prejudice as a sanction for Plaintiffs' significant misconduct. As outlined in its December 9, 2021 Order, Plaintiffs engaged in improper behavior throughout this case, culminating with them unreasonably refusing to answer a multitude of questions in their depositions and failing to file a simple notice with the Court that they planned on attending their re-noticed depositions in violation of a direct Court order. The Court therefore denies Plaintiffs' motion. Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion, Filing 254, is denied; and

2. The Court refers to the Magistrate Judge the question of whether contempt proceedings or further monetary or other sanctions are appropriate based on Plaintiffs' failure to remit the attorney fees previously ordered.

Dated this 20th day of January, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge