IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES E. BACHMAN, ADELLA A. BACHMAN, ERIC J. BACHMAN, RACHEL A. BACHMAN, MATTHEW R. BACHMAN, and C. ANDREW BACHMAN,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>JOHN Q. BACHMAN, and LEAF SUPREME PRODUCTS, LLC, A Nebraska Limited Liability Co.;<br><br>                    Defendants. | **8:19CV276**<br><br><br>**MEMORANDUM AND ORDER** |

This case is before the court on the motion for sanctions filed by Defendants John Q. Bachman and Leaf Supreme Products, LLC. (Filing No. 233). Defendants seek sanctions against Plaintiffs under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and/or the court's inherent power to impose sanctions. Also before the court is Plaintiff's response to the undersigned's order to show cause[1], and Judge Buescher's instruction to determine whether contempt proceedings or further monetary or other sanctions are appropriate based on Plaintiffs' failure to remit the attorney fees previously ordered. (See Filing No. 258 and 260).

For the reasons stated in this order, as well as the reasons contained in the record, Defendants' motion will be granted, and sanctions will be imposed as

---

[1] Filing No. 260 was filed using the "Objection" event type in CM/ECF and the docket text indicates it is an objection to the undersigned's Order to Show Cause (Filing No. 259) and Judge Buescher's Memorandum and Order on Plaintiffs' Motion for New Trial (Filing No. 258). Plaintiffs' brief and index of evidence argue against the initiation of contempt proceedings. The filings offer no new arguments in response to Filing No. 258, nor offer any reason to overturn it. Thus, Plaintiffs' filings will be treated as a response to the order to show cause, rather than as an objection to the court's prior orders.

outlined herein. (Filing No. 233). Contempt proceedings will not be initiated, but monetary sanctions will be awarded attributable to Plaintiffs' delay in payment of the previously ordered sanctions.

BACKGROUND

Judge Buescher has provided an exhaustive summary of the procedural history of this case in the Memorandum and Order which ultimately dismissed Plaintiffs' claims. (Filing No. 249 at CM/ECF pp. 3-7). Additional facts were set forth in the Memorandum and Order filed on December 16, 2021 (Filing No. 253), and the Memorandum and Order filed on January 20, 2021. (Filing No. 258). These orders are incorporated by reference.

Facts related to the pending motion for sanctions and the inquiry regarding potential contempt proceedings will be addressed in turn, below.

I.    Sanctions

On November 30, 2021, Defendants filed the instant motion for sanctions against Plaintiffs, seeking relief under 28 U.S.C. § 1927, Fed. R. Civ. P. 11, and/or the court's inherent power to impose sanctions. Defendants allege Plaintiffs and Plaintiffs' Counsel engaged in "dilatory and abusive actions in pursuing this action." (Filing No. 233). They further allege that "A large portion of the filings in this case are due to Plaintiffs' refusal to accept the rulings of the Court or insisting upon forcing the Court to rule on matters that were not ready for a decision as discovery was not completed." (Filing No. 234 at CM/ECF p. 2). Plaintiffs did not file a response to Defendants' motion for sanctions.

As previously stated, the motion for sanctions will be granted. The fees previously awarded and sanctions imposed in this case are relevant to the court's ability to fashion the appropriate sanctions under the circumstances.

A.  First Award of Sanctions

In January 2021, the undersigned granted a motion to compel filed by Defendants regarding Plaintiffs' responses to interrogatories and requests for production of documents. In addition, attorney fees were awarded as a sanction for Plaintiffs' failure to respond to discovery and for the delay and expense created by the necessity for Defendants' motion. The parties stipulated to fees in the amount of $2,436.00, and the stipulation was approved on March 19, 2021. (Filing No. 165, Filing No. 167).

B.  Second Award of Sanctions

On October 12, 2021, the undersigned granted Defendants' motion to compel and determined that Defendants were entitled to attorney fees for conduct which had occurred during Plaintiffs' depositions. (Filing No. 216). Plaintiffs objected and the objection was overruled. (Filing No. 228). Plaintiffs were given notice that failure to cooperate with the court's orders and discovery "may lead to dismissal with prejudice of their case." (Filing No. 228 at CM/ECF p. 5).

On November 11, 2021, Defendants filed a motion for award of attorney fees with an affidavit stating that Plaintiffs' counsel did not respond to the itemized billing statement emailed to counsel as instructed in Filing No. 216. (Filing No. 227-1 at CM/ECF pp 2, 6-7). Similarly, Plaintiffs did not respond to Defendants' motion for attorney fees and the deadline for doing so had passed. On December 1, 2021, the undersigned awarded Defendants' attorney fees but reduced the amount

requested, ordering Plaintiffs to pay $10,781.50 within 30 calendar days. (Filing No. 235). The amount was reduced because Plaintiffs were not ordered to pay attorney fees for the first round of Defendants' noticed depositions in September 2021. Instead, a second round of depositions was to be taken in December 2021 at Plaintiffs' expense.

On December 1, 2021, Plaintiffs filed a motion for reconsideration of the undersigned's award of sanctions in Filing No. 235, and the motion was denied. (Filing No. 238, Filing No. 242). On the same date, Plaintiffs also filed a motion for reconsideration of Filing No. 228, Judge Buescher's order denying Plaintiffs' objection to the undersigned's award of attorney fees. (See Filing No. 217, Filing No. 240). This motion was also denied. (Filing No. 249).

On December 15, 2021,  Plaintiffs filed an objection to Filing No. 235. (Filing No. 251) In his order, Judge Buescher found that Plaintiffs had not challenged the calculation of fees and had instead attempted to relitigate the propriety of the award in Filing No. 216, which had already been the subject of an objection (Filing No. 217), and motion for reconsideration (Filing No. 240). See Filing No. 253 at CM/ECF p. 3. Plaintiffs' objection to Filing No. 235 was overruled and Plaintiffs were ordered to remit the $10,781.50, as ordered, and to remit payment of the attorney's fees previously awarded (Filing No. 148) and stipulated to (Filing No. 165), to the extent that obligation had not been satisfied.

C. Dismissal as a Sanction

In ruling on Plaintiffs' Objection to Filing No. 216, Judge Buescher ordered Plaintiffs to file notice with the court within five calendar days of November 17, 2021, stating that they would attend the court-supervised depositions on December 6 and December 10, 2021. Plaintiffs failed to comply with this order and

the undersigned recommended on November 23, 2021, that this case be dismissed with prejudice. Plaintiffs were notified that failing to file an objection by November 29, 2021, would be held as a waiver of the right to appeal the court's adoption of the recommendation. (Filing No. 230). The recommendation was adopted by Judge Buescher over Plaintiffs' objection and a judgment was entered on December 9, 2021, dismissing Plaintiffs' claims as a sanction. (Filing No. 231, Filing No. 249, Filing No. 250). On December 23, 2021, Plaintiff filed a motion for new trial, asking Judge Buescher to reconsider the dismissal of the case. (Filing No. 254)

II.    Satisfaction of Previously-Ordered Sanctions, and Contempt

James Bachman sent two checks in the amounts of $5,390.75 and $2,436.00 to Defendants on December 30, 2021, which partially covered the sanctions awarded. (Filing No. 256 at CM/ECF p. 4).

On January 11, 2022, defense counsel notified the court that checks written and signed by Plaintiffs' counsel for payment of sanctions were not honored; the bank stated it was unable to locate the account from which the checks were to be drawn. (Filing No. 259 citing Filing No. 227). On January 20, 2022, Judge Buescher denied Plaintiffs' motion for new trial and referred to the undersigned "the question of whether contempt proceedings or further monetary or other sanctions were appropriate based on Plaintiffs' failure to remit the attorney fees previously ordered." (Filing No. 258). The undersigned entered an order to show cause on January 24, 2022, noting that Plaintiffs' counsel had not provided an explanation for tendering bad checks and there was no notice that the checks were replaced by a valid form of payment. (Filing No. 259). Plaintiffs were given until February 7, 2022, to show cause why they should not be held in contempt.

On February 7, 2022, Plaintiffs submitted a brief and index in response to the order to show cause. (Filing No. 260, Filing No. 261). Plaintiff's evidence indicates the checks submitted in December have the correct account and routing numbers and there were sufficient funds in the corresponding bank account. James Bachman asserts that on January 11, he received two successive emails from Defendants' counsel, one related to the state court matter and the other, a copy of Raymond Aranza's declaration regarding the checks not honored.[2] Bachman asserts he was "extremely busy on other matters" and did not read or respond to the declaration assuming, incorrectly, that the declaration related to the state court matter. He asserts that he did not know the checks were returned until he read Judge Buescher's January 20, 2021 memorandum and order. James Bachman then delivered substitute payment to Defendants' counsel. (Filing No. 261).

Defendants confirmed that a payment of $5,390.75 was made on January 18, 2022, and a replacement check in the amount of $7,826.75 (the combined value of the two checks not honored) was deposited in the Walentine O'Toole Trust Account on January 21, 2022, which satisfied the sums which had been awarded or approved by the court at that time. (See Filing No. 167 approving the parties' stipulation to $2,436.00; Filing No. 235 awarding $10,781.50).

On February 16, 2022, Plaintiffs appealed the Judgment (Filing No. 250), denial of Plaintiffs' Motion for New Trial (Filing No. 258), and "all pre-judgment and post judgment rulings to the Eighth Circuit Court of Appeals." (Filing No. 263).

---

[2] James Bachman's screenshot purportedly shows the emails from Defendants' counsel received at 3:44 p.m. and 3:46 p.m. on January 11, 2022. However, date and time stamps of the emails are not visible in the provided screenshot. (Filing No. 260-6)

ANALYSIS

1.  MOTION FOR SANCTIONS

I.      Jurisdiction

Although Plaintiffs have appealed every substantive order of this court for review by the Eighth Circuit, this court retains jurisdiction to address the pending motion for sanctions and Plaintiffs' response to the order to show cause. Federal district courts have inherent powers, even after a case is closed, to enforce their own orders and judgments. Estrada v. Cypress Semi-Conductor (Minnesota), Inc., No. CV 08-4779 (PAM/JJK), 2010 WL 11602752, at *1 (D. Minn. Oct. 5, 2010), citing Peacock v. Thomas, 516 U.S. 349, 356 (1996). Further, district courts retain jurisdiction to impose sanctions designed to enforce their own rules, even if they no longer have jurisdiction over the substance of a case. Therefore, "[a]lthough a notice of appeal has been filed, this Court has jurisdiction to determine whether sanctions and attorney's fees are appropriate." Anderson v. Ind. Sch. Dist. No. 97, No. Civ. 98–2217, 2003 WL 328043, *1 (D. Minn. Feb. 10, 2003). And, where the sanctions issues are not before the Court of Appeals, the district court retains jurisdiction to consider those issues. See id. (citing Harmon v. United States, 101 F.3d 574, 587 (8th Cir.1996) ); see also Gundacker v. Unisys Corp, 151 F.3d 842, 848 (8th Cir.1998) (holding that where the issue of sanctions was not before Court of Appeals when appeal was filed, the district court retained jurisdiction); Perkins v. General Motors Corp., 965 F.2d 597, 599 (8th Cir. 1992) (recognizing that sanctions are collateral to the merits of the case and may be considered even after the merits are no longer before the district court).

The sanctions previously ordered or approved by the undersigned in Filing Nos. 167 and 235 have been paid, and the undersigned will not address the propriety of those sanctions, as that issue is now before the Eighth Circuit. The

sanctions issue currently before the undersigned is whether Defendants are entitled to recovery for Plaintiffs' actions which unreasonably and vexatiously multiplied the proceedings or were done in bad faith, abused court processes, and whether filings were made for improper purposes, causing unnecessary delay, or increasing the costs of litigation. The court retains jurisdiction to address this issue.

## II.    Authority to Sanction

Defendants seeks sanctions under three theories of recovery: Fed R. Civ. P. 11, 28 U.S.C. § 1927, and the court's inherent power to fashion sanctions. Sanctions are meant to deter future sanctionable conduct, to reimburse the moving party for its reasonable expenditures related to the sanctionable conduct, and to control litigation and preserve the integrity of the judicial process. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 594 (8th Cir. 2001); see also Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994) (Rule 11 sanctions are primarily to deter litigant and attorney misconduct).

If sanctions are to be imposed, the court must identify the authority relied on in making this determination. Fuqua Homes, Inc. v. Beattie, 388 F.3d 618, 623 (8th Cir. 2004). Identifying the source of authority is critical, because while the statutes and rules may overlap to some extent when defining sanctionable conduct, they may also "sanction different kinds of actions, require the application of disparate standards of proof, permit the sanctioning of different persons, and differ in the procedures that the sanctioning court must follow." Fuqua Homes, 388 F.3d at 623. In addition, the reach and application of the court's inherent power to sanction differs from that afforded under federal statutes and court rules. Statutes and rules, "taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions. . .. [W]hereas each of the other mechanisms reaches only certain individuals or

conduct, the inherent power extends to a full range of litigation abuses." Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991).

### A. Rule 11 of the Federal Rules of Civil Procedure

Rule 11 of the Federal Rules of Civil Procedure requires all parties who file pleadings, motions and other papers in federal court to ensure "that to the best of the person's knowledge . . . formed after an inquiry reasonable under the circumstances," that the claims and arguments presented "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law," that the "allegations and other factual contentions have evidentiary support," and that the filing was not made "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. Proc. 11(b). Rule 11 sanctions may be imposed against not only an attorney, but a litigant who has signed an abusive pleading or motion. The primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct. Kirk Capital Corp. v. Bailey, 16 F.3d 1485, 1490 (8th Cir. 1994).

### B. 28 U.S.C. § 1927

Section 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." This statute warrants sanctions when an attorney's conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Lee v. L.B. Sales, Inc. 177 F.3d 714, 718 (8th Cir. 1999) (internal citations omitted). Section 1927 authorizes sanctions against the offending attorney, not the party.

See Kansas Public Employees Retirement System v. Reimer & Koger Associates, 165 F. 3d 627 (8th Cir. 1999). Unlike Rule 11, sanctions may be imposed under § 1927 irrespective of the merits of the court filings at issue. Section 1927 "does not distinguish between winners and losers, or between plaintiff and defendants. The statute is indifferent to the equities of the dispute and to the values advanced by the substantive law. It is concerned only with limiting abuse of court processes." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 762 (1980).

C. Court's Inherent Power

In addition to the sanctions authorized by 28 U.S.C. § 1927, a federal court has the inherent power to impose sanctions against both litigants and attorneys who have acted in bad faith, vexatiously, wantonly, or for oppressive reasons. United States v. Gonzalez-Lopez, 403 F.3d 558, 564 (8th Cir. 2005). This inherent power assists the court in regulating its docket, promoting judicial efficiency, and deterring frivolous filings, (Roadway, 447 U.S. at 764-67), and authorizes it to supervise, monitor and, when appropriate, discipline the conduct of attorneys admitted to practice before the court. Chambers, 501 U.S. at 43-46; In Re Attorney Discipline Matter, 98 F.3d 1082, 1087-88 (8th Cir. 1996). The court's inherent power affords district courts the autonomous authority to adopt and enforce local rules for imposing disciplinary sanctions on members of its bar. In re Fletcher, 424 F.3d 783, 792 (8th Cir. 2005); In Re Attorney Discipline Matter, 98 F.3d at 1087-88. The court's inherent power to award attorney fees is not dependent on which party wins the lawsuit, or the underlying merits of the parties' respective claims and defenses, but rather on how the parties conduct themselves during the litigation. Lamb Engineering & Const. Co. v. Nebraska Public Power Dist., 103 F.3d 1422, 1435 (8th Cir. 1997).

III.    Sanctionable Conduct

A. Rule 11

Despite the length of the docket, the court does not know and will not speculate as to whether Plaintiffs would have been successful on the merits of this case, so sanctions will not be ordered under Rule 11.

B. 28 U.S.C. § 1927

Section 28 U.S.C. § 1927 authorizes the imposition of sanctions against James Bachman as counsel of record for Plaintiffs. See Lee v. First Lender Ins. Services, Inc., 236 F.3d 443, 445 (8th Cir. 2001) (holding sanctions were warranted under 28 U.S.C. § 1927 where baseless claims were not abandoned by the plaintiff until after extensive discovery and motion practice had occurred).

From the outset, Plaintiffs have urged the court to rule as expeditiously as possible because they were seeking alleged unpaid wages dating back to 2016. (Filing No. 27). Nonetheless, by December 2020, the undersigned observed, on the record, that Plaintiffs' motion practice has "unreasonably and exponentially increased the expense of this litigation while simultaneously delaying its resolution."[3] (Filing No. 131 at CM/ECF p. 2). At that point, Plaintiff had filed several unsuccessful motions for relief, motions to reconsider prior rulings, and motions to consider rulings already reconsidered and affirmed. (Id.) The undersigned "notified and reminded" Plaintiffs' counsel of the potential for sanctions under 28 U.S.C. §

---

[3]   James Bachman as a plaintiff, and counsel for the other plaintiffs, filed six motions in the span of just over one month requesting various forms of preliminary injunctive relief and attempting to improperly litigate issues in the previously remanded case pending in state court. (Filing No. 10 at CM/ECF p. 5, See Filing Nos. 2, 7, 8, 9, 14, 16). Plaintiffs also filed two early motions for summary judgment, and a motion to dismiss which were all denied without prejudice to reassertion after discovery had occurred. (Filing Nos. 27, 82, 84).

1927 in December 2020.[4] (Filing No. 131 at CM/ECF p. 3, n. 1).  Nonetheless, the problems plaguing this case continued, unabated.

Plaintiffs continued to challenge each unfavorable ruling to the fullest extent, filing numerous motions for reconsideration, objections, and motions for reconsideration of the court's orders denying Plaintiffs' objections. This court supports zealous representation and acknowledges Plaintiffs have the right to object to the undersigned magistrate judge's rulings and to appeal those rulings and the rulings of the district judge. Notwithstanding those rights, the constant scrutiny and re-litigation of settled matters multiplied the pleadings, caused unnecessary delay, and certainly increased the cost of litigation.

What was said in December 2020 remains true: "Plaintiffs' federal motion practice has created a Gordian knot, necessitating a diagramed schematic of Plaintiffs' recurring and duplicative motion practice. . ." The undersigned observed that the problems and delays in this case could be solved if Plaintiffs answered discovery and complied with the court's orders. (Filing No. 131 at CM/ECF p. 3). Later in this case, the docket was described as a "clutter of redundancies." (Filing No. 167 at CM/ECF p. 10). The docket demonstrates that Plaintiffs continued to obstruct discovery processes, filed unnecessary or repetitive motions, and defied court orders. Counsel's actions went beyond advocating. This is the very type of conduct which justifies imposing sanctions under 28 U.S.C. § 1927 against James Bachman, Plaintiffs' counsel.

The undersigned recognizes that "the imposition of sanctions is a serious matter and should be approached with some circumspection." Lupo v. R. Rowland & Co., 857 F.2d 482, 485 (8th Cir. 1988)(citations omitted). The court should

---

[4]  Judge Buescher also provided notice of potential sanctions under 28 U.S.C. § 1927 in two separate orders (Filing No. 203 at CM/ECF pp. 8-9; Filing No. 228 at CM/ECF pp. 6-7).

restrict sanctions to those "related concretely to redressing the harm" of the attorney's misconduct, and to those "necessary to deter" the attorney in the future. Schwartz v. Kujawa, 270 F.3d 578, 584 (8th Cir. 2001); Willhite v. Collins, 459 F.3d 866, 869 (8th Cir. 2006). Any award should be "remedial" in nature; that is, it should compensate the opposing parties for the fees they incurred as a result of the attorney's misconduct. Lupo, 857 F.2d at 485–86.

Defendants' motion requested an award of sanctions and an order allowing them to submit documentation identifying entries that were necessary because of Plaintiffs' actions. Defendants will be allowed to submit attorney fee documentation for the filings discussed hereinbelow. In fairness, the court cannot and will not order sanctions for the first time an issue was litigated, but sanctions are appropriate for the successive attempts to litigate the same issue, or motions which were focused on criticizing the court's past rulings rather than progressing the case.[5]

The court's goal in awarding sanctions to Defendants is to put them in the position they would have been in but-for Plaintiffs' conduct, i.e. to balance the costs incurred and to require Defendants to invest only those costs which they should have expected for defending this type of dispute. The undersigned has attempted to identify and isolate the additional costs and fees incurred by reason of conduct

---

[5] The court notes there were multiple instances in which Plaintiffs raised or repeated an issue or objection, yet, because the court was monitoring this case closely, Defendants were not required to submit a response prior to the court's ruling, thus limiting Defendants' fees and costs. No sanctions will be awarded related to such filings. See, for example:

- Motion for Reconsideration Filing No. 56, denied at Filing No. 59.
- Motion for Reconsideration Filing No. 73, denied at Filing No. 75.
- Motion for Reconsideration Filing No. 125, denied at Filing No. 127.
- Motion for Reconsideration Filing No. 130, denied at Filing No. 131.
- Motion to Compel Filing No. 201, denied at Filing No. 204.
- Motion for Reconsideration Filing No. 208, denied at Filing No. 210.
- Objection Filing No. 217, denied at Filing No. 228.
- Motion for Reconsideration Filing No. 238, denied at Filing No. 242.
- Objection Filing No. 251, denied at Filing No. 253.

that violated § 1927. However, as the Eighth Circuit has noted, the task is inherently difficult, and precision is not required. See Lee v. First Lenders Ins. Services, Inc., 236 F.3d at 446, (8th Cir. 2001). Defendants' counsel will be asked to demonstrate and provide an accounting of the costs attributable to the following:

    i.    Filing No. 129

The court found that limited discovery was necessary before a determination could be made regarding this court's jurisdiction to decide the FLSA issues. After the parties conducted their limited discovery, Defendants moved for summary judgment on jurisdictional grounds and Plaintiffs filed motions to dismiss and for partial summary judgment claiming Defendants' affirmative defenses were improper.

In her Order on the parties' Motions for Summary Judgment and Plaintiffs' Motion to Dismiss, Judge Smith Camp found that the court had jurisdiction over the FLSA claims, denying Defendants' Motion for Summary Judgment. However, she noted that discovery was still necessary before Plaintiffs' Motion to Dismiss or Motion for Summary Judgment could be addressed, thus both motions were denied without prejudice to reassertion. Judge Smith Camp stated: "Because the Court anticipates that Plaintiffs will raise these issues in future motions, the Court will address why further discovery is necessary before Plaintiffs' Motions can be addressed." (Filing No. 101 at CM/ECF p. 12).

Despite the court's orders detailing why discovery was necessary (Filing Nos. 101 and 122), Plaintiffs argued that Defendants should be prevented from amending its pleadings to add additional affirmative defenses and/or counterclaims on the grounds that the proposed amendments would be futile. (See Filing No. 112). After the undersigned granted Defendants leave to amend,

Plaintiff again objected (Filing No. 122, 123), and filed an additional motion for reconsideration of Filing Nos. 44 and 101 (Filing No. 125). When that motion for reconsideration was denied, Plaintiffs filed yet another motion for reconsideration (Filing No. 130). Plaintiffs' objection at Filing No. 123 was overruled by Judge Buescher, who stated, again, that discovery was needed to determine whether Defendants' counterclaims have merit. (Filing No. 145 at CM/ECF p. 6).

Overall Plaintiffs filed numerous overlapping filings which boil down to the same core finding: more discovery was needed prior to any judge granting a dispositive motion or preventing additional affirmative defenses or counterclaims from being asserted in an amended pleading. This same conclusion was reached by the undersigned, as well as two separate district judges. Plaintiffs' refusal to accept these orders and begin discovery caused delay and additional expense. Defendants are entitled to compensation for the costs associated with preparation of Filing No. 129, Defendants' response to Filing No. 123.

ii.     Filing Nos. 174 and 189:

After the undersigned denied several of Plaintiffs' motions in Filing No. 167, Plaintiffs filed an objection (Filing No. 171). And when the objection was overruled (Filing No. 184), Plaintiffs filed a motion for reconsideration and a request to certify an interlocutory appeal (Filing No. 187). Judge Buescher found the motion to reconsider was meritless and frivolous, stating "Relitigating the merits of a past objection that the Court already overruled, without any showing that there has been a manifest error of law or fact, is a waste of judicial resources.[6] (Filing No. 203).

---

[6] Judge Buescher wrote that he was "astonished" by the number of baseless motions filed by Plaintiffs, "several of which violated this Court's rules or are unsupported by established law" and that if the behavior persisted, the court would impose sanctions pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 11. (Filing No. 203). The undersigned had previously warned of the potential for such sanctions at Filing No. 131 at CM/ECF p. 3).

Defendants are not entitled to attorney's fees for the preparation of responses to Plaintiffs' motions addressed in Filing No. 167, but they are entitled to reimbursement for Filing Nos. 174 and 189, in which Defendants were forced to brief the same issues ad nauseam.

    iii.    Filing No. 179

Plaintiffs filed a motion to compel in April 2021. Plaintiffs' brief in support of the motion contained a numbered list of previous (unrelated) rulings, stating in light of these rulings "the Plaintiffs are skeptical that this Court will apply the law impartially." (Filing No. 176 at CM/ECF p. 2).

While Plaintiff's motion to compel sought responses to legitimate discovery, Plaintiffs' list of grievances appeared to be a vehicle with which to express their displeasure with the direction of the case and to cast doubt on the validity of the undersigned's prior orders, an improper method of seeking any valid relief and an abuse of court processes. Plaintiffs' motion forced Defendants to again respond to settled issues, incurring expenses which would not have been necessary but for Plaintiff's formal motion practice.

In response to the motion, the undersigned advised that Plaintiffs are best served by looking forward and relitigation of settled issues does nothing to advance Plaintiffs' case. Additionally, as the court noted, the disputed motion to compel may have been avoided had the parties' attempted to meaningfully discuss the issues prior to Plaintiffs filing the motion.[7] (See Filing No. 180 at CM/ECF p. 12).

---

[7] While there is some evidence that Plaintiffs' counsel emailed opposing counsel prior to contacting the court by email on March 29, 2021, there is nothing in the record that indicates Plaintiffs' counsel took seriously the court's directive to attempt to confer with opposing counsel regarding the disputed discovery prior to filing the motion to compel on April 19, 2021. (Filing No. 180 at CM/ECF p. 4).

Defendants are entitled to payment from James Bachman for the expenses associated with the preparation of Filing No. 179.

     iv.     Filing No. 233 and Filing No. 234

The court will allow Defendants to submit documentation as to the fees incurred in the preparation of the instant motion for sanctions: Filing Nos. 233 and 234.

     v.     Filing No. 256, Filing No. 257 and Filing No. 262

The court excludes from this analysis any filings associated with the sanctions previously awarded under Fed. R. Civ. P. 37(a)(5)(A). While additional sanctions may be justified under 28 U.S.C. § 1927, Defendants have already been reimbursed for the expenses awarded in Filing No. 216 and Filing No. 235. However, as will be discussed in more detail below, the court will allow Defendants to submit documentation as to the fees incurred in attempt to collect the previously-awarded sanctions.

C. Inherent Authority

Even if sanctions were not awarded under 28 U.S.C. § 1927, sanctions would also be justified under the court's inherent power due to Plaintiffs' repeated and direct violations of court orders and the local rules.[8]

---

[8] See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991):

There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules.

"[T]he district court possesses inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.' " Vallejo v. Amgen, Inc., 903 F.3d 733, 749 (8th Cir. 2018) The court's powers include "the ability to supervise and 'discipline attorneys who appear before it' and discretion 'to fashion an appropriate sanction for conduct which abuses the judicial process,' including assessing attorney fees or dismissing the case." Id. Courts assess whether and when an attorney's conduct became not just "merely the disruption of court proceedings. . . [but] disobedience to the orders of the Judiciary. . .." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) Attorneys are entitled to advocate zealously for their clients, but they must do so in accordance with the law, the court rules, and the orders of the court. Vallejo, 903 F.3d 733, 750.

A review of the docket reveals several instances in which Plaintiffs failed to comply with court orders.[9] So as not to belabor the point, the court notes that in the final months of this case alone, Plaintiffs failed to adequately participate in depositions, necessitating court-supervision of the re-noticed depositions and sanctions of attorney's fees. Plaintiffs' counsel also advised a nonparty deponent not to attend a noticed deposition, allegedly confusing this case with the case pending in state court. (See Filing No. 249 at CM/ECF p. 6, n. 5). Plaintiffs failed to follow court orders requiring them to confirm their attendance at the December 2021 court-supervised depositions, which ultimately led to the recommendation that this case be dismissed. And after the case was dismissed, Plaintiffs failed to remit payment for the full amount of the ordered sanctions as directed by the court. This issue will be discussed in the contempt analysis, below.

A review of the docket also reveals several instances in which Plaintiffs' counsel failed to comply with the local rules. See Filing No. 55 at CM/ECF p. 4,

---

[9] A more complete listing of Plaintiffs' failure to obey court orders can be found in Filing No. 249 at CM/ECF pp. 12-15.

Filing No. 48 at CM/ECF p. 2, Filing No. 101, Filing No. 180 at CM/ECF p. 4, Filing No. 204. In September 2021, this court recognized that Plaintiffs' counsel had limited experience in this court, which may explain a party's failure to comply with the local rules. However, the undersigned observed "At some point, failure to review and comply with those rules is no longer due to inexperience, but rather defiance. Plaintiffs' counsel has reached that point." (Filing No. 204).

At each turn, James Bachman either argued with or ignored the court's orders and local rules. The court finds the actions and filings of James Bachman vexatiously multiplied and extended the proceedings beyond what is acceptable and his repetitive and defiant conduct was tantamount to bad faith. Roadway Exp., 447 U.S. at 767. Sanctions would be appropriate under the court's inherent power. See Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991) (holding that federal courts have inherent power to compel payment of an opposing party's attorney's fees as a sanction for misconduct).

## 2. CONTEMPT

The contempt authority of the federal magistrate judges is outlined in 28 U.S.C. § 636(e). If a magistrate judge believes an instance of contempt has occurred in a civil case referred to that magistrate judge for management of pretrial matters, the magistrate may

> forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

Judge Buescher's order on January 20, 2022, stated that James Bachman provided no explanation for why the bank would not honor his checks. The court had no information at the time regarding whether James Bachman wrote bad checks to Defendants to avoid paying a sanctions award, but it was certainly clear that Plaintiffs were in violation of a direct order of the court. (Filing No. 258). The undersigned was tasked with "the question of whether contempt proceedings or further monetary or other sanctions are appropriate pursuant to Federal Rules of Civil Procedure 11 and 41, as well as the Court's inherent authority." (Filing No. 258 at CM/ECF p. 7).

Plaintiffs' responses to the order to show cause indicate that James Bachman made some effort on December 30, 2021, to comply with Judge Buescher's order to remit payment for the previously ordered sanctions, at least in part. For some reason, which does not appear to be attributable to any action by Plaintiffs, the checks were not honored, despite the checks being printed with the correct account and routing numbers, and the account having sufficient funds for the checks written on December 30, 2021. No sanctions will be entered for the return of the checks written on December 30, 2021, and the court will not recommend or certify facts for the initiation of contempt proceedings regarding the reason for the returned checks.

However, even if the checks written on December 30, 2021, were honored, the amount tendered was equal to $7,826.75. Plaintiffs still owed $5,390.75, which was not paid until January 18, 2022, almost three weeks after the court's deadline. James Bachman claims that there is no willful violation justifying a contempt finding, conveniently glossing over the fact that while he made payments on

December 30, 2021, the checks written did not cover the entire amount outstanding. See Filing No. 260.

James Bachman claims that he did not know the checks were not honored until Judge Buescher's order on January 20, 2022 (Filing No. 258), yet he made a payment for $5,390.75 on January 18, 2022. (Filing No. 260-4 at CM/ECF p. 2). This means that James Bachman was aware that $5,390.75 was still owed, after the December 30, 2021 check amounts were deducted from the total award. Additionally, Defendants alerted the court and Plaintiff to the shortfall in the brief responding to Plaintiffs' Motion for New Trial, filed on January 4, 2022. (See Filing No. 256 at CM/ECF p. 4). Although James Bachman is given some credit for attempting to pay a portion of the sanctions ordered, he was still in violation of this court's clear and specific order to remit full payment within 30 days of the undersigned's December 1, 2021 order (Filing No. 235), and within 15 calendar days of December 16, 2021. (Filing No. 253 overruling Plaintiffs' objection to the undersigned's order and ordering payment of the attorney fees awarded in Filing No. 148).

In response to the order to show cause why contempt proceedings should not be initiated, James Bachman states that prior to the January 11, 2022, supplement, he was not alerted by Defendants' counsel that there was an issue with the checks. (Filing No. 260-7).[10] James Bachman acknowledges that he could have discovered the problem on January 11, 2022 by reading the email sent to him by Defendants' counsel, but he mistakenly believed that Raymond Aranza's email related to the state court proceeding, which Aranza had also emailed about

---

[10] Under ordinary circumstances, the court would expect parties to meet and confer about issues such as these, but given the posture of this case and Plaintiffs' motion for new trial which was pending at that time, Defendants' counsel was justified in filing a statement to document the issue and supplement the record rather than making additional attempts to collect from James Bachman.

minutes before.[11] James Bachman also seems to fault Defendants' counsel for not making the subject line of the email clear enough to alert him to a potential problem with the checks.

The court admonishes James Bachman that as Plaintiffs' counsel, he has a legal and ethical duty to thoroughly review electronic filings and correspondence with opposing counsel. Had he done so, he would have known on January 11, 2022, that there was a problem with the checks, when Raymond Aranza filed the supplement on this court's docket and emailed James Bachman the same. (See Filing No. 257). Further, while James Bachman took immediate action on January 20, 2022, to reissue the checks to fulfill the sanctions awards, he took no such action to inform the court that the payment had been made and the judgment had been satisfied. Had he done so, there may have been no reason for the court to issue a show cause order, and the parties' resulting responses to the show cause order could have been avoided. This is yet another example of how the litigation has been prolonged and complicated by James Bachman's failure to effectively communicate with opposing counsel and the court.

No further action will be taken by this court to initiate contempt proceedings before the district judge regarding the timely payment of the previously ordered sanctions.[12] However, the undersigned has inherent authority to award attorney fees for the time it took defense counsel to draft the response to Plaintiffs' motion for new trial, Filing No. 256, the supplement at Filing No. 257, and the response to Plaintiffs' objection to the order to show cause at Filing No. 262 because each filing

---

[11] As noted above, this is not the first instance in this case in which James Bachman explained his behavior by stating that he had confused this action with the pending action in state court.

[12] The undersigned has elected not to initiate contempt proceedings, although Plaintiffs' counsel clearly violated this court's order related to the payment of previously-ordered sanctions. If Plaintiffs again fail to comply with this court's directives particularly with regard to the timely payment of sanctions resulting from this order, the undersigned magistrate judge will not hesitate to again enter an order requiring Plaintiffs to show cause why contempt proceedings should not be initiated.

was directly related to Plaintiffs' failure to adequately communicate with opposing counsel, and for Plaintiff's failure to pay the ordered fees <u>in full</u>.

IT IS ORDERED:

1. Upon the court's thorough review of the record, briefing, previous orders, and submitted evidence, the motion for sanctions (<u>Filing No. 233</u>) is granted and the court imposes additional sanctions as follows:

   a. Defendants are entitled to reimbursement by James Bachman of Defendants' attorney's fees and expenses related to Filing Nos. 129, 174, 179, 189, 233, 234, 256, 257 and 262.

   b. On or before April 7, 2022, Defendants shall submit an itemized billing statement of its fees and expenses to Plaintiffs.

   c. James Bachman shall respond to this itemization within ten days thereafter.

   d. If the parties agree as to the amount to be awarded, on or before April 28, 2022, they shall file a joint stipulation for entry of an order awarding costs and fees to Defendants.

   e. If the parties do not agree on the attorney fees and costs to be awarded, or if James Bachman does not timely respond to the Defendants' itemization and demand, Defendants shall file a motion for assessment of attorney fees and costs by no later than May 12, 2022. This motion shall be submitted in accordance with the court's fee application guidelines outlined in Nebraska Civil Rules 54.3 and 54.4, but a supporting brief is not required.

   f. If a motion for fees is required, the court may award Defendants up to an additional $1,500.00 to recover the cost of preparing their motion for assessment of fees.

2.  Upon review, the undersigned will not initiate contempt proceedings.

3.  The Clerk shall terminate the show cause deadline.

Dated this 24th day of March, 2022.

BY THE COURT:

_s/ Cheryl R. Zwart_
United States Magistrate Judge